UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUNIL DUTT,

                      Plaintiff,

-against-

ABK PETROLEUM CORP., and
KAMALJIT SINGH,

                      Defendants.

Civil Action No. 18-14117

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, Sunil Dutt (the "Plaintiff"), for his complaint against defendant ABK Petroleum Corp. and Kamal Jit Singh (collectively, the "Defendants"), by and through his attorneys, Knox Law Group, P.C., states and alleges as follows:

### NATURE OF THE CLAIMS

1. This is a civil action for declaratory relief and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including, *inter alia*: (a) Defendant's violation of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.) (the "FLSA") by failing to pay premium overtime wages, and (b) Defendant's violation of the New Wage and Hour Law (N.J.S.A. § 34:11-56a) (the "NJWHL"), by failing to pay minimum wage and overtime wages.

### PARTIES

2. Plaintiff is an individual residing in the State of New Jersey, with an address of 1020 Woodlane Road, Apt. 155, Edgewater, New Jersey 08010.

3. Upon information and belief, defendant ABK Petroleum Corp. is a New Jersey corporation with its principal office located at 4355 US-130 Beverly, New Jersey 08010.

1

4. Upon information and belief, defendant Kamal Jit Singh is an individual residing in the state of New Jersey, county of Burlington.

## JURISDICTION AND VENUE

5. At all relevant times, Plaintiff was employed by the Defendants at the Defendants' gas station located at 4355 US-130 Beverly, New Jersey 08010.

6. At all relevant times, Plaintiff was an "eligible employee" and/or an "employee" under all relevant statutes.

7. At all relevant times, Defendants were a "covered employer" and/or an "employer" under all relevant statutes.

8. Defendants employ employees for activities involving the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise conducted by Defendants has an annual gross income of sales made or business done in an amount not less than $500,000.00. Therefore, Defendants' employees, including but not limited to Plaintiff, were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 29 U.S.C. § 203(s)(1)(A).

9. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FLSA, by 28 U.S.C. § 1331, as this action arises under the laws of the United States, and by 29 U.S.C.§ 1337, as this action arises under Acts of Congress regulating commerce. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

10. This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. § 1391(b)(1) and (2). The Defendants reside within this District and the unlawful conduct alleged herein occurred within this District.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

11. Defendant hired Plaintiff prior to September 2015 to labor as an attendant at its gas station.

12. During the relevant period, between September 2015 and present, Plaintiff was paid a flat rate of $2,300.00 per month.

13. Throughout the relevant period, Plaintiff regularly worked seven days per week, for a total of approximately 98 hours per week.  As a result, Plaintiff's hourly compensation was approximately $5.48 per hour, which is less than the state and federal minimum wages.

14. Plaintiff regularly worked more than 40 hours per week for Defendants without premium compensation for overtime, as required under New Jersey and Federal law.

15. Defendant's failure to pay statutory minimum wage and overtime compensation was willful.

## CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION
**Unpaid Overtime Wages**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**

16. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 15 as if set forth herein.

17. Defendant failed to pay premium overtime wages to Plaintiff in violation of the FLSA, 29 U.S.C. §207 and its implementing regulations.

18. Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages and interest thereon.

19. Defendant's violation of the FLSA were willful violations, within the meaning of 29 U.S.C. § 255(a).

20. As a result of the foregoing, Plaintiff seeks judgment against Defendant for all unpaid overtime wages, pursuant to 29 U.S.C. § 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorney's fees, as provided for under 29 U.S.C. § 216(b) for the applicable period of time commencing in 2015.

### AS AND FOR A SECOND CAUSE OF ACTION
### Unpaid Minimum Wages
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 20 as if set forth herein.

22. Defendant failed to pay minimum wages to Plaintiff in violation of the FLSA, 29 U.S.C. §206 and its implementing regulations.

23. Defendant's failure to comply with the FLSA caused Plaintiff to suffer loss of wages and interest thereon.

24. Defendant's violation of the FLSA were willful violations, within the meaning of 29 U.S.C. § 255(a).

25. As a result of the foregoing, Plaintiff seeks judgment against Defendant for all unpaid minimum wages, pursuant to 29 U.S.C. § 206, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorney's fees, as provided for under 29 U.S.C. § 216(b) for the applicable period of time commencing in 2015.

### AS AND FOR A THIRD CAUSE OF ACTION
### Unpaid Minimum Wages
### (Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)

26. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 25 as if set forth herein.

27. Defendant failed to pay minimum wages to Plaintiff in violation of New Jersey Wage and Hour Laws (N.J.S.A. 34:11-56a *et seq.*).

28. Defendants paid Plaintiff approximately $5.48 per hour, which is below the statutory minimum wage pursuant to New Jersey law.

29. As a result of the foregoing, Plaintiff seeks judgment against Defendants for all unpaid minimum wages to the extent that the New Jersey minimum wage exceeds the minimum wage pursuant to the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

(a) Declaring that the actions, conduct, practices and policies of Defendant complained of herein violate the laws of the United States of America and the State of New Jersey;

(b) Awarding damages for Plaintiff's claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

(c) Awarding damages for Plaintiff's claims of unpaid minimum wages pursuant to the New Jersey Wage and Hour Law;

(d) Awarding any and all other monetary losses suffered by Plaintiff in an amount to be determined at trial;

(e) Awarding all costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law;

(f) Awarding pre-judgment interest on all amounts due; and

(g) Awarding such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues.

Dated: September 20, 2018

                                          KNOX LAW GROUP, P.C.
                                        *Attorneys for Plaintiff*

By: _____
      Alexander Kadochnikov
      Of Counsel to Knox Law Group, P.C.
      One Penn Plaza, Suite 2430
      New York, NY 10119
      (212) 239-1114
      dknox@knoxlaw.nyc