UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated,<br><br>                Plaintiff,<br>   -against-<br><br>ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH,<br><br>                Defendants. | Civil Action No. 18-14117<br><br>**AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Sunil Dutt (the "Plaintiff"), for his complaint against defendants ABK Petroleum Corp., ABC CORP.s No.s 1-10, Sunny Singh a/k/a Sonny Singh, Prabhjit Singh, and Kamaljit Singh (collectively, the "Defendants"), by and through his attorneys, Knox Law Group, P.C., states and alleges as follows:

## NATURE OF THE CLAIMS

1. This is a civil action for declaratory relief and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including, *inter alia*: (a) Defendants' violation of the Fair Labor Standards Act (29 U.S.C. § 201 *et seq*.) (the "FLSA") by failing to pay premium overtime wages, and (b) Defendants' violation of the New Wage and Hour Law (N.J.S.A. § 34:11-56a) (the "NJWHL"), by failing to pay minimum wage and overtime wages.

## PARTIES

2. Plaintiff is an individual residing in the State of New Jersey, with an address of 1020 Woodlane Road, Apt. 155, Edgewater, New Jersey 08010.

1

3. Plaintiff consents in writing to be a party to this action pursuant to 29 U.S.C. § 216 (b); his written consent is attached hereto and incorporated by reference.

4. Upon information and belief, defendant ABK Petroleum Corp. is a New Jersey corporation with its principal office located at 4355 US-130 Beverly, New Jersey 08010.

5. Upon information and belief, defendant Kamaljit Singh is an officer of ABK Petroleum Corp. and ABC Corp.s No.s 1-10, and participated in the day-to-day operations, including, but not limited to establishing work schedules, the maintenance of employee records, and had the authority to hire and fire employees.

6. Upon information and belief, defendant Sunny Singh a/k/a Sonny Singh is an officer of ABK Petroleum Corp. and ABC Corp.s No.s 1-10, and participated in the day-to-day operations, including, but not limited to establishing work schedules, the maintenance of employee records, and had the authority to hire and fire employees.

7. Upon information and belief, defendant Prabhjit Singh, is an officer of ABK Petroleum Corp. and ABC Corp.s No.s 1-10, and participated in the day-to-day operations, including, but not limited to establishing work schedules, the maintenance of employee records, and had the authority to hire and fire employees.

8. Upon information and belief, the individual defendants own and operate a common enterprise of gas stations under other corporate names which are unknown to the plaintiff at this time.

## JURISDICTION AND VENUE

9. At all relevant times, Plaintiff was employed by the Defendants at the Defendants' gas station located at 4355 US-130 Beverly, New Jersey 08010.

10. At all relevant times, Plaintiff was an "eligible employee" and/or an "employee" under all relevant statutes.

11. At all relevant times, Defendants were a "covered employer" and/or an "employer" under all relevant statutes.

12. Defendants employ employees for activities involving the production of goods for interstate commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for interstate commerce. The enterprise conducted by Defendants has an annual gross income of sales made or business done in an amount not less than $500,000.00. Therefore, Defendants' employees, including but not limited to Plaintiff, were employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce within the meaning of section 29 U.S.C. § 203(s)(1)(A).

13. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b) of the FLSA, by 28 U.S.C. § 1331, as this action arises under the laws of the United States, and by 29 U.S.C.§ 1337, as this action arises under Acts of Congress regulating commerce. Jurisdiction over Plaintiff's claims for declaratory relief is conferred by 28 U.S.C. §§ 2201 and 2202.

14. This Court has supplemental jurisdiction over the state claims raised by virtue of 28 U.S.C. § 1391(b)(1) and (2). The Defendants reside within this District and the unlawful conduct alleged herein occurred within this District.

## COLLECTIVE ACTION ALLEGATIONS

15. Pursuant to 29 U.S.C. § 207, plaintiff Dutt seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by defendants in the United States at any time since September 20, 2015, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees of defendants within the meaning

of the FLSA, and who were not paid minimum wages and/or premium overtime pay for hours worked beyond forty hours in a week (the "Collective Action Members").

16. The Collective Action Members are similarly situated to Mr. Dutt in that they were employed by defendants as non-exempt employees of defendants and were denied minimum wages and/or premium overtime pay for hours worked beyond forty hours in a week.

17. They are further similarly situated in that the defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

18. The identities and exact number of such individuals is presently unknown, and such information is presently known only to defendants and can be ascertained through appropriate discovery.

19. Upon information and belief, the Collective Action Members are so numerous that joinder of all members is impracticable.

20. Upon information and belief, there are more than thirty (30) Collective Action Members who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims.

21. Plaintiff will fairly and adequately protect the interests of the Collective Action Members, has no interests that are contrary to or in conflict with those members, and has retained counsel with experience and competence in the claims set forth in this action.

22. Prosecution of separate actions by the individual Collective Action Members would risk creating either an inconsistent or varying adjudication with respect to individual members of this class that would, as a practical matter, be dispositive of the interests of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

23. A collective action is superior to other available methods for the fair and efficient adjudications of this controversy, since joinder of all members is impracticable. There will be no difficulty in the management of this action as a collective action.

24. Questions of law and fact common to Collective Action Members predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

    a. whether the Defendants employed Collective Action members within the meaning of the FLSA;

    b. whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

    c. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

25. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

26. Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

## **CLASS ACTION ALLEGATIONS**

27. Plaintiff brings his NJWHL claims pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

28. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identify of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, the names and addresses of the Class members are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

29. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than thirty (30) Class members.

30. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same policies, practices and procedures of Defendants, as alleged herein, of failure to pay minimum wages and/or premium overtime pay for hours worked beyond forty hours in a week. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

31. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced in representing Plaintiff in prosecution of the claims asserted herein.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individual Class members lack the financial resources to vigorously prosecute corporate defendants.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender.  The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them.  Further, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

33. Upon information and belief, defendants and other employers throughout the state violate the NJWHL.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions

provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a. whether Defendants employed Plaintiff and the Class within the meaning of the NJWHL;

   b. whether Defendants maintained a policy, pattern and/or practice of failing to pay minimum wages and/or premium overtime pay for hours worked beyond forty hours in a week;

   c. at what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

*FLSA and NJWHL Allegations*

35. New Jersey is one of only two U.S. states that bars motorists from pumping their own gas; therefore, gas stations here must employ full-service gas station attendants to operate gas pumps and provide other related customer services.

36. Defendant Prabhjit Singh hired Plaintiff over ten years ago to labor as a gas station attendant at Defendants' station located at 4355 US-130 Beverly, New Jersey 08010.

37. Plaintiff did not work for Defendants from on or about December 3, 2017 through December 16, 2017, due to an unrelated dispute between himself and Defendants. Plaintiff was not paid for this period, nor is he seeking damages therefor.

38. Until on or about June 18, 2017, Plaintiff worked from approximately 9:00 p.m. to 11:00 a.m., seven days per week, for a total of ninety-eight (98) hours per week.

39. On or about June 18, 2017, Plaintiff's schedule changed to approximately 10:00 p.m. to 11:00 a.m., for a total of nine-one (91) hours per week.

40. At all relevant times, Plaintiff's regular pay was a flat monthly rate of $2,300.00 per month.

41. Defendants failed to pay minimum wages to Plaintiff and to provide premium overtime pay for hours worked beyond forty in a week, as required pursuant to New Jersey and Federal law.

42. Throughout the Collective Action Period and the Class Period, and continuing until today, Defendants have likewise employed other individuals like Plaintiff in non-exempt positions.

43. Upon information and belief, these other individuals have not received minimum wages and/or premium overtime pay for hours worked beyond forty (40) hours in a week in violation of the FLSA.

44. Upon information and belief, these other individuals have not received minimum wages and/or premium overtime pay for hours worked beyond forty (40) hours in a week in violation of the NJWHL.

45. Upon information and belief, while Defendants employed Plaintiff, the Collective Action Members, and the Class members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees and failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or NJWHL.

*Retaliation Allegations*

46. Since commencing this action, Defendants have harassed Plaintiff both at his home and at work.

47. On numerous occasions since the filing of this action, one or more of the individual defendants visited Plaintiff at work and made repeated requests that he discontinue this action.

48. On numerous occasions since the filing of this action, Defendants have contacted Plaintiff's counsel directly to falsely state that Plaintiff decided to drop the case.

49. After the commencement of this action, Defendants approached Plaintiff at his home and pressured him to execute numerous blank payment forms.

50. Defendants have also made offers to directly compensate Plaintiff's counsel to discontinue this action.

51. After the commencement of this action, Defendants failed to compensate Plaintiff for any of the hours that we worked.

52. On or about November 17, 2018, Plaintiff was forced to quit his job in an attempt to escape the harassment he suffered at the hands of the Defendants and to seek a paying job.

## CLAIMS FOR RELIEF

### AS AND FOR A FIRST CAUSE OF ACTION
**Unpaid Overtime Wages**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**

53. Plaintiff, on behalf of himself and all Collective Action Members, repeats and re-alleges the allegations contained in paragraphs 1 through 52 as if set forth herein.

54. Defendant failed to pay premium overtime wages to Plaintiff and each of the Collective Action Members in violation of the FLSA, 29 U.S.C. §207 and its implementing regulations.

55. Defendant's failure to comply with the FLSA caused Plaintiff and each of the Collection Action Members to suffer loss of wages and interest thereon.

56. Defendant's violation of the FLSA were willful violations, within the meaning of 29 U.S.C. § 255(a).

57. As a result of the foregoing, Plaintiff, on behalf of himself and all the Collective Action Members, seeks judgment against Defendant for all unpaid overtime wages, pursuant to 29 U.S.C. § 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorney's fees, as provided for under 29 U.S.C. § 216(b) for the applicable period of time commencing in 2015.

## AS AND FOR A SECOND CAUSE OF ACTION
**Unpaid Minimum Wages**
**(Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*)**

58. Plaintiff, on behalf of himself and all Collective Action Members, repeats and re-alleges the allegations contained in paragraphs 1 through 57 as if set forth herein.

59. Defendant failed to pay minimum wages to Plaintiff and each of the Collective Action Members in violation of the FLSA, 29 U.S.C. §206 and its implementing regulations.

60. Defendant's failure to comply with the FLSA caused Plaintiff and each of the Collective Action Members to suffer loss of wages and interest thereon.

61. Defendant's violation of the FLSA were willful violations, within the meaning of 29 U.S.C. § 255(a).

62. As a result of the foregoing, Plaintiff, on behalf of himself and all Collective Action Members, seeks judgment against Defendant for all unpaid minimum wages, pursuant to 29 U.S.C. § 206, together with an award of an additional equal amount as liquidated damages, and

costs, interest, and reasonable attorney's fees, as provided for under 29 U.S.C. § 216(b) for the applicable period of time commencing in 2015.

### AS AND FOR A THIRD CAUSE OF ACTION
**Unpaid Overtime Wages**
**(Violation of the New Jersey Wage and Hour Law § 34:11-56 et seq. and New Jersey Administrative Code 12:56-3.1 *et seq.*)**

63. Plaintiff, on behalf of himself and the Class, repeats and re-alleges the allegations contained in paragraphs 1 through 62 as if set forth herein.

64. Defendant failed to pay premium overtime pay to Plaintiff and each of the Class members for hours worked beyond forty (40) in a week in violation of New Jersey Wage and Hour Laws (N.J.S.A. 34:11-56a *et seq.*).

65. As a result of the foregoing, Plaintiff, on behalf of himself and the Class, seeks judgment against Defendants for all unpaid overtime wages pursuant to the NJWHL.

### AS AND FOR A FOURTH CAUSE OF ACTION
**Unpaid Minimum Wages**
**(Violation of the New Jersey Wage and Hour Law New Jersey Wage and Hour Law § 34:11-56 *et seq.* and New Jersey Administrative Code 12:56-3.1 *et seq.*)**

66. Plaintiff, on behalf of himself and the Class, repeats and re-alleges the allegations contained in paragraphs 1 through 64 as if set forth herein.

67. Defendants failed to pay minimum wages to Plaintiff and each of the Class members in violation of New Jersey Wage and Hours Laws (N.J.S.A. 34:11-56a *et seq.*).

68. Defendants' failure to comply with the NJWHL caused the Class members to suffer loss of wages and interest thereon.

69. As a result of the foregoing, Plaintiff, on behalf of himself and the Class, seeks judgment against Defendant for all unpaid minimum wages pursuant to the NJWHL.

## AS AND FOR A FIFTH CAUSE OF ACTION
**Retaliation**
**(Violation of New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, *et seq.*)**

70. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 68 as if set forth herein.

71. The New Jersey Conscientious Employee Protection Act ("CEPA") prohibits an employer from taking any retaliatory action against an employee because the employee files a lawsuit based on the employer's violation of a law, or a rule or regulation promulgated pursuant to law.

72. As a direct result of Plaintiff's filing of his claims, Defendants ceased paying Plaintiff for hours worked and harassed him at work and at home, all in order to pressure him to drop his lawsuit.

73. Defendants' egregious conduct toward Plaintiff was egregious and constituted a constructive discharge.

74. Alternatively, Defendants' egregious conduct was so intolerable that a reasonable person would be forced to resign rather than continue to endure it.

75. As a result of Defendants' retaliation in violation of CEPA, Plaintiff is entitled to compensatory damages in the form of lost wages, benefits and other remuneration, reasonable costs, attorneys' fees and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

(a) designating this action as a collective action on behalf of the Collective Action Members and authorizing Plaintiff at the earliest possible time to issue notice pursuant to 29 U.S.C. § 216 (b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency

of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing plaintiff and his counsel to represent the Collective Action Members;

 (b) certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

 (c) designating Plaintiff as representative of the Rule 23 Class, and counsel of record as Class counsel;

 (d) declaring that the actions, conduct, practices and policies of Defendant complained of herein violate the laws of the United States of America and the State of New Jersey;

 (e) awarding damages for Plaintiff's, and the Collective Action Members', claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages;

 (f) awarding damages for Plaintiff's and the Class' claims of unpaid minimum and overtime wages pursuant to the New Jersey Wage and Hour Law;

 (g) awarding compensatory and punitive damages to Plaintiff for Defendants' violation of CEPA;

 (h) Awarding any and all other monetary losses suffered by Plaintiff in an amount to be determined at trial;

 (i) Awarding all costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law;

 (j) Awarding pre-judgment interest on all amounts due; and

 (k) Awarding such other and further relief as this Court may deem just and proper.

## **JURY TRIAL DEMAND**

The Plaintiff demands a trial by jury on all issues.

Dated: November 19, 2018

                                                KNOX LAW GROUP, P.C.
                                                *Attorneys for Plaintiff*

By:        /s/
            Alexander Kadochnikov
            *Of Counsel*
            One Penn Plaza, Suite 2430
            New York, NY 10119
            (212) 239-1114
            alexander@gklawfirm.net