```
               IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
```

| | |
|---|---|
| SUNIL DUTT,<br><br>                    Plaintiff,<br><br>     v.<br><br>ABK PETROLEUM CORP., et al.,<br><br>                    Defendants. | Civil No. 18-14117-RMB-KMW |

**<u>AMENDED SCHEDULING ORDER AND DISCOVERY ORDER</u>**

This Scheduling Order confirms the directives given to counsel during the telephone status conference held on **September 10, 2019**; and the Court noting the following appearances: **Alexander Kadochnikov, Esquire, and Daniel Knox, Esquire**, appearing on behalf of the **plaintiff**; and **Richard Flynn, Esquire**, appearing on behalf of the **defendants**; and for good cause shown:

IT IS this **10th** day of **September, 2019**, hereby **ORDERED**:

1. Counsel is hereby reminded of the requirement to proceed pursuant to L. Civ. R. 37.1 prior to filing a formal discovery motion. To this end, counsel shall meet and confer on all issues raised by virtue of Plaintiff's filing at Docket No. 25. The Court further directs counsel as follows:

   a. Counsel shall execute and submit for filing a Discovery Confidentiality Order ("DCO"). Counsel is encouraged to review Appendix S of the Local Civil Rules should any dispute arise related to the terms of the DCO.

   b. Defendants shall produce documents that enable Plaintiffs to verify the identity of the corporate defendant(s).

   c. Defendants shall produce relevant financial information to include corporate tax filing information after a DCO is properly executed and entered by the Court. (Should Defendants

continue to contest the production of said information in discovery in this case, Defendants are hereby granted leave to file a motion for a protective order).

2. The time within which to seek amendments to the pleadings or to add new parties will expire on **October 25, 2019**.

3. Pretrial factual discovery will expire on **December 6, 2019**. All pretrial discovery shall be concluded by that date. All discovery motions and applications pursuant to L. Civ. R. 37.1(a)(1) shall be made returnable before the expiration of pretrial factual discovery.

4. **Discovery Applications**. All discovery applications pursuant to L. Civ. R. 37.1(a)(1) shall include an Affidavit or Certification that includes the information identified in L. Civ. R. 37.1(b)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person or via telephone before making a discovery application, rather than just exchanging letters or e-mails.

5. **Depositions**. All depositions are to be conducted in accordance with the procedures set forth in the order of Judge Gawthrop, in Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Pa. 1993).

6. Plaintiff shall file his motion for preliminary class certification on or before **January 10, 2020**. All remaining deadlines shall be determined based upon the outcome of the motion for preliminary class certification.

7. The Court will conduct a telephone status conference on **November 25, 2019 at 10:00 a.m.** Counsel for plaintiff shall initiate the telephone call.

8. Any application for an extension of time beyond the deadlines set herein shall be made in writing to the undersigned and served upon all counsel prior to expiration of the period sought to be extended, and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel agree with the application. The schedule set herein will not be extended unless good cause is shown.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

s/ Karen M. Williams  
KAREN M. WILLIAMS  
United States Magistrate Judge

cc:   Hon. Renee Marie Bumb