**FLYNN & ASSOCIATES, LLC**
**RICHARD M. FLYNN, ESQUIRE (ATTORNEY ID 3431978)**
**ALEX FLYNN, ESQUIRE (ATTORNEY ID 196302016)**
439 Monmouth Street
Gloucester City, NJ 08030
Phone: 856-456-3535
rflynnlawllc@gmail.com
Attorneys for Defendants

<div style="text-align:center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| SUNIL DUTT, ON BEHALF OF HIMSELF AND ALL OTHER PERSONS SIMILARLY SITUATED <br><br> PLAINTIFF <br><br> v. <br><br> ABK PETROLEUM CORP., ABC CORP.S NO.S 1-10 (SAID NAMES BEING UNKNOWN AND FICTITIOUS), SUNNY SINGH A/K/A SONNY SINGH, PRABHJIT SINGH, AND KAMALJIT SINGH <br><br> DEFENDANTS | CIVIL ACTION <br> DOCKET NO: 18-14117-RMB <br><br><br><br> DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION (ECF #45) AND IN SUPPORT OF DEFENDANT'S CROSS MOTION FOR SANCTIONS |

*(Left margin, vertical text):* FLYNN & ASSOCIATES, LLC / 439 Monmouth Street, Gloucester City, NJ 08030

Defendants hereby submit the following memorandum of law in Opposition of Plaintiff's

Motion (ECF #45) and in support of their own Cross Motion for Sanctions.

**TABLE OF CONTENTS**

TABLE OF CONTENTS...................................................................................... 2

TABLE OF AUTHORITIES............................................................................... 3

I.   Preliminary Statement............................................................................ 5

II.   Statement of Facts ................................................................................ 5

III.   Legal Standard ................................................................................... 6

   a.  Fed. R. Civ. P. 11 and Fed. R. Civ. P. 37's Requirements ...................... 6

   b.  The Scope of 28 U.S.C. § 1927 ........................................................... 7

IV.   Plaintiff's Motion for Sanctions Violates Both Rule 11 and 28 USC § 1927 ..... 11

   a.  The Request for Court Approval of the Settlement Agreement................... 11

   b.  Plaintiff's Counsel's False Accusations About Defendants and Their Counsel ..... 12

      i.  The Alleged Bribe................................................................................ 12

      ii.  The Alleged Cooperation of Defendants' Counsel in Frustrating Plaintiff's Efforts 14

      iii.  Plaintiff's Counsel's Claims About Defendants' Counsel's Alleged Failure to Sign Defendants' R26 Disclosures.................................................................. 14

      iv.  Plaintiff's Objections to Defendants' Discovery Responses............................ 18

      v.  Plaintiff's Allegation of Defendants' Counsel's Failure to Communicate................... 21

      vi.  Plaintiff's Allegation that the Bankruptcy Was Frivolous Is Frivolous ...................... 23

      vii.  Plaintiff and his counsel are not entitled to any sanctions from Defendants or their counsel. ..................................................................................... 26

V.   IN LIGHT OF THE FOREGOING, DEFENDANTS ARE ENTITLED TO A FEE AWARD ....... 31

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

# TABLE OF AUTHORITIES

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

## CASES

Alphonso v. Pitney Bowes, Inc., 356 F. Supp. 2d 442 (D.N.J. 2005)......................................................9

Cisek v. Natl Surface Cleaning, Inc., 954 F. Supp. 110 (S.D.N.Y. 1997)..........................................12

HM Electronics, Inc. v. R.F. Technologies, Inc., 171 F. Supp. 3d 1020 (S.D. Cal. 2016) ..............6

HM Electronics, Inc., 171 F. Supp. 3d at 1030................................................................................6

Lasalle Nat. Bank v. First Connecticut Holding, 287 F.3d 279, 288-89 (3d Cir. 2002) ..........7, 8

Martinez v. Bohls Bearing Equipment Co., 361 F. Supp. 2d 608 (W.D. Tex. 2005) ...................12

Powell v. McCormack, 395 U.S. 486 (1969)........................................................................................6

## STATUTES

28 USC § 1927 ..........................................................................................................................passim

## RULES

Fed. R. Civ. P. 11................................................................................................................... 6, 30

Fed. R. Civ. P. 11(b) ....................................................................................................................6

Fed. R. Civ. P. 11(c) ....................................................................................................................6

Fed. R. Civ. P. 11(c)(2)................................................................................................................6

Fed. R. Civ. P. 11(c)(2), (5) ........................................................................................................6

Fed. R. Civ. P. 11(d) ....................................................................................................................7

Fed. R. Civ. P. 26.................................................................................................................. 14, 16

Fed. R. Civ. P. 37...................................................................................................................... 5, 7

Local Civil Rules of the United States District Court for the District of New Jersey 11.1 and
   101.1(c)(5)............................................................................................................................30

**OTHER CITED MATERIALS**

Defendant Kamaljit Singh's Certification ................................................................ 11

ECF 45-1 .......................................................................................................... 13

ECF 45-13 ........................................................................................................ 26

Flynn Cert, Exhibit Z ............................................................................. 19, 27, 28

Knox Br ............................................................................................................ 25

Knox Cert. ¶ 4 .................................................................................................. 11

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

## I.  Preliminary Statement

After the conclusion of this matter via a mutual settlement among the parties, Plaintiff's counsel filed a Motion for Sanctions, seeking to be awarded legal fees as a sanction against Defendants and their counsel. Plaintiff's counsel cites 28 USC § 1927 as the basis for this authority. As a threshold issue, Plaintiff's counsel asserts that Plaintiff's Motion is filed pursuant to Fed. R. Civ. P. 37, but that Rule renders the Plaintiff's Motion as moot.

Furthermore, neither Defendants nor their counsel engaged in any conduct which violates 28 USC § 1927. The relief Plaintiff's counsel asserts he is entitled to in that Motion is plainly impermissible and inappropriate. Therefore, Defendants and their counsel oppose the Plaintiff's Motion for Sanctions and have served this Opposition and Cross Motion to terminate this frivolous venture.

## II.  Statement of Facts

The Plaintiff's substantive claims in the underlying litigation arose out of his employment by Defendant ABK Petroleum Corp. Plaintiff's counsel and Defendants' counsel reached a mutual settlement of this matter on behalf of their clients in March 2020. Thereafter, the Settlement Agreement was circulated, executed and performed upon. However, without notice or an attempt to confer, Plaintiff's counsel unilaterally filed a Motion for Sanctions aimed directly at Defendants and specifically their counsel for claims which are frivolous.

So as to not unnecessarily duplicate the efforts of the Court in considering this Motion, Defendants' counsel respectfully incorporates the facts recited in the Certifications of Defendants' Counsel, Alex Flynn, Esq. and Defendant, Kamaljit Singh, Individually and

O/B/O Defendant ABK Petroleum Corp., attached hereto. As evidenced therein and by the arguments below, Plaintiff is not entitled to recovery on his Motion for Sanctions, but Defendants are entitled to a recovery because Plaintiff's *Omnibus* Motion plainly violates Fed. R. Civ. P. 11 and 28 U.S.C. § 1927.

### III. Legal Standard

#### a. Fed. R. Civ. P. 11 and Fed. R. Civ. P. 37's Requirements

By filing a motion or any other paper with the Court, an attorney certifies it is not being presented for an improper purpose, the claims therein are warranted by law and the factual allegations or denials therein have specific support in evidence. Fed. R. Civ. P. 11(b).

When it is asserted a filer has violated Rule 11, the opposing party has the right to seek sanctions under Fed. R. Civ. P. 11(c), so long as appropriate notice has been given to the filer. Upon service of the appropriate notice under Rule 11, the party seeking to have the offending paper struck must request the Court adjourn any hearing to afford the filer their safe harbor of twenty one days to withdraw same. Fed. R. Civ. P. 11(c)(2).

Significantly, "a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)" Fed. R. Civ. P. 11(c)(2). If the offending paper is not withdrawn and the Court proceeds to determine the Rule 11 motion in favor of the party who brought it to the Court, the Court has the authority to enter an Order awarding reasonable expenses and attorneys' fees incurred in connection with the Rule 11 Motion. Fed. R. Civ. P. 11(c)(2), (5).

<div style="text-align:left; writing-mode: vertical">FLYNN & ASSOCIATES, LLC<br>439 Monmouth Street, Gloucester City, NJ 08030</div>

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

Most notably is the fact that Rule 11 does not apply to disclosures and discovery requests, responses, objections and Motions under Rules 26 through 37 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11(d). Those are covered by Fed. R. Civ. P. 37, which provides for discovery motions, including sanctions, when a violation is alleged. However in such motions, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37.

**Moreover, settlement of a case renders an application for compensatory discovery sanctions moot.** HM Electronics, Inc. v. R.F. Technologies, Inc., 171 F. Supp. 3d 1020 (S.D. Cal. 2016) (citing the holding in Powell v. McCormack, 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969) that "[a] case or controversy becomes moot, and thus no longer suitable for adjudication, when the issues presented are no longer live or when the parties lack a legally cognizable interest in the outcome."). **There the Southern District of California held that almost the exact same language in a Settlement Agreement as here resulted in that plaintiff's bargaining away any right he had to seek discovery sanctions,** rendering the claim for sanctions moot and that Court's prior compensatory sanctions Order had to be vacated. HM Electronics, Inc., 171 F. Supp. 3d at 1030.

### b. The Scope of 28 U.S.C. § 1927

Under 28 U.S.C. § 1927, an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Id. The Court's authority under § 1927 runs parallel to and separate from Fed. R. Civ. P. 11.

The Third Circuit has a well-established position on § 1927 applications where a party [2] seeks to recover legal fees directly against the opposing party or their counsel. Unfortunately, this practice has become more prevalent and the civility of the legal profession is continually undermined by these acrimonious filings. Frankly, undersigned counsel despises the notion since it inherently undermines the public's view of the legal profession. However, there are some cases in which the envelope has just been pushed too far and it is unfortunately necessary for the Court to intervene. In the overwhelming majority of cases, applications for sanctions are denied given the high burden of proof required to establish a claim under this statute.

In Lasalle National Bank v. First Connecticut Holding, the Third Circuit held as follows:

> "The statute thus limits attorney sanctions imposed thereunder to those situations where an attorney has: **(1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct.** *See In re Prudential Ins.,* 278 F.3d at 188. The sanctions that may be imposed under § 1927 are also **limited to excess costs and expenses that are incurred "because of such conduct."** 28 U.S.C. § 1927.
>
> The **sanctions are intended to deter an attorney from *intentionally* and unnecessarily delaying judicial proceedings, and they are limited to the costs that result from such delay**. *See Zuk,* 103 F.3d at 297. Although § 1927 provides a court with a mechanism for sanctioning vexatious and willful conduct, "courts should exercise [this sanctioning power] only in instances of a serious and studied disregard for the orderly process of justice." *Ford v. Temple Hosp.,* 790 F.2d 342, 347 (3d Cir. 1986), *quoting Overnite Transp. Co. v. Chicago Industr. Tire Co.,* 697 F.2d 789, 795 (7th Cir. 1983).

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

---

[2] Or, more usually, their counsel.

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

The power to sanction under § 1927 necessarily "carries with it the potential for abuse, and therefore the statute should be construed narrowly and with great caution so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Mone v. Commn'r of Intern. Revenue,* 774 F.2d 570, 574 (2d Cir. 1985); *see also Ford,* 790 F.2d at 349 ("The uncritical imposition of attorneys' fees can have an undesirable chilling effect on an attorney's legitimate ethical obligation to represent his client zealously."); *Baker Industr. Inc. v. Cerberus, Ltd.,* 764 F.2d 204, 208 (3d Cir. 1985) ("Th[e] bad faith requirement is . . . necessary to avoid chilling an attorney's legitimate ethical obligation to represent his client zealously[.]").

Consequently, **sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal.** *See Zuk,* 103 F.3d at 297; *Ford,* 790 F.2d at 347; *Baker Industr.,* 764 F.2d at 208. In *Baker Industr.,* we approvingly noted the bad faith standard adopted in *Colucci v. New York Times Co.,* 533 F.Supp. 1011 (S.D.N.Y. 1982). The *Colucci* court stated that under § 1927, **an attorney's "conduct must be of an egregious nature, stamped by bad faith that is violative of recognized standards in the conduct of litigation."** *Baker Industr.,* 764 F.2d at 208, *quoting Colucci,* 533 F.Supp. at 1014. **Thus, we have stated that the bad faith requirement is necessary for a finding of liability, otherwise "an attorney who might be guilty of no more than a mistake in professional judgment in pursuing a client's goals might be made liable for excess attorneys' fees. . . ."** *Baker Industr.,* 764 F.2d at 209.

Lasalle Nat. Bank v. First Connecticut Holding, 287 F.3d 279, 288-89 (3d Cir. 2002) (emphasis added).

Furthermore, the District of New Jersey has its own well established holdings on the stringent burden of proof for a § 1927 Motion.

Sanctions under Section 1927 do not depend upon a finding that the lawsuit itself was filed in bad faith. **Instead, sanctions attach under Section 1927 when an attorney continues the suit, or some aspect of it, after the attorney learns that it lacks merit.** See Murphy Housing Authority Urban Redevelopment Agency, 158 F. Supp. 2d 438, 450 (D.N.J. 2001)

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

(continued pursuit of claim where there was a "dearth of any evidence . . . supporting [p]laintiff's claims" warrant sanctions under Section 1927);Matthews v. Freedman, 128 F.R.D. 194, 207 (E.D. Pa. 1989) (continuing after learning the claims were barred by the statute of limitations), aff'd without op., 919 F.2d 135 (3d Cir. 1990); Fred A. Smith Lumber Co. v. Edidin, 845 F.2d 750 (7th Cir. 1988); Ford, 790 F.2d at 350.

The determination as to whether there has been "bad faith" is made by the court. Boykin v. Bloomsburg Univ., 905 F. Supp. 1335, 1347 (M.D. Pa. 1995). **Even if the court finds such bad faith, the court retains discretion as to the imposition of attorneys' fees as a sanction**. Ford v. Temple Hospital, 790 F.2d 342, 347 (3d Cir. 1986), cited in Jones v. Pittsburgh National Corp., 899 F.2d 1350, 1358 (3d Cir. 1990). **"[O]nce a finding of bad faith has been made, the appropriateness of sanctions is a matter entrusted to the discretion of the district court."** Quiroga v. Hasbro, Inc., 934 F.2d 497, 505 (3d Cir. 1991) (citing Hackman v. Valley Fair, 932 F.2d 239, 242 (3d Cir.), cert. denied, 502 U.S. 940 (1991)). A number of courts have cautioned, however, that the power to impose sanctions "should be exercised with restraint, lest the prospect chill the ardor of proper and forceful advocacy on behalf of [the] client."Williams v. Giant Eagle Markets, 883 F.2d 1184, 1194 (3d Cir. 1989) (quoting Colucci v. New York Times Co., 533 F. Supp. 1011, 1014 (S.D.N.Y. 1982)).

Alphonso v. Pitney Bowes, Inc., 356 F. Supp. 2d 442, 452 (D.N.J. 2005) (emphasis added).

Therefore, any potential award of sanctions under § 1927 can come only after an exhaustive review of the facts, with fairness afforded to the non-movant counsel and the caveat that in the rare instance the Court does find abhorrent conduct worthy of sanctions which it will actually sanction (an important two step analysis in its own right), then any sanctions awarded can only be an amount calculated as the duplicate or excess expenses having arisen out of the specific conduct which the Court finds violated § 1927.

**IV. Plaintiff's Motion for Sanctions Violates Both Rule 11 and 28 USC § 1927**

Here, Plaintiff's Motion is a plain and palpable violation of both Fed. R. Civ. P. 11 and 28 § 1927. Rule 11 makes abundantly clear on its face that filing counsel must have a good faith basis in evidentiary fact to assert a position in a writing before the Court. Likewise § 1927 prohibits counsel from filing a baseless motion simply to test the waters and see what the Court will do when that motion lacks a sufficient basis in the law and the facts. Here, Plaintiff's counsel has no basis in fact for his broad assumptions which are entirely false with respect to the Defendants' and their counsel's alleged intent. These assumptions are nothing more than a pack of lies pressed into a memorandum of law so as to appear convincing. Plaintiff's counsel cannot point to a single instance of actual evidence where the Defendants or their counsel *actually* engaged in bad faith tactics in this litigation. Moreover, Plaintiff's Motion for Sanctions is especially difficult to respond to since it requires so much detail to prove that all of his conspiracy theory type assumptions and allegations are false and his claims under Rule 37 are moot. However, undersigned counsel will strive to keep the below arguments in an order that most closely follows the arguments raised by Plaintiff's counsel.

   **a.   The Request for Court Approval of the Settlement Agreement**

Defendants stand by the settlement agreement they executed and request the Court confirm same notwithstanding the issues concerning the sanctions sought by both sides of this case.

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

### b. Plaintiff's Counsel's False Accusations About Defendants and Their Counsel

#### i. The Alleged Bribe

Contrary to Plaintiff's counsel's allegations in <u>Knox Cert. ¶ 4</u>, there was no bribe offered by Defendants while they were *pro se* in this matter. While Plaintiff's counsel may believe he can convince the Court, repeatedly saying something which never happened does not make it true. [3] As demonstrated in Defendant Kamaljit Singh's Certification, ¶ ¶ 8-22, Defendants were confronted by Sunil Dutt about the issue, at which time they offered to settle the case. When Dutt advised he was represented by counsel, Defendants traveled to Plaintiff's counsel's office to have a conference to attempt to settle the dispute. Defendants are from India, English is not their first language and they do not have the in depth level of knowledge and familiarity of the law that Plaintiff's counsel sanctimoniously boasts of himself. As a result, they asked him how a case like this could be settled, what amount of money Dutt was demanding and what legal fees Plaintiff's counsel would demand from Defendants if a settlement was reached.

Defendants simply attempted to confer and resolve the case without the need for complex litigation, significant expenses and the emotional strain that any type of litigation places on a party. *Nothing more, nothing less, and certainly not <u>bribery</u>*. Plaintiff's counsel instead has been beating a wardrum about this alleged conversation since the case began; yet he has

<div style="margin-left: auto; writing-mode: vertical;">
FLYNN & ASSOCIATES, LLC<br/>
439 Monmouth Street, Gloucester City, NJ 08030
</div>

---

[3] i.e. the reiteration of the allegation in the <u>Amended Complaint</u> [ECF No. 6 ¶ ¶ 48, 50] and to Defendants' counsel on almost every telephone call throughout the case.

never produced any proof of these scurrilous and frivolous allegations beyond his own self serving statements.

Beyond the fact that none of the Defendants' actions were improper, and courts even look favorably on attempts to conduct separate negotiation of FLSA damages and attorneys' fees, to avoid a conflict of interest between the attorney and his client. <u>Cisek v. Natl Surface Cleaning, Inc.</u>, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997).

Furthermore, despite Plaintiff's counsel's complaints about Defendants contacting Defendant directly to discuss and try to settle the matter, there was nothing prohibiting a private settlement of this claim without the need for litigation. "[P]arties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due. A release of a party's rights under the FLSA is enforceable under such circumstances." <u>Martinez v. Bohls Bearing Equipment Co.</u>, 361 F. Supp. 2d 608 (W.D. Tex. 2005). As a result, and while Defendants maintain their positions of no admission of liability on the Plaintiff's claims about wages owed in this matter, if a reasonable settlement agreement had been reached as a result of either the meeting with counsel or the parties' meeting with each other, it would have been enforceable.

Additionally, the parties had every right to confer with Dutt directly about the issues in this case. Plaintiff's counsel never sought, nor did the Court issue, any form of restraints upon the parties' communications with each other. Therefore, there was no issue with the

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

Defendant confronting Mr. Dutt about the allegations of the complaint, especially when they had a long term relationship with Mr. Dutt as their employee. [4]

> ii. *The Alleged Cooperation of Defendants' Counsel in Frustrating Plaintiff's Efforts*

Plaintiff's counsel, without basis, fact or a shred of supporting evidence, outrageously accuses undersigned counsel and his firm of assisting the Defendants in a plan to "frustrate Plaintiff's efforts to litigation his claims" (ECF 45-1 p 13, and for that matter, ECF 45 *passim*). As the Court can see from the plain facts of this case, that is simply untrue. Our firm worked tirelessly to bring this matter to resolution in a succinct, fair and professional manner. We took reasonable steps at all times to ensure that the Court's Orders were honored and when it became clear that the real problem in this case was Defendants' accountant, we took extraordinary steps to ensure that the problem was resolved. There was absolutely nothing done for an improper purpose and Plaintiff's counsel has no basis in fact to assert any of the allegations made in his Motion for Sanctions. Therefore, because of the total lack of basis for his assertions, Plaintiff's counsel has violated Fed. R. Civ. P. 11(b) by making false and unsupported accusations in a writing filed with this Court.

> iii. *Plaintiff's Counsel's Claims About Defendants' Counsel's Alleged Failure to Sign Defendants' R26 Disclosures*

---

[4] To that end, Prabhjit Singh had gone so far as to have previously assisted Mr. Dutt's daughter in traveling from India to New Jersey to spend time with her father and allowed her to stay in his home with his own family since Mr. Dutt lived in an apartment. Sadly, when she arrived at the apartment, Mr. Dutt did not even recognize her and wished to spend no time with her, so she stayed with Prabhjit Singh's family for the duration of her visit until returning back to India.

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

Plaintiff asserts Defendants' counsel failed to sign Defendants' <u>Fed. R. Civ. P.</u> 26 disclosures in this matter. Again, this argument in a Rule 37 Motion is impermissible since it is moot. Moreover, Rule 11 does not apply to disclosures or discovery. However, now that the allegation has been made, Defendants' counsel has no choice but to respond to such drivel.

<u>Fed. R. Civ. P.</u> 26 requires that

> **"[e]very disclosure** under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection **must be signed by at least one attorney of record in the attorney's own name**.... By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:(A) with respect to a disclosure, it is complete and correct as of the time it is made; and(B) with respect to a discovery request, response, or objection, it is:(i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;(ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and(iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action"
>
> <u>Fed. R. Civ. P.</u> 26

Here, Plaintiff's counsel deliberately misleads this Court in his characterization of the Defendants' Fed. R. Civ. P. 26 disclosures. The Rule 26 disclosures were emailed to Plaintiff's counsel, under Defendants' counsel's signature and the attachment was directly signed by the individual defendants who had factual knowledge and an interest in this litigation.[5] Thus, the disclosures were signed. In either event, the omission of counsel's

---

[5] As previously noted in these proceedings, Defendant Sunpreet Singh has nothing to do with anything in this litigation and was not an owner, employee or otherwise affiliated with Mr. Dutt or

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

signature on the specific attachment to the email and inclusion of counsel's signature on the email itself should suffice under the intent of the Rules and if it is an error, it was harmless and in good faith.

**Never in the course of the following fifteen months of this case did Plaintiff's counsel ever raise this issue until they decided that they wanted to take a stab at one last grab for money after settlement through filing a Motion for Sanctions.** Plaintiff's counsel had ample opportunities to raise this issue before the Court, yet never did until he saw an opportunity to monetize it in the hopes that the Court somehow ignores the law and facts and instead rewards his fishing expedition.

Additionally, in their signed R. 26 disclosures, Defendants provided everything expected of them under that Rule, as shown below:

| DISCLOSURE REQUIRED UNDER R. 26 | WHAT WAS DISCLOSED BY DEFENDANTS IN THIS CASE |
| --- | --- |
| **(i)** the name and, if known, the address and telephone number of each individual likely to have discoverable information-along with the subjects of that information-that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; | The names and contact information for these individuals |
| **(ii)** a copy-or a description by category and location-of all documents, electronically stored information, and tangible things that the | A detailed listing of the documents and ESI in this matter, as well as their |

---

ABK Petroleum, yet Plaintiff refused to dismiss him until the settlement was reached. He isn't even related to the other Defendants, who likewise, are not related to each other.

| | |
|---|---|
| disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; | locations |
| **(iii)** a computation of each category of damages claimed by the disclosing party-who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and | A statement reflecting that Defendants assert Plaintiff was owed $0.00 and that Defendants are owed $1,365.00 from Plaintiff |
| **(iv)** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. | There is no insurance agreement and the disclosures reflected this. |

Therefore, Defendants' disclosures complied with Rule 26.

Furthermore, when Defendants produced their initial discovery responses on June 19, 2019, they provided _two hundred and seventeen pages_ of responses, including timesheets, a detailed list of employees, the means by which they were paid, information advising that Ram Associates, their accountant, held all payroll and tax records. Subsequently, Plaintiff's counsel evidenced his own lack of familiarity with Rule 26 in demanding that further information be provided. **It was Judge Williams who sternly denied Plaintiff's counsel's allegations that the Defendants' disclosures were insufficient** in a telephone

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

17

conference and found that that Defendants provided everything reasonably calculated under Rule 26 for those initial disclosures.

The facts here demonstrate the frivolous nature of the substantive argument raised by Plaintiff's counsel in his Motion for Sanctions since Defendants complied with Rule 26 and Plaintiff has no evidentiary proof of any bad faith action by Defendants or their counsel which caused prejudice, undue delay or harm to Plaintiff or his interests. Therefore, there was not even an arguable violation of § 1927 in this case. Furthermore, Plaintiff's counsel's claim of a Rule 37 violation is plainly moot through the settlement reached herein. [6]

### iv.  *Plaintiff's Objections to Defendants' Discovery Responses*

Plaintiff's counsel next asserts his baseless assumption that Defendants purposefully frustrated the discovery process in this matter. While there is certainly no disagreement that discovery took some time, it was Plaintiff's counsel who initially frustrated the purpose. First, Plaintiff's counsel took four months to issue out their initial discovery requests in the matter. Defendants responded in a timely fashion.

Furthermore, when Defendants produced their initial discovery responses on June 19, 2019, they provided two hundred and seventeen pages of discovery responses, including timesheets, a detailed list of employees, the means by which they were paid, information advising that Ram Associates, their accountant, held all payroll and tax records.

---

[6] Plaintiff's Motion for Sanctions is also inappropriate under Rule 11, which plainly does not apply to disclosures or discovery.

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

In the September 2019 telephone conference when the Court denied certain objections raised by Defendants in their discovery responses, undersigned counsel advised the Court the information already provided to Plaintiff's counsel and the Court that Defendants' accountant, Ram Associates, was in possession of the records demanded and that Defendants did not have copies of those records. Defendants' counsel provided no support for Defendants' rather untenable position that they did not have copies, but instead advised the Court that he had already advised the clients to contact the accountant, obtain the copies and produce same to the firm. Thus, the representation made by undersigned counsel that the records would be produced within one to two weeks was based upon the client's representations and in good faith. There was absolutely no intention on behalf of our firm or undersigned counsel to engage in any practice which could even arguably violate § 1927 or Rule 37 and there was no such conduct which did in fact violate either § 1927 or Rule 37 on the part of counsel or his firm. [7]

Furthermore, undersigned counsel did not direct, nor can I control, the actions of third parties or frankly even the defendants in this matter. At the time the Rule 26 disclosures were made, Plaintiff's counsel was entirely aware of the location of Defendants' tax and payroll records. Additionally, Plaintiff's counsel had the ability at any time to send a Rule 45 subpoena directly to the accountant's office for these records. It was Plaintiff's case to prove to the Court. If he wanted to obtain records from a third party, that was his duty and there was nothing prohibiting Plaintiff's counsel from taking that action. Despite the fact

---

[7] This conduct also patently cannot violate Rule 11 since same does not apply to verbal statements or discovery.

that Plaintiff's counsel will inevitably argue his usual spiel about the fact that the records held by the accountant were defined as within the custody, control and possession of Defendants, the reality is that this is only the case when Defendants could control the accountant's actions. As shown in the facts above and throughout, our firm later found that almost no one could control this accountant's behavior and he did only what he chose to do. The accountant's only saving grace in his conduct was the compliance with the Plaintiff's Subpoena (another hotly contested issue). Between the series of unreturned phone messages, unanswered emails and the behavior which we encountered when undersigned counsel went to the accountant's office on March 5, 2020, Defendants and their counsel were fed up with his firm. *To that end, any delay caused by the accountant's firm, especially in producing a response to such a voluminous request, is certainly not the fault of undersigned counsel, his firm or the Defendants* when we had made clear the importance of producing same to the Defendants and they agreed. **At all times, Defendants and counsel acted to cooperate in good faith in the course of discovery by providing access to information, working to conclude discovery disputes and directing the accountant to provide the documents that he held.**

**Furthermore, as explained above, under Rule 37 doctrine, all of the discovery issues in this case are now moot**. While undersigned counsel, his firm and Defendants vehemently deny the outrageous allegations raised by Plaintiff's counsel, the fact remains that in March 2020, the parties entered into a verbal settlement agreement and recorded same in writing. **One of the critical terms of the Settlement Agreement was that all of**

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

**Plaintiff's legal fees were to be paid under the agreed upon sum of $130,000.00**, as shown below and in the attached exhibits:

> The Parties acknowledge and agree that the Settlement Payment is the total amount to be paid in this matter and same represents the sum total of all payments to be made from the Releasees in this matter. Plaintiff acknowledges that this sum shall be used to satisfy his attorneys' fees and costs and that any remaining funds due him thereafter shall represent his recovery of damages in this matter. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

<u>Flynn Cert, Exhibit Z- Settlement Agreement</u>, § 3, ¶ 2.

Therefore, Plaintiff's actions to seek further legal fees through this motion are frivolous because they have no basis in fact or law for recovery under Rule 37 (in violation of Rule 11 and § 1927) and they are also in direct violation of the Settlement Agreement. Settled law dictates that the Agreement encompassed all claims that already existed during the course of the litigation and at the time of the settlement. Furthermore, there was no basis for Plaintiff's counsel to receive an additional fee award for Court approval of the Settlement Agreement since those fees were foreseeable and all legal fees were specifically addressed in the language of the Settlement Agreement.

> *v.  Plaintiff's Allegation of Defendants' Counsel's Failure to Communicate*

Plaintiff alleges that Defendant's Counsel failed to communicate in this matter. However that is simply untrue. There are approximately 48 emails between counsel, separate and

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

apart from all of the telephone calls and other written correspondence. Over the course of the fifteen months in which this case was really active, this was an adequate amount of communication in this matter and the communication which was exchanged allowed the parties to each know the other's positions as to relevant matters.

In addition to the other communications, there were numerous telephone calls from Defendants' counsel to Plaintiff's counsel concerning the potential settlement of this matter. [8]

However, there is an important failure to communicate on behalf of Plaintiff's counsel. *Plaintiff's counsel failed to communicate at all with Defendants' counsel prior to filing the Plaintiff's pending Motion.* Had Plaintiff's counsel contacted Defendants' counsel prior to filing Plaintiff's Motion, he would have learned that Defendants' counsel had taken every reasonable action and step possible to see that the Settlement Agreement was executed by Defendants and that the funds due under the initial installment payment were provided. He would have learned that while this was not necessarily a situation where there was fault or bad faith on behalf of anyone and he would have learned that, despite having two clients who continually ignored their counsel's communications, Defendants' counsel was still actively working to conclude the settlement and the litigation. **Furthermore, he could**

---

[8] From the outset, the Defendants' aim had been to settle. To that end, as early as January 2019, less than a month into the case, settlement offers were being exchanged between the parties.

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

**have honestly apprised Defendants' counsel of the fact that he did not yet have Plaintiff's required signature on the settlement agreement**. [9]

All of those options would have certainly been reasonable, achieved a result and minimized the costs of this litigation. However, Plaintiff's counsel decided that he was going to go for a fishing expedition at the Court, Defendants and Defendants' counsel's expense through his omnibus and improper Motion. Therefore, since Plaintiff's counsel chose to take unilateral action through filing a Motion which is unsupported by the law and the facts, Defendants and their counsel should not be expected to pay for same, especially when there was, again, no basis for any sanctions *against them* under either § 1927, Rule 37 or Rule 11 here.

### vi.   *Plaintiff's Allegation that the Bankruptcy Was Frivolous Is Frivolous*

Plaintiff's counsel next asserts that Defendant ABK Petroleum's corporate Chapter 7 bankruptcy petition was "bogus" without any basis in fact. Without disclosing undue information, Defendant ABK Petroleum Corp. had every right to seek a bankruptcy at the time the petition was filed.

---

[9] Furthermore, this Court's Rules, and specifically Judge Bumb's Judicial Preferences, impose a duty to confer upon counsel prior to filing certain types of Motions. While a Motion to Approve Settlement/Motion Alternative Discovery/Motion for Sanctions is not specifically on the Court's list of mandatory motions which require an attempt to confer prior to filing, certainly the spirit and intent of this Court's Rules and Preferences would have directed Plaintiff's counsel to at least attempt to confer prior to filing, especially when even though we were not in our office because of COVID-19, he had fax numbers, an email address, a physical address and two cell phone numbers, not to mention the ability to file some level of general correspondence through PACER in which he could have requested a status conference with the Court.

Furthermore, Defendant ABK Petroleum documented in the petition and Kamaljit Singh's Certification attached hereto that the main liability of the entity was the Plaintiff's wage and hour claim as well as other debts and that the assets of the entity consisted primarily of security deposits held by gas station owners for ABK Petroleum's lease of those stations. Contrary to Plaintiff's absolutely unsupported accusation that the bankruptcy was an improper stall tactic, and as shown in the Petition, ABK Petroleum operated two gas stations as a lessee. It had already terminated operations at one station and was in the process of terminating the other operation because the company's leases had ended. However, in the course of the termination of the leases, the owners of ABK Petroleum, Mssrs. Kamaljit Singh and Prabhjit Singh, were seriously concerned that it would not receive the security deposits held by those station owners upon the termination of the leases. Therefore, the best way to obtain those funds, and frankly, apply all or a portion of them towards satisfaction of the claims alleged by Plaintiff, was through the bankruptcy.

The entire purpose of the bankruptcy code is to allow debtors, whether they are individuals or corporations, to pursue relief through the stay and either reorganization of their financial structure or liquidation of their assets and liabilities. Plaintiff's counsel does not have the right to redraft Title 11 of the United States Code to make sure that he feels it protects only his interest. Plaintiff's counsel's rationale that simply because the bankruptcy was dismissed, therefore it *must have been* frivolous is yet another one of Plaintiff's counsel's unsupported assumptions. Had he merely asked or listened when undersigned counsel tried to explain, he would have learned that the bankruptcy dismissal was able to be permitted because Defendant Kamaljit Singh had learned that ABK Petroleum would in

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

fact be receiving its full security deposits back; therefore the bankruptcy was unnecessary. Furthermore, Kamaljit Singh also sold his former marital home to personally satisfy a debt owed by ABK Petroleum to Wells Fargo bank, which was secured by that home as personal collateral from Mr. Singh. Again, Plaintiff's counsel could have learned that these facts existed, but instead chose to only get angry and accusatory without conducting any inquiry.

Additionally, the recovery of the security deposit funds which would have otherwise been sought in the bankruptcy was vital because during the course of settlement negotiations, undersigned counsel advised Plaintiff's counsel on multiple occasions of the security deposit return issue and the fact that these funds would be necessary for any lump sum to be paid in settlement. Despite Plaintiff's counsel's continual speculation that Defendants had essentially unlimited ability to afford to pay, therefore he was demanding more, Defendants and their counsel worked in good faith to reach an amicable and reasonable resolution in this matter. As explained above, settlement of this case hinged on the recovery of the funds which were to be recovered in the bankruptcy. Therefore, the bankruptcy was a reasonable, rational and lawful filing. Furthermore, Plaintiff's counsel never made an application of any form for sanctions before the Bankruptcy Court under Rule 9011 of the Bankruptcy Rules. Finally, the Defendants' decision to file a bankruptcy and counsel's preparation and filing of same plainly did not violate § 1927.

> vii. *Plaintiff and his counsel are not entitled to any sanctions from Defendants or their counsel.*

Plaintiff's counsel, through his *Omnibus Motion*, seeks an award of his legal fees from Defendants and/or their counsel in addition to the legal fees already payable to Plaintiff's counsel under his alleged contingency fee agreement.[10]

First, as detailed herein, neither Defendants nor their counsel engaged in any form of act or omission which would justify any form of sanction in this matter under either Rule 11, Rule 37 or § 1927. Plaintiff has an absolute void in his proofs that any filing was "for an improper purpose" "frivolous" or "without legal or factual evidentiary support" under Rule 11; his claims for discovery sanctions under Rule 37 are moot; and furthermore there is absolutely no "unreasonable and vexatious multiplication of the proceedings" under § 1927 here by Defendants or their counsel. Conversely though, this necessarily means there is no basis in fact for Plaintiff's counsel's allegations in Plaintiff's Motion for Sanctions, thus Plaintiff's Motion clearly violates both Rule 11 and § 1927.

Second, Judge Williams had already addressed the Rule 37 discovery issues raised by Plaintiff's counsel in his Motion for Sanctions when the Court conducted the telephone conferences throughout this matter. Despite the fact that Plaintiff's counsel found it

---

[10] Defendants highlight that while they take no position as to the contingency fee for the calculation of fees to be paid to Plaintiff's counsel from the $130,000.00 settlement amount under the Agreement, the contingency fee agreement was never attached by Plaintiff's counsel to his Motion, therefore neither the Defendants nor, respectfully, the Court, have any idea what Plaintiff's counsel's fee agreement says or does not say and there is no proof presented by Plaintiff's counsel of Plaintiff's actual consent to this legal fee.

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

incumbent to waste months in seeking and discussing authority for a subpoena, Plaintiff's counsel *never* obtained the Court's advance consent to file a Motion for Sanctions and at no time in the case did Judge Williams hold that the Defendants or their counsel had engaged in any improper actions. Certainly, the delays surrounding discovery were irritating. They irritated undersigned counsel, Plaintiff's counsel and the Court. However, these delays were not caused by the bad faith of Defendants' counsel, his firm or Defendants. Furthermore, these delays caused no prejudice to Plaintiff. Plaintiff admits that he settled his claim, without the need for complex litigation or even filing a Motion to Certify the Class/Collective Action, for over eighty percent of his alleged damages. Knox Br. at 8.

Third, while Plaintiff's counsel may be irritated that the case did not net him *his* payday as quickly as he had hoped, Defendants and their counsel committed no violations of any Rules or other laws worthy of sanctions in this matter. Plaintiff's counsel cites no case or other basis in the Federal Rules or law to support an award of fees in excess of the total legal fees to be paid through the settlement amount. Once the Plaintiff, through counsel, made the offer of settlement for $130,000.00 including attorneys' fees, that offer was binding upon its acceptance. Defendants require no further citation here to invoke Rule 37's mootness doctrine and the contract doctrines of offer, acceptance and consideration with respect to these terms. However, Plaintiff's counsel's motion and endeavor to now seek a secondary payment of legal fees is in fact a direct violation of Agreement § 3, ¶ 2 and established law and is therefore utterly frivolous.

Fourth, Plaintiff's counsel is not entitled to "double dip" here as a separate recovery apart from the legal fees already paid through the Settlement Agreement for the same services

and is already receiving a substantial windfall through his alleged contingency fee agreement as compared to his hourly fee. All an award of further fees to Plaintiff's counsel does here is line his pocket at everyone else's unjust expense. Here, Plaintiff's counsel alleges that he performed approximately 56 hours of work on the file total and asserts that he is entitled to recovery of same on a lodestar rate of $400.00 per hour against Defendants and their counsel. **This is just simply not even a reasonable argument; it plainly violates Federal Law, the holdings of this Circuit and this District and the Settlement Agreement**. In the rare instances where fees are awarded as sanctions under Rule 11, Rule 37 or § 1927, a party is **ONLY** permitted to seek recovery of the fees related to the sanctioned conduct. However, here Plaintiff's counsel seeks every single hour of his time. ECF 45-13. Alternatively, Plaintiff's counsel sought recovery of his legal fees limited to Plaintiff's Motion for Sanctions. Id.  While this might seem fine at first blush, it is **flatly impermissible to award those fees when the Motion for Sanctions contained therein a Motion to Approve Settlement, which was reasonably foreseeable** as part of the ordinary course of representation in this matter, as well as the other arguments raised herein.

Notwithstanding, while Defendants do not contest and take no position on the contingency fee to be paid to Plaintiff's counsel as part of the Settlement Agreement, for purposes of the argument concerning sanctions, Plaintiff's counsel has set his lodestar fee unacceptably high. Even in cases where New Jersey's Courts and this District award lodestar fees for attorneys' services in a FLSA case, those rates are generally around $250.00-$300.00 per hour and not $400.00. Moreover, EVEN IF the Court found Defendants or their counsel's

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

engaged in vexatious misconduct which violated Rule 11, Rule 37 or § 1927 and EVEN IF the Court found that conduct should be sanctioned as a result, the fact remains that Plaintiff's counsel cannot request a duplication of legal fees on Plaintiff's part when Plaintiff's counsel's total hourly fees (even at $400.00 per hour) are less than the contingency fee! Perhaps IF THERE WAS egregious misconduct in violation of Rule 11, Rule 37 or § 1927 AND the Court saw fit to award sanctions AND the hourly fees via lodestar exceeded the contingency fee, then this would be a different issue, but those are not the facts here. Plaintiff's counsel is flatly not entitled to demean the integrity of the legal profession and this Honorable Court by seeking to collect more money for himself  when *Plaintiff's counsel are already being paid more than their hourly fees under the contingency compensation from their client AND Plaintiff would have paid **the same** amount of legal fees to his counsel on the settlement amount even if there was a settlement without **any** litigation expenses.*

Finally, as part of the Settlement Agreement, there was the following language:

> 2.   **Dismissal of the Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees:
>
> a.   That this settlement represents a fair and complete resolutions of any claim which Plaintiff may have now or in the future relating to the Defendants as of the date of his signature on this Agreement, whether known or unknown to him at this time.
>
> b.   To dismiss with prejudice, or cause to be dismissed with prejudice, his claims asserted against Defendants in the above-captioned litigation (the **"Pending Action"**);
>
> c.   Not to file or re-file the claims asserted in the Pending Action, or any other wage and hour claims against Releasees (as defined below) arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action;
>
> d.   Not to institute any action against any Releasees in any court or other forum based on allegations or claims that are released as set forth in this Agreement; and

<u>Flynn Cert, Exhibit Z- Settlement Agreement</u>, p. 2, § 2.

*(Left margin, vertical text:)* FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

IN ADDITION, THERE WAS THIS PARAGRAPH

> The Parties acknowledge and agree that the Settlement Payment is the total amount to be paid in this matter and same represents the sum total of all payments to be made from the Releasees in this matter. Plaintiff acknowledges that this sum shall be used to satisfy his attorneys' fees and costs and that any remaining funds due him thereafter shall represent his recovery of damages in this matter. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this

Flynn Cert, Exhibit Z- Settlement Agreement, p. 3, § 3, ¶ 2.

**AND MOST IMPORTANTLY WAS THIS LANGUAGE:**

> 4. **Release.** In consideration of the promises, payments and actions of the Financially Responsible Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff agrees to dismiss the Pending Action, with prejudice, and release, waive, acquit and forever discharge all Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors, officers, employees, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of them (hereinafter **"Releasees"**), from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Releasees.

Flynn Cert, Exhibit Z- Settlement Agreement, p. 3, § 4

Therefore, the Settlement Agreement fairly concluded this matter, all parties **AND THEIR COUNSEL** executed the agreement and Defendants have already paid as required by under same. Plaintiff's Motion for Sanctions seeking relief for claims which arose prior to the execution of same is entirely inappropriate, impermissible and in violation of both Rule 11 and § 1927.

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

**V.  IN LIGHT OF THE FOREGOING, DEFENDANTS ARE ENTITLED TO A FEE AWARD**

Since Defendants have demonstrated throughout this Motion that neither their conduct nor their counsel's conduct violated Rule 11, Rule 37 or § 1927, Plaintiff is plainly not entitled to any recovery of legal fees against Defendants or their counsel beyond the terms of the settlement agreement. However, since Defendants and their counsel have demonstrated that Plaintiff counsel's filing of his Motion was improper, Defendants are entitled to a reasonable sanction against Plaintiff's counsel for his filing in violation of both Rule 11 and § 1927. The totality of the circumstances demonstrate Plaintiff's counsel failed to comply with the terms of the settlement agreement by filing his motion, failed to conduct research into his motion because it is baseless where the alleged violations of law are moot and plainly do not meet the standards of Rule 11, Rule 37 or § 1927 and directly violated Rule 11 by seeking sanctions pursuant to Rule 37 for mooted alleged discovery violations.

Therefore, Defendants and their counsel respectfully request that the Court enter an award against Plaintiff's counsel, Daniel Knox, Esq., pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927 and the Local Civil Rules of the United States District Court for the District of New Jersey 11.1 and 101.1(c)(5), (6). Furthermore, since Judge Williams' *Pro Hac Vice* Order (ECF 22, p2, ¶ 1), conveys the honor of Pro Hac Vice admission upon Mr. Knox, Esq. to this District Court but specifically requires that Alexander Kadochnikov, Esq. "shall be held responsible for [signing papers filed with the Court] and for the conduct of the case...as well as be held responsible for the conduct of the attorney admitted pro hac vice", Defendants therefore demand that any award entered against Mr. Knox, Esq. by this Court for sanctions also be entered against Mr. Kadochnikov, Esq. and that the resulting Order for Sanctions hold them

FLYNN & ASSOCIATES, LLC
439 Monmouth Street, Gloucester City, NJ 08030

31

jointly and severally liable for payment of those sanctions directly to Defendants' counsel within thirty days of the entry of that Order.

Finally, Defendants seek the amount of $__TBD_____ in sanctions, as detailed on the Affidavit of Services to be filed with this Motion. [11]

**Defendants again, clearly and specifically, give notice to Plaintiff's counsel that Plaintiff's counsel may resolve the issues contained within this motion by voluntarily withdrawing the offending filing identified in this Motion at any time within the 21 days' safe harbor provisions of Rule 11 and they may cure the remaining issues in this matter by withdrawing their pending Motion concerning the Court's Approval of the Settlement Agreement and filing only the portions of same, as was agreed upon in the Settlement Agreement, which are necessary for the Court's approval of the executed Settlement Agreement in this matter.**

Respectfully submitted,

Dated: 7/20/2020

**Flynn & Associates, LLC**

by

**Alex Flynn, Esquire**

---

[11] Defendants hereby place Plaintiff's counsel on notice that they intend to seek an hourly rate of $250.00 per hour and that as of July 20, 2020, there have already been approximately 16.5 hours of professional time incurred in reviewing and responding to the Plaintiff's Motion for Sanctions. Additionally, if Plaintiff's counsels fail to withdraw Plaintiff's Motion, Defendants reserve the right to seek recovery of fees associated with the preparation of any opposition filed by Plaintiff's counsel for this Motion, in addition to filing fees and further time required for conferences and any appearance in this matter, as demonstrated by an Affidavit of Services.