# Exhibit A

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

## Dutt v. ABK
2 messages

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Mon, Mar 25, 2019 at 12:30 PM
To: Alexander Kadochnikov <alexander@gklawfirm.net>, Daniel Knox <dknox@knoxlaw.nyc>

Alex and Dan,

We had a conference set with our clients to prepare the Rule 26 disclosures and return them to you both tomorrow, however one of the gentlemen advised that they are now unavailable for that conference. The earliest we can reschedule is for Thursday, 3/28/19. Can I have your consent to provide our Rule 26 disclosures by the end of the day on Thursday instead of tomorrow? Our offices have no objection if you provide your client's disclosures on Thursday as well.

Thanks,
Rick

Richard M. Flynn, Esquire
**FLYNN & ASSOCIATES, LLC**
Bennett House
Monmouth and Atlantic Streets
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641

---

**Daniel Knox** <dknox@knoxlaw.nyc>                    Tue, Mar 26, 2019 at 8:31 AM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>, Alexander Kadochnikov <alexander@gklawfirm.net>

That's fine.  We'll await your production on Thursday.


Regards,



**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f):  (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

[Quoted text hidden]

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK; R. 26 Disclosures
2 messages

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                     Thu, Mar 28, 2019 at 5:26 PM
To: Daniel Knox <dknox@knoxlaw.nyc>, Alexander Kadochnikov <alexander@gklawfirm.net>

Gentlemen,

Attached please find the Defendants' FRCP 26 Disclosures, as agreed.

Richard M. Flynn, Esquire
**FLYNN & ASSOCIATES, LLC**
Bennett House
Monmouth and Atlantic Streets
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641

---

📄 **Ds' FRCP R 26 Disclosures 3-28-19.pdf**
145K

---

**Daniel Knox** <dknox@knoxlaw.nyc>                     Mon, Apr 8, 2019 at 7:23 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>, Alexander Kadochnikov <alexander@gklawfirm.net>

Please see attached.

Regards,

**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f):  (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.


CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

[Quoted text hidden]

---

**4 attachments**

 **Rule 26 Initial Disclosure.pdf**
141K

 **Damages Spreadsheet Sept. 2016 - Sept. 2017.pdf**
162K

 **Damages Spreadsheet Sept. 2017 to Nov 2018.pdf**
172K

 **Damages Spreadsheet Sept. 2015 - Sept. 2016..pdf**
165K

# Exhibit B

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK Petroleum Corp. et al. - Plaintiff's First Discovery Requests
1 message

---

**Daniel Knox** <dknox@knoxlaw.nyc>                                Tue, May 14, 2019 at 11:24 AM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>
Cc: Alexander Kadochnikov <alexander@gklawfirm.net>

Mr. Flynn,

Please find attached Plaintiff's First Set of Interrogatories and Document Request.  Also attached are editable electronic versions assist in your clients' responses to the interrogatories.

Regards,

**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f):  (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

**9 attachments**

**Plaintiff's First Document Request.pdf**
174K

**Interrogatories - ABK Petroleum.pdf**
156K

**Interrogatories - Kamaljit Singh.pdf**
143K

**Interrogatories - Prabhjit Singh.pdf**
143K

**Interrogatories - Sonny Singh.docx**
21K

**Interrogatories - Prabhjit Singh.docx**
21K

**Interrogatories - Kamaljit Singh.docx**
21K

**Interrogatories - ABK Petroleum.docx**
23K

**Interrogatories - Sonny Singh.pdf**
186K

 **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK
1 message

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                        Fri, Jun 14, 2019 at 11:51 AM
To: Daniel Knox <dknox@knoxlaw.nyc>

Dan,

As a courtesy, I wanted to let you know that our clients have completed their discovery responses. I have electronic
signature requests out to them at present. As soon as they are signed, I will send the signed copies to you.

Thanks,

Alex

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the
addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If
you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error,
please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the
intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its
attachments is strictly prohibited.

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Wed, Jun 19, 2019 at 11:15 AM
To: Daniel Knox <dknox@knoxlaw.nyc>

Dan,

Attached are Defendants discovery responses.

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax     856-456-7641

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

---

📄 **Dutt v. ABK, Defs Responses to Discovery (esignatures) 6-19-19.pdf**
3251K

# Exhibit C

 **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

**Daniel Knox** <dknox@knoxlaw.nyc>                                    Thu, Jun 20, 2019 at 5:05 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>
Cc: Alexander Kadochnikov <alexander@gklawfirm.net>

Good afternoon,

Your clients' responses are severely lacking and this letter is my attempt to meet and confer in order to resolve the issue.

Issues with interrogatory responses:

1. Each of your clients failed to state the nature of the information they believe the identified individuals to possess in response to Interrogatory 1.
2. Your clients have asserted that the relevant period is not defined as the basis for their failures to respond to several interrogatories.  However, the relevant period is defined as September 1, 2015 through the present date.
3. Your clients have failed to respond appropriately to Interrogatory 2 for the individual defendants and Interrogatory 4 for the corporate defendant.  Stating that the information is in a public record is not a ground for objection.  Furthermore, such information is not overbroad in the context of a collective action.
4. Your individual clients have failed to completely respond to Interrogatory 4.
5. We disagree that the interrogatories to defendant ABK Petroleum exceed the number permitted by Rule 33. There are no more than 25 discrete interrogatories.  Even where an interrogatory contains subparts, said subparts are logically or factually subsumed within and necessarily related to the primary question, therefore they are to be counted as one.  Accordingly, defendants should respond to all interrogatories objected to on this ground.

Issues with document request responses:

1. Documents responsive to request 5 should be produced.  Public record is not a valid objection to this request.

6. Documents responsive to request 6 should be produced.  Public record is not a valid objection.
7. Documents responsive to request 7 should be produced.  Tax returns are relevant in the context of FLSA actions.  Accordingly, same should be produced per the demand.
8. Documents responsive to request 8 should be produced.  Even if your stance on tax returns were correct, W-2s would nevertheless be responsive and required.
9. Your clients claim that some employees were paid by check, some by cash, yet no payment records were produced.

Kindly advise of your clients' intentions to rectify the omissions cited above.  Should you wish to arrange a telephone call to discuss the matter in greater detail, I am available.  Otherwise, we will proceed to file a motion to compel.

Regards,

**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430

7/19/2020
Case 1:18-cv-14117-RMB-KMW   Document 49-8   Filed 08/11/20   Page 13 of 191 PageID: 484
Gmail - bcu.vwsi.

New York, NY, 10119

(o): (212) 239-1114

(f):  (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL

The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

[Quoted text hidden]

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Tue, Jun 25, 2019 at 2:32 PM
To: Daniel Knox <dknox@knoxlaw.nyc>
Cc: Alexander Kadochnikov <alexander@gklawfirm.net>

Dan,

Due to both Rick and my schedules, neither of us have had an opportunity to review your email with our clients yet, but I
anticipate doing so by the end of the week. I will be back to you with a more complete response in a few days.

Thanks,
Alex

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the
addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If
you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error,
please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the
intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its
attachments is strictly prohibited.


[Quoted text hidden]

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

## Dutt v. ABK

**Daniel Knox** <dknox@knoxlaw.nyc>                                    Tue, Jun 25, 2019 at 2:59 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>
Cc: Alexander Kadochnikov <alexander@gklawfirm.net>

In that case, would you agree today to extend my client's time to file the motion for preliminary certification?

[Quoted text hidden]

 **Gmail**             **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>         Tue, Jun 25, 2019 at 4:48 PM
To: Daniel Knox <dknox@knoxlaw.nyc>
Cc: Alexander Kadochnikov <alexander@gklawfirm.net>

Certainly, are you agreeable to extending the date to file your motion to 7/12 with our opposition due thereafter? One of our clients will be traveling out of the country the week of 7/15 with family and we will be closed for vacation from 7/19 through the end of July so realistically I can get an opposition filed before 8/10.

Alex
**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone   856-456-3535
Fax     856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.


[Quoted text hidden]

# Exhibit D

 **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

## Dutt v. ABK

**Daniel Knox** <dknox@knoxlaw.nyc>
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>
Cc: Alexander Kadochnikov <alexander@gklawfirm.net>

Tue, Aug 13, 2019 at 11:36 AM

Good morning,

I still have not head back from you on this matter.  Can we schedule a call to discuss?

[Quoted text hidden]

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

**Daniel Knox** <dknox@knoxlaw.nyc>
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>
Cc: Alexander Kadochnikov <alexander@gklawfirm.net>

Thu, Sep 5, 2019 at 1:05 PM

Counsel,

I have made numerous attempts to discuss this matter by both telephone and email over the last two months with no response. Given the impact that your lack of communication and cooperation has had upon the schedule in this matter, I am forced to bring it to the Court's attention.

Regards,

**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f): (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

[Quoted text hidden]

 **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Fri, Sep 6, 2019 at 12:13 PM
To: Daniel Knox <dknox@knoxlaw.nyc>
Cc: Alexander Kadochnikov <alexander@gklawfirm.net>

Daniel,

My clients stand firm that their responses are appropriate and sufficient under the Federal Rules. If you feel otherwise, file the motion you feel is appropriate and the Court can make the decision.

[Quoted text hidden]
--
[Quoted text hidden]

# Exhibit E

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                        Thu, Sep 12, 2019 at 4:48 PM
To: Kamaljit Singh <aujlaus@yahoo.com>, lukoils@yahoo.com, sunpreet1971@icloud.com

Kamal, Prabhjit and Sunpreet,

I had a conference call with Judge Williams and Sunil Dutt's attorneys yesterday and need to meet with all of you together next week to review the Court's Order re: tax returns and business membership and ownership. We can do either 9/18 at 2:30 p.m. or 9/19 at 10:30 a.m.

Please let me know which appointment time you would all prefer. I imagine the meeting will take roughly 1-2 hours to go over all of the necessary information.

Thank you,
Alex


**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

 Gmail                                   **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Sat, Sep 14, 2019 at 6:35 PM
To: Kamaljit Singh <aujlaus@yahoo.com>, lukoils@yahoo.com, sunpreet1971@icloud.com

    Gentlemen,

    I need to know when you are available. Thanks

    Alex
    **FLYNN & ASSOCIATES, LLC**
    Richard M. Flynn, Esquire
    Alex Flynn, Esquire
    439 Monmouth Street
    Gloucester City, NJ   08030-1723
    Phone  856-456-3535
    Fax     856-456-7611

    CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the
    addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If
    you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error,
    please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the
    intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its
    attachments is strictly prohibited.

    [Quoted text hidden]

# Exhibit F

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Kamaljit Singh and Prabhjit Singh

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                                    Thu, Sep 19, 2019 at 3:34 PM
To: pkram@ramsassociates.us
Cc: Kamaljit Singh <aujlaus@yahoo.com>, lukoils@yahoo.com

Mr. Ram,

I represent Kamaljit Singh and Prabhjit Singh in pending litigation in the Federal Court regarding a former employee of ABK Petroleum's claim that he was not paid enough for the time that he worked during 2015 through 2018.

Mssrs Singh directed me to contact your offices to request that you email me a copy of each of their tax returns for 2015 through 2018 for both themselves and all of their businesses, along with W-2 and payroll records for every employee employed by their businesses for 2015 through present.

I also understand you have records in your offices concerning Prabhjit Singh's case with the US Department of Labor concerning wage and hour claims and I am requesting that you send same to my offices.

The Federal Court has set an exceptionally short deadline for us to produce these documents and I will need them within one week. Please advise if there is any reason that your offices cannot provide the information requested within that time period.

Courtney from your offices advised that the best way to reach you was via email. Both Mssrs. Singh are cc'd on this message if you would like to confirm with them that you have their authority to release this information to my offices.

Thank you for your professional efforts in this matter,
Alex Flynn

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

# Exhibit G

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Kamaljit Singh and Prabhjit Singh

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Mon, Sep 30, 2019 at 1:55 PM
To: pkram@ramassociates.us
Cc: Kamaljit Singh <aujlaus@yahoo.com>, lukoils@yahoo.com

Mr. Ram,

I am following up on this serious matter. I have not received a response from you or your offices. Please send the requested documents to my offices ASAP so that I can meet necessary deadlines on behalf of Mssrs. Singh and their businesses.

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

[Quoted text hidden]

# Exhibit H

# FLYNN & ASSOCIATES, LLC

November 22, 2019

**Dutt v. ABK Petroleum Corp, et al**
**Docket: 1:18-cv-14117**
**Defendants' Response to Plaintiff's Counsel's Letter to the Court**

_____

*Via electronic filing and facsimile*
The Hon. Karen M. Williams, U.S.M.J
United States District Court
District of New Jersey
4th & Cooper Streets
Camden, NJ 08101

Dear Judge Williams,

Per the Court's Order yesterday, this letter responds to the Plaintiff's counsel's allegations in his correspondence submitted to the Court. Contrary to Plaintiff's counsel's allegations, our firm has not been dilatory in this matter. To the contrary, we have actively made multiple efforts to obtain the discovery Ordered to be produced in the above matter. To that end, we met with our clients for a three hour conference a few days after that call to review the discovery needed and attempt to obtain this information. However, we have only received a small amount of same and have not been provided with the vast majority of the documents. During our last telephone conference with the Court and opposing counsels, undersigned counsel genuinely anticipated cooperation from the Defendants and their accountant on this point. To date, we have not received the documents from our clients, despite reviewing the gravity of discovery and the consequences for failure to provide the information, and we have received only partial cooperation from the Defendants' accountant, the organization in possession of the overwhelming majority of these documents, despite multiple calls and emails over the course of several weeks. As late as this morning I had another call, with my client on the line, to demand the production of these documents from the accountant's offices.

Our firm understands and respects the significance of the Court's verbal and written Orders regarding discovery and all other issues in this case and all other matters. To that end, when Mr. Knox, Esq. contacted our offices on Tuesday, November 5, 2019, via email to follow up on the outstanding discovery, our secretary kindly called both him and Mr. Kadochnikov, Esq. and left messages advising that we were out of the office on trial matters in the Superior Court and Municipal Courts for the remainder of that week and would not have an opportunity to be in the office to review his correspondence. This is and was the truth of the matter. Furthermore, the past two weeks have been extraordinarily busy in our firm between appearances in the Municipal, Superior and Bankruptcy Courts and emergency matters such as two emergent guardianships, including one in which an 84 year old bedridden hospice patient with severe Alzheimers is facing imminent eviction from her home through a foreclosure. Finally, on November 14, 2019, we learned that Ms. Doris Templeton, an exceptionally close friend of our family, was found brutally murdered in Edgewater Park, NJ. As the Court and opposing counsels are likely already aware, our firm is a family practice and we had all known Doris for decades. Her death was not only an immense shock, but also required the firm to assist the family because Doris' son is the alleged killer and the family needed assistance in obtaining her butchered remains since he would otherwise be the next of kin with the sole right to claim the remains. The news of Doris' killing generated significant press coverage which I mention not in a hostile manner, but merely to support the credibility of our firm before the Court and opposing counsel. As all involved might imagine, the worst details alleged in her killing and the desecration of her body were not publicly shared, but suffice to say they were exceptionally horrific. Finally we had a Bankruptcy matter in which the client faced a potential dismissal by the Standing Trustee's Office at Confirmation, which was held on Wednesday. The client was only able to provide the documents necessary to save her bankruptcy matter on Tuesday morning and undersigned counsel then had the obligation to clear his Tuesday calendar to ensure that no prejudice resulted the following day at the Confirmation hearing. The preparation of those documents and review conference with that client consumed the entire day on Tuesday. Quite frankly, the past few weeks have been the busiest weeks of the entire year for our firm. Any opportunity that we had in our calendar to schedule a conference call with Plaintiff's counsels to review discovery status in the last few days was

quickly and unexpectedly consumed by emergent matters which carried often irreparable consequences.

All of the above information is provided, not as excuses, but so that the Court and opposing counsels are aware that our firm has never acted in an intentionally dilatory manner in this matter. I appreciate the Plaintiff's counsels' positions on discovery, but quite plainly, our offices cannot provide what is not provided to us and that we have not had an opportunity to make a time for a conference call with opposing counsels to explain that we did not receive the cooperation anticipated in this matter since Mr. Knox, Esq. kindly emailed us. As such, if Plaintiff's counsels file an appropriate written Motion with the Court, we will certainly address any arguments therein against our clients with them and again stress the imperative nature of cooperation, production of records in discovery and compliance with Orders of this Honorable Court.

Notwithstanding the above, for the sake of transparency, I also feel it incumbent to advise the Court and Plaintiff's counsels that Defendant ABK Petroleum Corp. was apparently leasing two business locations. Our client advised that one location has been inoperable for the last two weeks and its lease will expire November 30, 2019 and apparently is not being renewed by the Landlord and they are considering terminating the servicing agreement on the business' only other location. Therefore, ABK Petroleum Corp. is preparing to cease operations and filed a Chapter 7 bankruptcy earlier today. I have attached a Notice of Filing from the Bankruptcy Court Clerk. Since Plaintiff is an unliquidated and disputed creditor of ABK Petroleum Corp. because of this litigation, Plaintiff's claim shall be included as a Scheduled Claim in the Petition and his counsels shall both be listed for notice, therefore they will receive full copies of all appropriate documents filed and generated in that matter. However, because of the bankruptcy filing, this matter will need to be stayed pursuant to 11 USC 362. Therefore, the conference call currently docketed for Monday morning between the Court and all counsel needs to be adjourned.

I trust the Court and Mssrs. Knox and Kadochnikov understand the position that undersigned counsel and this firm are in *vis a vis* the discovery matters in this case, the rigorous demands of an active practice and the unexpected loss of a dear friend.

I thank the Court and all involved for your continued professional courtesies.

Respectfully Submitted,

**Flynn & Associates, LLC**

by

**Alex Flynn, Esquire**

cc: Mssrs. Knox and Kadochnikov, via electronic filing

United States Bankruptcy Court
District of New Jersey

## Notice of Bankruptcy Case Filing



A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 11/22/2019 at 3:24 PM and filed on 11/22/2019.

**ABK Petroleum Corp.**
1 Farm House Court
Moorestown, NJ 08057
Tax ID / EIN: 22-3697900

The case was filed by the debtor's attorney:

**Alex Flynn**
Flynn & Associates, LLC
439 Monmouth Street
Gloucester City, NJ 08030
(856) 456-3535

The case was assigned case number 19-32058.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page http://ecf.njb.uscourts.gov or at the Clerk's Office, 401 Market Street, Camden, NJ 08102.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Jeanne Naughton**
**Clerk, U.S. Bankruptcy**
**Court**

# Exhibit I

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK, et al

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Tue, Dec 10, 2019 at 5:09 PM
To: Kamaljit Singh <aujlaus@yahoo.com>, lukoils@yahoo.com, sunpreet1971@icloud.com

Kamal, Prabhjit and Sunpreet,

Mr. Dutt's attorney and I had a conference call with the Judge in the Dutt case last week. The Judge is quite angry because the complete tax returns demanded by Mr. Dutt's attorneys have not been provided to Mr. Dutt's attorneys because I have had considerable difficulty obtaining them from Mr. Ram.

Kamal kindly spoke with Mr. Ram's office with me when he was in my office last week, but I am still in need of 2015 through 2018 personal and business tax returns for both Prabhjit and Sunpreet. In addition, I am in need of any documentation which reflects the individual employees to be paid under the Department of Labor settlement made by Prabhjit and Harbir since you have advised that Mr. Dutt was paid as part of that agreement. I would appreciate you each emailing me the documents I need as quickly as is possible.

In addition, when I spoke with Mr. Dutt's attorneys, it appears that he is willing to consider a settlement lower then what was previously offered. Their current estimate of damages is $162,000.00 and his attorney indicated that they are willing to discuss settlement if a new offer is presented. As we have discussed, while we can vigorously litigate this case, it is still our firm's advice that if you are in a position to settle this via payment of an amount of funds, either as a lump sum or in installments, then we should present an offer ███████████████████████████████████████████████████ My recommendation is that you offer ███████ in exchange for a complete dismissal of this action and waiver of liability. Based on my conversations with the Mr. Dutt's attorneys, I believe that offer should be between ███████████████. If that number is unacceptable to you, then please give me a different amount to offer. The Plaintiff may or may not accept that figure, but an offer will force him to show his hand at how much he is willing to accept. Additionally, you can always discuss with Mr. Ram the potential tax benefits of a settlement here if the settlement funds are treated as wages paid. Since I am not an accountant, I will leave that tax guidance to him.

Please discuss this email with each other and get back to me. I will look forward to speaking with each of you shortly.

Thank you all very much,
Alex

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax        856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

# Exhibit J

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

## Dutt v. ABK; Discovery Confidentiality Order

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                               Fri, Dec 13, 2019 at 3:41 PM
To: Daniel Knox <dknox@knoxlaw.nyc>, Alexander Kadochnikov <alexander@gklawfirm.net>

Dan and Alex,

Based on the conversation that I had with Dan a few days ago, I trust none of us object to the form language of the Discovery Confidentiality Order (Appendix S). Therefore, I have taken the same substantive language and included it in the attached Consent Order.

As you both will recall, the Court required that we submit this Order no later than today, so if you would kindly sign it and email it back, I will electronically file it.

Dan, after our calls, I spoke with my clients as you requested and I have a settlement offer for your client's consideration. Please give me a call when you have some time to review it together and I can go over the details.

I will be out of the office for the day shortly, but can efile the Order remotely.

Thank you both,
Alex

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

 **Xerox Scan_12132019153437.PDF**
170K

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK; Discovery Confidentiality Order

---

Alexander Kadochnikov <Akadochnikov@sbagk.com>                    Fri, Dec 13, 2019 at 3:51 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>
Cc: Daniel Knox <dknox@knoxlaw.nyc>, Alexander Kadochnikov <alexander@gklawfirm.net>

   Alex,

   Here is my signature. Enjoy your weekend.
   [Quoted text hidden]
   --
   Alexander Kadochnikov
   Managing Partner
   Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
   80-02 Kew Gardens Road, Suite 600
   Kew Gardens, NY 11415
   Tel.: 718-577-3261
   Fax: 718-744-2455



   **PLEASE NOTE OUR NEW ADDRESS AND THE NEW EMAIL ADDRESS**

   CONFIDENTIALITY NOTICE: This e-mail transmission and any attachments accompanying it contain confidential
   information belonging to the sender that may be protected by the attorney-client privilege. The information is intended
   only for the use of the intended recipient. If you are not the intended recipient, you are hereby notified that any disclosure,
   copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any
   unauthorized interception of this transmission is illegal. If you have received this transmission in error, please notify the
   sender by reply e-mail, and then destroy all copies of this transmission.

   ---

    **Xerox Scan_12132019153437_AK Signed.pdf**
   238K



**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK; Discovery Confidentiality Order

---

**Daniel Knox** <dknox@knoxlaw.nyc>                                            Fri, Dec 13, 2019 at 4:09 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>, Alexander Kadochnikov <alexander@gklawfirm.net>

Please see attached.

[Quoted text hidden]

---

 **20191213162457216.pdf**
35K

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK; Discovery Confidentiality Order

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Fri, Dec 13, 2019 at 4:24 PM
To: Daniel Knox <dknox@knoxlaw.nyc>
Cc: Alexander Kadochnikov <alexander@gklawfirm.net>

Thank you both. It is filed and you should receive a CM/ECF notice shortly.

Enjoy the weekend-Alex

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7611

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

[Quoted text hidden]

# Exhibit K

 **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

## Subpoena

**Daniel Knox** <dknox@knoxlaw.nyc>                                        Tue, Jan 7, 2020 at 2:45 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>
Cc: Alexander Kadochnikov <Akadochnikov@sbagk.com>

Mr. Flynn,

Please see attached subpoena.

Regards,

**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f):  (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.


CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

📄 **Subpoena - RAM Assoc..pdf**
296K

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of New Jersey ▢ ▾

| | |
|---|---|
| SUNIL DUTT | ) |
| _____ | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No.  18-14117 |
| ABK PETROLEUM CORP., et al. | ) |
| _____ | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      RAM ASSOCIATES, INC; RAM ASSOCIATES AND COMPANY, LLC; and
RAM ASSOCIATES OF NEW JERSEY, LLC

_____
_(Name of person to whom this subpoena is directed)_

☙ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All tax returns of ABK Petroleum Corp., Kamaljit Singh, and Prabhjit Singh for the years 2012 through and including 2019.

| Place: Knox Law Group, P.C.<br>1 Penn Plaza, Suite 2430<br>New York, NY 10119 | Date and Time:<br><br>01/30/2020 12:43 am |
|---|---|

❏ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      01/06/2020
_____

|  _CLERK OF COURT_ | |
|---|---|
| | OR |
| _____ | _____ |
| _Signature of Clerk or Deputy Clerk_ | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_      SUNIL DUTT
_____ , who issues or requests this subpoena, are:

Alexander Kadochnikov, Esq., 8002 Kew Gardens Road, Suite 600, Kew Gardens, NY 11415
akadochnikov@sbagk.com   (718) 332-9600

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   18-14117

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____  on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00  .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit L

 **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Certified receipt along with CPA letter

---

**Raju Shah** <raju.shah@ramassociates.us>                          Mon, Feb 24, 2020 at 1:06 PM
To: "RFLYNNLAWLLC@GMAIL.COM" <RFLYNNLAWLLC@gmail.com>

Good afternoon,

Please find attached the mail receipt and CPA letter regarding the correspondence for ABK petroleum.


I will send another tax return later today.

Thank you

Regards,

Raju shah

---



**8 attachments**

📄 **ABK Petrioleum Corp-Letter.pdf**
148K

📄 **doc00318920200224123301.pdf**
231K

📄 **abk petroleum corp_17s_CC.pdf**
2802K

📄 **abk petroleum corp_18s_CC.pdf**
3616K

📄 **kamaljit singh_17i_CC.pdf**
4559K

📄 **kamaljit singh_18i_CC.pdf**
5155K

📄 **prabhjit singh_17i_CC.pdf**
4356K

📄 **prabhjit singh_18i_CC.pdf**
3890K

 

## To whomsoever it may concern

We are the accountants for Kamaljit Singh, ABK Petroleum Corp and Prabhjit singh from 2015.

Therefore, we are sending you the tax return copies form the Tax year 2015 to 2018 of Abk petroleum, kamaljit singh and prabhjit singh.

If you have any questions or need any further information, please feel free to contact us.


Sincerely,

Ram Associates

Hamilton, NJ

January 27, 2020

HAMILTON OFFICE: 3240 EAST STATE STREET EXT. ◆ HAMILTON, NJ  08619 ◆ (609) 631-9552/(609-631-9553 ◆ FAX (888) 319-8898
EDISON OFFICE: 904 OAK TREE AVENUE, SUITE A ◆ SOUTH PLAINFIELD, NJ 07080
CALIFORNIA OFFICE: 5674 STONERIDGE DRIVE, SUITE 204 ◆ PLEASANTON, CA 94588 ◆ (925) 425-7596 ◆ FAX (925) 369-7333

*ABK Kenlaget*

```
MERCERVILLE
339 HIGHWAY 33 STE 2
TRENTON, NJ 08619-9998
338550-0228
(800)275-8777
01/27/2020 12:36 PM
```

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| 15 x 12 x 10 box | 1 | $3.49 | $3.49 |
| PM 1-Day | 1 | $20.85 | $20.85 |
| (Domestic) | | | |
| (NEW YORK, NY 10119) | | | |
| (Weight:17 Lb 11.8 Oz) | | | |
| (Expected Delivery Day) | | | |
| (Tuesday 01/28/2020) | | | |
| (USPS Tracking #) | | | |
| (9505 5158 9004 0027 5825 99) | | | |
| Insurance | | | |
| (Up to $50.00 included) | | | $0.00 |

```
Total:                              $24.34
```

```
Credit Card Remitd
  (Card Name:VISA)                  $24.34
  (Account #:XXXXXXXXXXXX(1814)
  (Approval #:027936)
  (Transaction #:670)
  (AID:A000000031010
  (AL:VISA CREDIT)                  Chip)
  (PIN:Not Required)
```

Includes up to $50 insurance

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Save this receipt as evidence of
insurance. For information on filing
an insurance claim go to
https://www.usps.com/help/claims.htm

Preview your Mail
Track your Packages
Sign up for FREE @
www.informeddelivery.com

# Exhibit M

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK Petroleum, Kamaljit Singh, Prabhjit Singh and Sunny Singh

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                      Tue, Mar 3, 2020 at 1:47 PM
To: pkram@ramassociates.us
Cc: Kamaljit Singh <aujlaus@yahoo.com>, lukoils@yahoo.com, sunpreet1971@icloud.com

Mr. Ram,

Thank you for taking my call earlier today. As discussed, we will look forward to meeting with your staff and obtaining all of the documents demanded by the Plaintiff in this litigation on Thursday morning, March 5, 2020, at 10:00 am since Mssrs. Singh advised that these records are all within your possession as their accountant.

Below is the list of documents which were Ordered by the Federal Court to be produced to the Plaintiff's attorney no later than March 13, 2020 which we will require from your offices. This list applies to each of the gentlemen referenced above and to their businesses and concerns any records from September 1, 2015 through present.

2. Documents evidencing the ownership of ABK Petroleum Corp.
3. Documents identifying all the names and addresses of any other corporations, partnerships, or business interests owned, in whole or in part, or operated, in whole or in part, by any or all principals of the ABK Petroleum Corp.
4. For each and every corporation, partnership, or other business enterprise in which Prabhjit Singh owns any interest, documents evidencing such ownership interest.
5. For each and every corporation, partnership, or other business enterprise in which Kamaljit Singh owns any interest, documents evidencing such ownership interest.
6. For each and every corporation, partnership, or other business enterprise in which Sunny Singh a/k/a Sonny Singh owns any interest, documents evidencing such ownership interest.
7. All corporate governance documents for each entity in which any defendant has an ownership interest, including but not limited to shareholders agreements, operating agreements, and/or partnership agreements.
8. Federal and state income tax returns for ABK Petroleum, Inc., Kamaljit Singh, Prabhjit Singh, and all other business entities owned, wholly or in part, by any defendant to this action.
9. Any and all documents filed with federal or state taxing authorities concerning any employees of any defendant to this action or any corporation, partnership or other business entity in which any defendant to this action has an ownership interest.
10. All documents identifying the individuals responsible for the preparation of payroll for any employee of any Defendant.
11. All documents concerning the work schedules of each and every employee of each defendant to this action and/or any corporation, partnership or other business entity in which any defendant to this action has an ownership interest.
12. All documents concerning or reflecting the hours worked by each and every employee of each defendant in this action and/or any corporation, partnership or other business entity in which any defendant to this action has an ownership interest. Such documents may include, without limitation, punch cards, time sheets, timecards, and work logs.
13. All documents concerning the method of computation and/or the amount of compensation received by each and every employee employed by each defendant to this action and/or by any corporation, partnership or other business entity in which any defendant to this action has an ownership interest, including, without limitation, the following:
a. all payroll records;
b. copies of paychecks;
c. Paycheck receipts;
d. records of cash payments;
e. records of vacation;
f. records of holiday and/or sick pay;
g. records of payment summaries.
14. All documents concerning any policy or practice of any defendant, and/or any corporation, partnership or other business entity in which any defendant to this action has an ownership interest, concerning the provision of meal breaks and rest breaks to its employees.
15. All documents concerning any deductions made in the wages of any employee for meal breaks or rest breaks.
16. All documents that reflect or demonstrate the date and time of Plaintiff's meal and/or rest breaks, if any.
17. All documents concerning any deductions from the wages the employees of any defendant to this action, and/or the employees of any business entity in which any defendant to this action has an ownership interest.
18. All documents concerning any administrative or civil complaints, claims or grievances filed or asserted against any defendant to this action, and/or any business entity in which any defendant to this action has an ownership interest, related to an employee's claim for unpaid wages.
19. All documents concerning any investigation conducted by any federal, state or local governmental agency into any

defendant to this action, and/or any business entity in which any defendant to this action has an ownership interest, regarding employee compensation.

20. All documents concerning (and therefore reflecting or indicating) the names and/or other contact information for any employee of any defendant, and/or any business entity in which any defendant to this action has an ownership interest, such as any employee rosters or other employment records.

21. All documents concerning (and therefore reflecting or indicating) the names and/or other contact information for any employee of any defendant to this action and/or any business entity in which any defendant to this action has an ownership interest, who engaged in similar job duties as Sunil Dutt.

22. Where not produced in response to another Request herein, all documents concerning the number of hours worked by each and every employee of the defendants herein and/or the employees of each entity in which any defendant herein has an ownership interest.

23. All written policies and/or procedures concerning the discipline and/or termination of employees.

24. All documents concerning any employees of the defendants herein, and/or the employees of each business entity in which any defendant herein has an ownership interest, regarding or setting forth the following information:

a. name;
b. address;
c. date of birth;
d. number of dependents; and
e. United States work status information (i.e. green card or other immigration information).

25. All documents concerning the sale or transfer of any and all business assets and/or debts of the defendants herein during the Relevant Period. This Request shall include but not be limited to:

a. documents concerning the transfer of debts or assets amongst and between the defendants in this action, and/or their immediate family members; and

b. documents concerning the transfer of debts or assets to any employee.

26. Where not already produced in response to another Request herein, payroll records and timesheets for all employees of the defendants herein and/or the entities in which the defendants herein have an ownership interest.

27. Where not already produced in response to another Request herein, business records described or referenced as "Other Business Records of Defendants" in Section V of Defendants' F.R.C.P. 26 Disclosures dated March 28, 2019.

28. Where not already produced in response to another Request herein, the records and settlement file for the Department of Labor claim against Prabhjit Singh.


I appreciate that this is a potentially a substantial amount of records, but we do not have any discretion in what is or is not produced under these demands. As you can appreciate from the subpoena you previously received, these demands require that a response be provided and only after a response is provided can we steps to limit the admissibility of these records in court. Therefore, if you have any records which may fall within this scope, but you are not sure, please provide them and identify them for us so that we can make that determination.

If on review of these items it is determined that the records either do not exist or were already produced to the Plaintiff's attorney through your prior subpoena response, please advise me and we can inform the Court of same.

Thank you for your professionalism in this matter and we will look forward to our conference

Alex

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

# Exhibit N

                                    **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Proposed Settlement Agreement

**Daniel Knox** <dknox@knoxlaw.nyc>                                    Tue, Mar 10, 2020 at 4:06 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>
Cc: Alexander Kadochnikov <Akadochnikov@sbagk.com>

Please see attached for your review.


Regards,


**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f):  (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking
of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is
prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable
privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its
attachments without saving, distributing or copying in any manner.


CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL
EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-
CLIENT PRIVILEGE

---

 **Settlement Agreement.docx**
35K

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | Case No. 18-14117 |
| Plaintiff, | |
| -against- | |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | |
| Defendants. | |

## SETTLEMENT AGREEMENT

Plaintiff Sunil Dutt ("**Plaintiff**") and Defendants ABK Petroleum Corp. ("**ABK**"), Sunpreet Singh a/ka Sunny Singh a/k/a Sonny Singh, Prabhjit Singh, and Kamaljit Singh (collectively, the "**Defendants**", and with Plaintiffs, the "**Parties**") hereby agree upon this Settlement Agreement ("**Agreement**") as a resolution of all issues involved herein as follows:

1.     **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including Daniel Knox of Knox Law Group, P.C. (hereinafter "**Plaintiffs' Counsel**"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms. Plaintiff believes that the Agreement fairly and accurately provides for the payment of all sums due to him, as well as additional monies in consideration for his execution of the Agreement. Given the promises set forth in the Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during his employment by Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from these defendants.

Defendants have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including Richard M. Flynn and Alex Flynn of Flynn & Associates, LLC, and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement.  Prior to signing this Agreement, Defendants have had the opportunity to consider their counsel's advice with respect to this Agreement.  Defendants enter into this Agreement voluntarily and with a full understanding of tis terms.  Defendants believe that the Agreement fairly and accurately provides for the resolution of any and all disputes between themselves and Plaintiff in consideration for their execution of the Agreement.  Given

the promises set forth in the Agreement, Defendants represent and warrant that there is no outstanding debt owed to any Defendant by Plaintiff by virtue of a loan or otherwise.

2.    **Dismissal of the Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees: (1) to dismiss with prejudice, or cause to be dismissed with prejudice, his claims asserted against Defendants in the above-captioned litigation (the **"Pending Action"**); (2) not to file or re-file the claims asserted in the Pending Action, or any other wage and hour claims against Releasees (as defined below) arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; and (3) not to institute any action against any Releasees in any court or other forum based on allegations or claims that are released as set forth in this Agreement. The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action against Defendants and a release of Plaintiffs' claims as specified herein.

3.    **Consideration**. Defendants agree to pay Plaintiff and his attorney the total sum of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00) as set forth and allocated in Section 6 below (hereinafter the "**Settlement Payment**"), and other good and valuable consideration as described below.  Notwithstanding anything to the contrary herein, the Parties acknowledge that Sunny Singh a/k/a Sonny Singh shall not be responsible for any portion of the Settlement Payment, having no association with ABK Petroleum Corp. at any time relevant to this matter.

The Parties acknowledge and agree that the Settlement Payment includes attorneys' fees, costs, penalties, and liquidated damages. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

4.    **Release**. In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff agrees to dismiss the Pending Action, with prejudice, and release, waive, acquit and forever discharge the Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors. officers, employees, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of them (hereinafter "**Releasees**"), from any and all charges, complaints, claims. controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown. asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Releasees.

In consideration of the promises and actions of Plaintiff set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants release, waive, acquit and forever discharge the Plaintiff, and his respective Releasees from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which any Defendant may have or claim to have against the Plaintiff.

Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiffs are precluded from receiving compensation as a result of any such action.

5.      **Plaintiffs' Responsibility for Taxes**. Plaintiff assumes full responsibility for his respective portion of the Settlement Payment of any and all federal, state and local taxes with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's' Counsel pursuant to this Agreement.

6.      **Payment**.

A.      In consideration of the promises of Plaintiff set forth herein, Defendants shall issue the Settlement Payment set forth in Section 3 as a full and complete settlement and final satisfaction of any and all claims concerning wages and hours worked that Plaintiffs have or may have against Releasees as set forth in Section 4, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be delivered to Plaintiffs' Counsel as follows:

(i)      Payment 1: Within three (3) business days of approval by the Court of this Agreement and the Court's dismissal of the Pending Action with prejudice, Defendants shall make their first settlement payment (the "**Initial Settlement Payment**") for the sum of Forty Thousand Dollars ($40,000.00), payable to Plaintiff's Counsel, as attorney.

(ii)      Payments 2 Through 37: Thirty (30) days after the Initial Settlement Payment, Defendants shall make the first of thirty-six (36) equal installment payments (the "**Installment Payments**") for the sum of Two Thousand Five Hundred Dollars ($2,500.00) each, with each subsequent Installment Payment to be made no later than the 15th date of each subsequent month.

B.      To the extent any Settlement Payment due date above falls on a weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit

3

Defendants' right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

C.      In no event shall any Settlement Payment under Sections 3 and 6 of this Agreement be due until the Pending Action is fully and finally dismissed against Defendants with prejudice. The Parties agree that this settlement agreement is a fair and reasonable resolution of a bona fide dispute for unpaid wages.

7.      **Confession of Judgment.**  Along with an executed version of this Agreement, Defendants Prabhjit Singh and Kamaljit Singh shall both concurrently execute and return affidavits confessing judgment in substantially similar form as the sample annexed hereto on behalf of themselves and ABK.

8.      **Default.**  The Court shall retain jurisdiction pursuant to Section 9 below and the other terms of this Agreement in the event of Defendants' failure to pay the Settlement Amount. In the event of default, Plaintiff shall serve a written notice (**"Default Notice"**) upon counsel for the Defendant by email, and Defendants shall have three (3) business days from the date of delivery of the Default Notice to cure the default by making such payment.  If Defendants do not cure the default within three business days of the notice, Plaintiff and his Counsel shall have the right to a judgment against Defendants ABK, Prabhjit Singh, Kamaljit Singh, jointly and severally, in the amount of Seventy Thousand Dollars ($130,000.00), together with interest at the rate of nine percent (9%) per annum accruing from the date of filing of the Pending Action, less any monies paid by Defendants at the time of default, plus reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement.  The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his Counsel.

9.      **No Claims Filed.**  The Parties represent to one another, that other than the Pending Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Releasees based upon any claims released under this Agreement filed or submitted by any Party or with their knowledge, or on their behalf against any other party hereto with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, any Party shall have the right to use this agreement to terminate such proceedings as to such Party. The Parties, if requested by counsel for any Party, immediately cooperate (within the bounds of the law) in such counsel 's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to any Releasees. The Parties further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have had or may have against any of the Releasees

10.      **Merger.**  The Parties hereto acknowledge that, by signing this Agreement, they have not relied upon any representations, promises or agreements made by any other Party or a representative thereof (including attorneys) that are not contained in this Agreement.

11.      **Status of Settlement if Case is Not Ultimately Dismissed.**  In the event the Court fails to dismiss the Pending Action with prejudice as to Defendants as contemplated by

this Agreement, this Agreement shall be null and void *ab initio*. In such case, the Parties shall be returned to their respective statuses as of March 10, 2020 and the Parties shall proceed in all respects as if the Parties never executed the Agreement or any other stipulation during the pendency of the litigation.

12. **No Modification Except in Writing.** This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

13. **Severability.** If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable.

14. **Execution in Counterpart and Facsimile Signatures.** This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for the purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

15. **Notices**. Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if emailed to a party's counsel, mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff:

> Knox Law Group, PC
> Attn: Daniel Knox, Esq.
> 1 Penn Plaza, Suite 2430
> New York, NY, 10119
> Dknox@knoxlaw.nyc

If to the Defendants:

> Flynn & Associates, LLC
> Attn: Alex Flynn, Esq.
> 439 Monmouth Street
> Gloucester City, NJ 08030
> rflynnlawllc@gmail.com

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date written below:

**PLAINTIFF:**

_____                    Dated: _____
Sunil Dutt


**DEFENDANTS:**


ABK PETROLEUM CORP.

_____                    Dated: _____
By:
Authorized Representative


_____                    Dated: _____
Sunpreet Singh


_____                    Dated: _____
Prabhjit Singh


_____                    Dated: _____
Kamaljit Singh

SCHEDULE A – AFFIDAVIT OF CONFESSION OF JUDGMENT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUNIL DUTT, on behalf of himself
and all other persons similarly situated,

                    Plaintiff,

-against-

ABK PETROLEUM CORP., ABC CORP.s No.s
1-10 (said names being unknown and fictitious),
SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT
SINGH, and KAMALJIT SINGH,

                    Defendants.

Case No. 18-14117

**AFFIDAVIT OF**

**CONFESSION OF JUDGMENT**

State of New Jersey        )

County of _____ )


_____, being duly sworn, deposes and says:

1. I am an individual named in the litigation captioned above.

2. My address is

3. This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

    a. At all times relevant to the underlying matter captioned above (the "Litigation"), I was a
       shareholder of ABK Petroleum Corp. ("ABK")

    b. ABK owns and operates a gas station located at 4355 US-130, Beverly, New Jersey (the
       "Station").

    c. Sunil Dutt labored as an attendant at the Station between, facilitating the sale of gasoline
       and other goods to consumers.

7

    d.   For the period beginning September 21, 2015 through June 18, 2017, Mr. Dutt worked from 9:00 p.m. to 11:00 a.m., seven days per week, for a total of ninety-eight hours per week.

    e.   Beginning on or about June 18, 2017, Mr. Dutt's work schedule changed to 10:00 p.m. to 11:00 a.m., for a total of nine-one hours per week.

    f.   ABK compensated Mr. Dutt a flat rate of $2,300.00 per month.

    g.   On or about September 20, 2018, Mr. Dutt commenced the Litigation, seeking compensation for unpaid minimum and overtime wages.

    h.   I executed the Settlement Agreement and Release, dated _____, whereby the parties agreed to settle the Litigation in exchange for a payment of $130,000.00 by myself and my co-defendants to Mr. Dutt.

4.   On behalf of myself, individually, and ABK, both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the $130,000.00 remains unpaid.


                          _____
                               Singh

Sworn to before me this ___
day of March 2020

_____
Notary Public

# Exhibit O

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK; Defendants' Revisions to Settlement Agt

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Wed, Mar 25, 2020 at 10:01 AM
To: Daniel Knox <dknox@knoxlaw.nyc>

Dan,

In anticipation of our conference call with the Court in a few minutes, we've attached a revised draft of the settlement agreement for your review.

When you are ready to initiate the call, please use my cell phone 609-706-5896 since we are not able to be in the office.

Thanks,
Alex

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

---

 **Second Revised Proposed Settlement Agreement 3-25-2020.docx**
77K

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUNIL DUTT, on behalf of himself
and all other persons similarly situated,

              Plaintiff,

~~-against-~~
V.

ABK PETROLEUM CORP., AB__C CORP.s No.s
1-10 (said names being unknown and fictitious),
SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT
SINGH, and KAMALJIT SINGH,

              Defendants.

CIVIL ACTION

Case No. 18-14117

**SETTLEMENT AGREEMENT**

## SETTLEMENT AGREEMENT

    Plaintiff Sunil Dutt ("**Plaintiff**") and Defendants ABK Petroleum Corp. ("**ABK**"), Sunpreet Singh a/ka Sunny Singh a/k/a Sonny Singh, Prabhjit Singh, and Kamaljit Singh (collectively, the "**Defendants**", and with Plaintiffs, the "**Parties**") hereby agree upon this Settlement Agreement ("**Agreement**") as a resolution of all issues involved herein as follows:

    1.    **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including Daniel Knox, Esq., of Knox Law Group, P.C. and Alexander Kadochnikov, Esq., of Gill & Kadochnikov, P.C., (hereinafter "**Plaintiffs' Counsel**"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms. Plaintiff believes that the Agreement fairly and accurately provides for the payment of all sums due to him, as well as additional monies in consideration for his execution of the Agreement. Given the promises set forth in the Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during his employment by Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from these defendants.

    Defendants have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including Richard M. Flynn, Esq. and Alex Flynn, Esq. of the law firm of Flynn & Associates, LLC, and/or other advisors of their own choosing in order

1

to obtain advice with respect to the terms of this Agreement.  Prior to signing this Agreement, Defendants have had the opportunity to consider their counsel's advice with respect to this Agreement.  Defendants enter into this Agreement voluntarily and with a full understanding of its ~~tis~~ terms.  Defendants believe that the Agreement fairly and accurately provides for the resolution of any and all disputes between themselves and Plaintiff in consideration for their execution of the Agreement.  Given the promises set forth in the Agreement, Defendants represent and warrant that there is no outstanding debt owed to any Defendant by Plaintiff by virtue of a loan or otherwise.

Given the facts and circumstances of Plaintiff's allegations and the terms of this Settlement Agreement, the Plaintiff hereby agrees to forever release and discharge Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, because he has no liability whatsoever in this matter. Therefore Sunpreet Singh shall not be responsible for any portion of the Settlement Payment since he had no ownership interest, management position or other role related to ABK Petroleum Corp. at any time relevant to this matter.

2. **Dismissal of the Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees:

    a. ~~(1)~~ ~~t~~That this settlement represents a fair and complete resolutions of any claim which Plaintiff may have now or in the future relating to the Defendants as of the date of his signature on this Agreement, whether known or unknown to him at this time.

    b. ~~T~~To dismiss with prejudice, or cause to be dismissed with prejudice, his claims asserted against Defendants in the above-captioned litigation (the "**Pending Action**");

    c. ~~(2) n~~Not to file or re-file the claims asserted in the Pending Action, or any other wage and hour claims against Releasees (as defined below) arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; ~~and~~

    d. ~~(3) n~~Not to institute any action against any Releasees in any court or other forum based on allegations or claims that are released as set forth in this Agreement; and.

    e. Upon the execution of this Agreement, the Plaintiff's counsel shall execute the attached Stipulation of Dismissal with Prejudice to dismiss Sunpreet Singh, improperly plead as Sunny Singh a/k/a Sonny Singh, from this matter. Plaintiff's counsel shall take steps to ensure that the Stipulation of Dismiss for Sunpreet Singh shall be filed immediately with the Court.

The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action against Defendants and a release of Plaintiffs' claims as specified herein.

2

3.    **Consideration**. Defendants ABK Petroleum Corp., by and through its owners, Prabhjit Singh and Kamaljit Singh, (the "Financially Responsible Defendants") agree to pay Plaintiff ~~and his attorney~~ the total sum of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00) as set forth and allocated in Section 6 below (hereinafter the "**Settlement Payment**"), and other good and valuable consideration as described below. Notwithstanding anything to the contrary herein, the Parties acknowledge that Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, has no liability whatsoever in this matter and therefore shall not be responsible for any portion of the Settlement Payment since he had ~~, having~~ no ~~association~~ ownership interest, management position or other role related to ~~with~~ ABK Petroleum Corp. at any time relevant to this matter.

The Parties acknowledge and agree that the Settlement Payment is the total amount to be paid in this matter and same represents the sum total of all payments to be made from the Releasees in this matter. Plaintiff acknowledges that this sum shall be used to satisfy his ~~includes~~ attorneys' fees and ~~,~~ costs and that any remaining funds due him thereafter shall represent his recovery of ~~, penalties, and liquidated~~ damages in this matter. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

4.    **Release**. In consideration of the promises, payments and actions of ~~Defendants~~ the Financially Responsible Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff agrees to dismiss the Pending Action, with prejudice, and release, waive, acquit and forever discharge all ~~the~~ Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors. officers, employees, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of them (hereinafter "**Releasees**"), from any and all charges, complaints, claims. controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown. asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Releasees.

In consideration of the promises and actions of Plaintiff set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants release, waive, acquit and forever discharge the Plaintiff, and his respective Releasees from any and all charges, complaints, claims, controversies, demands, rights,

3

disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which any Defendant may have or claim to have against the Plaintiff.

Except for the provisions of the confidentiality clause set forth herein, Nnothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiffs are precluded from receiving compensation as a result of any such action and Plaintiff stipulates herein that through the settlement of this matter, he has no further claims arising out of his employment which would be within the scope of the jurisdiction of the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. .

5.   **Plaintiffs' Responsibility for Taxes**. Plaintiff assumes full responsibility for his respective portion of the Settlement Payment of any and all federal, state and local taxes with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's Counsel pursuant to this Agreement. Plaintiff and the Financially Responsible Defendants agree that all funds paid under this Agreement shall be considered and treated as wages and/or other compensation earned by Plaintiff during his term of employment.

6.   **Payment**.

A.   In consideration of the promises of Plaintiff set forth herein, the Financially Responsible Defendants shall issue the Settlement Payment set forth in Section 3 as a full and complete settlement and final satisfaction of any and all claims concerning wages and hours worked that Plaintiffs have or may have against Releasees as set forth in Section 4, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be delivered to Plaintiffs' Counsel as follows:

(i)   Payment 1: Within ten three (10 3) business days of approval by the Court of this Agreement and the Court's dismissal of the Pending Action with prejudice, the Financially Responsible Defendants shall make their first settlement payment (the "**Initial Settlement Payment**") for the sum of Forty Thousand Dollars ($40,000.00). Per Plaintiff's request, this initial payment shall be made , payable to Plaintiff's Counsel, as attorney.

(ii)   Payments 2 Through 37: Thirty (30) days after the Initial Settlement Payment, the Financially Responsible Defendants shall make the first of thirty-six (36) equal installment payments (the "**Installment Payments**") for the sum of Two Thousand Five Hundred Dollars ($2,500.00) each, with each subsequent Installment Payment to be made no later than the 15th date of each subsequent month.

4

B.      To the extent any Settlement Payment due date above falls on a weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit the Financially Responsible Defendants' right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

C.      In no event shall any Settlement Payment under Sections 3 and 6 of this Agreement be due until the Pending Action is fully and finally dismissed against all Defendants with prejudice. The Parties agree that this settlement agreement is a fair and reasonable resolution of a bona fide dispute for unpaid wages.

7.      Confession of Judgment.  Along with an executed version of this Agreement, Defendants Prabhjit Singh and Kamaljit Singh shall both concurrently execute and return affidavits confessing judgment in substantially similar form as the sample annexed hereto on behalf of themselves and ABK.

8.      **Default.**  The Court shall retain jurisdiction pursuant to Section 9 below and the other terms of this Agreement in the event of the Financially Responsible Defendants' failure to pay the Settlement Amount.  Default shall be defined as the failure of the Financially Responsible Defendants to tender any payment due under this Settlement Agreement within three (3) business days of the date that the payment is due. In the event of default, Plaintiff shall serve a written notice (**"Default Notice"**) upon the Financially Responsible Defendants via regular and Certified Mail, along with counsel for the Defendants by regular mail and email, and Defendants shall have five three (53) business days from their receipt date of delivery of the Default Notice to cure the default by making such payment.  If the Financially Responsible Defendants do not cure the default within five three business days of receipt of the notice, Plaintiff and his Counsel shall have the right to a judgment against the Financially Responsible Defendants, ABK Petroleum Corp., Prabhjit Singh, Kamaljit Singh, jointly and severally, in the amount of the gross value of this Settlement Agreement, less any payments made hereunder to Plaintiff, Seventy Thousand Dollars ($130,000.00), together with interest at the rate of nine percent (9%)approved by the Federal Court of the United States, District of New Jersey,  per annum accruing from the date of the defaultfiling of the Pending Action, less any monies paid by Defendants at the time of default, plus reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement.  The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his Counsel.

9.      **Confession of Judgment.**  Along with an executed version of this Agreement, Defendants Prabhjit Singh and Kamaljit Singh shall both concurrently execute and return affidavits confessing judgment in substantially similar form as the draft sample annexed hereto on behalf of themselves and ABK Petroleum Corp.. Plaintiff's counsel shall retain these documents until such time as the final payment is made under this Agreement. Plaintiff and his counsel shall only be permitted to file these documents and take action to enforce a judgment therein in the event that a Default arises which is not cured pursuant to the terms of this Agreement. If Plaintiff or his counsel take any action with the Court to cause these Confesssions of Judgment to be filed or a Judgment sought without first following the procedural and substantive obligations imposed herein for an alleged Default

and Default Notice, Defendants may seek to recover their costs, attorneys' fees and any damages awarded by the Court against Plaintiff and/or his counsel. Upon the final installment payment under this Agreement, Plaintiff's counsel shall return the original signed Confessions of Judgment to Defendant's Counsel, along with a completed Satisfaction of Judgment bearing Plaintiff's signature which may retained and utilized by any Defendant in this action in the event that an issue related to the complete payment of all sums due under this Agreement shall arise.

10.    **No Claims Filed.**  The Parties represent to one another, that other than the Pending Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Releasees based upon any claims released under this Agreement filed or submitted by any Party or with their knowledge, or on their behalf against any other party hereto with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, any Party shall have the right to use this agreement to terminate such proceedings as to such Party. The Parties, if requested by counsel for any Party, shall immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to any Releasees. The Parties further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have had or may have against any of the Releasees

11.    **Merger.**  The Parties hereto acknowledge that, by signing this Agreement, they have not relied upon any representations, promises or agreements made by any other Party or a representative thereof (including attorneys) that are not contained in this Agreement.

12.    **Status of Settlement if Case is Not Ultimately Dismissed.**  In the event the Court fails to dismiss the Pending Action with prejudice as to Defendants as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of March 10, 2020 and the Parties shall proceed in all respects as if the Parties never executed the Agreement or any other stipulation during the pendency of the litigation.

13.    **No Modification Except in Writing.**  This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

14.    **Severability.**  If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable.

15.    **Execution in Counterpart and Facsimile Signatures.**  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Any signature made and transmitted by

facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for the purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

16.    **Notices**.    Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if emailed to a party's counsel, mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff:

        Knox Law Group, PC
        Attn: Daniel Knox, Esq.
        1 Penn Plaza, Suite 2430
        New York, NY, 10119
        Dknox@knoxlaw.nyc

If to the Defendants:

        Flynn & Associates, LLC
        Attn: Alex Flynn, Esq.
        439 Monmouth Street
        Gloucester City, NJ 08030
        rflynnlawllc@gmail.com

17.    **Confidentiality.** Pursuant to the Court's prior finding of good cause to enter the Discovery Confidentiality Order, dated December 17, 2019, in this matter, and in keeping with same, the Parties as broadly defined in the scope of the term Releasees, along with their counsel in this matter, agree that the terms, conditions and existence of this Agreement are confidential in nature and may not be disclosed to any third party other than the parties' attorneys, accountants, financial institutions, government authorities and other persons having the need to know as required by law. All parties and their counsel agree that with the sole exception of Plaintiff's contingent rights to seek an entry of judgment based upon the provisions herein related to an alleged Default and entry of a Confession of Judgment, they will not disclose a copy of this Settlement Agreement or the terms of the Settlement Agreement to any third party or docket this Settlement Agreement on the official records of the United States District Court or any other publicly accessible records system without first obtaining the written consent of all other parties and their counsel, which may be withheld in the sole discretion any of those individuals.

If any party or counsel breaches this confidentiality provision, the other Parties to this Agreement, individually or jointly, are entitled to any and all remedies at law, including but not limited to, money damages in an amount equal to or greater than the Settlement Funds. It is also understood and agreed that money damages may not be a sufficient remedy for any breach of this Agreement by the Releasor, and that the Releasee and such other Parties will be entitled, without being required to post a bond or other security, to equitable relief, including injunction and specific performance, as a remedy for any such breach.

Furthermore, pursuant to the Court's Discovery Confidentiality Order, neither Plaintiff nor his attorneys or the other individuals authorized to have obtained Defendants' records shall disclose any of the confidential material obtained through the course of discovery in this matter to any third party after final execution of this Agreement. Plaintiff and his attorneys shall take all necessary measures to ensure the security of the Defendants' data obtained through discovery against unauthorized disclosure, including but not limited to electronically stored information and physical copies of records.

Plaintiff and his attorneys hereby disclose that the complete list of all third parties which were provided with any information received in the course of litigation and covered by the Court's Discovery Confidentiality Order are as follows (to be appended as necessary):

_____

Name, Address, Phone Number

_____

General Description of Information Received

_____

Name, Address, Phone Number

_____

General Description of Information Received

_____

Name, Address, Phone Number

_____

General Description of Information Received

18.   **Waiver of Conflict of Interests.** By their signatures below, Defendants each

acknowledge that they were fully advised of the potential scope and nature of a conflict of interests in their joint representation and defense by the Law Firm of Flynn & Associates, LLC and they acknowledge that they have previously waived any potential conflict of interests in their representation in this litigation and continue to waive same in the negotiation and execution of this Settlement Agreement.

————**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

| | |
|---|---|
| Dated: _____ <br><br> **Flynn & Associates, LLC** <br><br> by <br><br> _____ <br> **Richard M. Flynn, Esquire** <br> Counsel for Defendants | Dated: _____ <br><br> **Knox Law Group, P.C.** <br><br> by <br><br> _____ <br> **Daniel Knox, Esquire** <br> Counsel for Plaintiff |
| Dated: _____ <br><br> **Flynn & Associates, LLC** <br><br> by <br><br> _____ <br> **Alex Flynn, Esquire** <br> Counsel for Defendants | Dated: _____ <br><br> **Gill & Kadochnikov, P.C.** <br><br> by <br><br> _____ <br> **Alexander Kadochnikov, Esquire** <br> Counsel for Plaintiff |

**PLAINTIFF:**

_____          Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

_____          Dated: _____
By:
Authorized Representative

_____          Dated: _____
Sunpreet Singh, Defendant,

Improperly plead as Sunny Singh a/k/a Sonny Singh


_____          Dated: _____
Prabhjit Singh, Defendant
and shareholder of ABK Petroleum Corp.


_____          Dated: _____
Kamaljit Singh, Defendant
and shareholder of ABK Petroleum Corp.

SCHEDULE A – AFFIDAVIT OF CONFESSION OF JUDGMENT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| Plaintiff, | Case No. 18-14117 |
| -against- | |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **AFFIDAVIT OF CONFESSION OF JUDGMENT** |
| Defendants. | |

State of New Jersey      }

County of  Camden————}


Kamaljit Singh, ——————————, being duly sworn, deposes and says:

1. I am an individual named in the litigation captioned above.

2. My address is 1 Farmhouse Court, Moorestown, NJ 08057.

3. This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

   a. At all times relevant to the underlying matter captioned above (the "Litigation"), I was a shareholder of ABK Petroleum Corp. ("ABK")

   b. ABK Petroleum Corp. owns and operatesd a gas station located at 4355 US-130, Beverly, New Jersey (the "Station").

13

c.  Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the station. labored as an attendant at the Station between, facilitating the sale of gasoline and other goods to consumers.

d.  For the period beginning September 21, 2015 through June 18, 2017, Mr. Dutt worked from 9:00 p.m. to 11:00 a.m., seven days per week, for a total of ninety-eight hours per week.

e.  Beginning on or about June 18, 2017, Mr. Dutt's work schedule changed to 10:00 p.m. to 11:00 a.m., for a total of nine-one hours per week.

f.  ABK compensated Mr. Dutt a flat rate of $2,300.00 per month.

g.  Sunil Dutt instituted litigation against ABK Petroleum Corp., along with other Defendants, including myself individually, asserting that he was underpaid during the course of his employment. On or about September 20, 2018, Mr. Dutt commenced the Litigation, seeking compensation for unpaid minimum and overtime wages.

h.  An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum to resolve the dispute.

i.  I executed the Settlement Agreement and Release in this matter, dated _____. , whereby the parties agreed to settle the Litigation in exchange for a payment of $130,000.00 by myself and my co-defendants to Mr. Dutt.

4.  On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I

hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the ~~$130,000.00~~ Settlement Agreement remains unpaid, so long as Plaintiff has proven to the Court's satisfaction that Plaintiff has fully complied with the terms therein, including the requirements for proving a Default and and serving me the requisite Default Notice.

_____
Kamaljit ——Singh

Sworn to before me this ___
day of March 2020

_____
Notary Public

15

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUNIL DUTT, on behalf of himself
and all other persons similarly situated,

                    Plaintiff,

-against-

ABK PETROLEUM CORP., ABC CORP.s No.s
1-10 (said names being unknown and fictitious),
SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT
SINGH, and KAMALJIT SINGH,

                    Defendants.

CIVIL ACTION

Case No. 18-14117

**AFFIDAVIT OF**

**CONFESSION OF JUDGMENT**

State of New Jersey

County of Camden

Prabhjit Singh, being duly sworn, deposes and says:

1. I am an individual named in the litigation captioned above.

2. My address is _____.

3. This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

    a. At all times relevant to the underlying matter captioned above (the "Litigation"), I was a shareholder of ABK Petroleum Corp.

    b. ABK Petroleum Corp. operated a gas station located at 4355 US-130, Beverly, New Jersey (the "Station").

    c. Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the station.

16

   d. Sunil Dutt instituted litigation against ABK Petroleum Corp., along with other Defendants, including myself individually, asserting that he was underpaid during the course of his employment.

   e. An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum to resolve the dispute.

   f. I executed the Settlement Agreement and Release in this matter, dated _____.

4. On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the Settlement Agreement remains unpaid, so long as Plaintiff has proven to the Court's satisfaction that Plaintiff has fully complied with the terms therein, including the requirements for proving a Default and serving me with the requisite Default Notice.

_____
Prabhjit Singh

Sworn to before me this ___
day of March 2020

_____
Notary Public

17

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| Plaintiff, | |
| -against- | Case No. 18-14117 |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **STIPULATION OF DISMISSAL WITH PREJUDICE** |
| Defendants. | |

IT IS HEREBY STIPULATED THAT DEFENDANT SUNNY SINGH a/k/a SONNY SINGH, IS HEREBY DISMISSED FROM THIS MATTER, WITH PREJUDICE.

| | |
|---|---|
| Dated: _____ | Dated: _____ |
| **Flynn & Associates, LLC** | **Knox Law Group, P.C.** |
| by | by |
| _____ | _____ |
| **Alex Flynn, Esquire** | **Daniel Knox, Esquire** |
| Counsel for Defendants | Counsel for Plaintiff |

18

# Exhibit P



**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK; Defendants' Revisions to Settlement Agt

**Daniel Knox** <dknox@knoxlaw.nyc>                                            Wed, Mar 25, 2020 at 2:12 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>

Good afternoon,

Please see attached with proposed changes.

Notably, my issues with your changes are as follows:

- If your client cannot make the first payment in three business days, then I'll agree to 10 calendar days.
- All payments under the Agreement shall be made to my firm, as attorney
- I will not consent to notices being sent by mail, certified or otherwise, as same carries with it unnecessary delays. Your clients can designate an email address for notice if they seek to receive same directly.  I also left the time periods as three business days each.
- Default interest rate must remain a constant 9%
- Confidentiality provisions are prohibited in FLSA settlements, so same must be stricken except to the extent that it is concerning the documents received.
- The confession of judgment must contain the amount of the settlement and cannot contain contingent language. (Please conform the second confession per my changes to the first).

Regards,


**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f):  (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is

prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

[Quoted text hidden]

---

 **Third Revised Proposed Settlement Agreement 3-25-2020 (002).docx**
63K

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUNIL DUTT, on behalf of himself                          CIVIL ACTION
and all other persons similarly situated,

                        Plaintiff,

~~-against-~~                                             Case No. 18-14117
V.

ABK PETROLEUM CORP., AB__C CORP.s No.s                    **SETTLEMENT AGREEMENT**
1-10 (said names being unknown and fictitious),
SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT
SINGH, and KAMALJIT SINGH,

                        Defendants.

---

**<u>SETTLEMENT AGREEMENT</u>**

     Plaintiff Sunil Dutt ("**Plaintiff**") and Defendants ABK Petroleum Corp. ("**ABK**"), Sunpreet Singh a/ka Sunny Singh a/k/a Sonny Singh, Prabhjit Singh, and Kamaljit Singh (collectively, the "**Defendants**", and with Plaintiffs, the "**Parties**") hereby agree upon this Settlement Agreement ("**Agreement**") as a resolution of all issues involved herein as follows:

     1.    **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including Daniel Knox, Esq., of Knox Law Group, P.C. and Alexander Kadochnikov, Esq., of Gill & Kadochnikov, P.C., (hereinafter "**Plaintiffs' Counsel**"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms. Plaintiff believes that the Agreement fairly and accurately provides for the payment of all sums due to him, as well as additional monies in consideration for his execution of the Agreement. Given the promises set forth in the Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during his employment by Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from these defendants.

     Defendants have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including Richard M. Flynn, Esq. and Alex Flynn, Esq. of the law firm of Flynn & Associates, LLC, and/or other advisors of their own choosing in order

1

to obtain advice with respect to the terms of this Agreement.  Prior to signing this Agreement, Defendants have had the opportunity to consider their counsel's advice with respect to this Agreement.  Defendants enter into this Agreement voluntarily and with a full understanding of its ~~tis~~ terms.  Defendants believe that the Agreement fairly and accurately provides for the resolution of any and all disputes between themselves and Plaintiff in consideration for their execution of the Agreement.  Given the promises set forth in the Agreement, Defendants represent and warrant that there is no outstanding debt owed to any Defendant by Plaintiff by virtue of a loan or otherwise.

Given the facts and circumstances of Plaintiff's allegations and the terms of this Settlement Agreement, the Plaintiff hereby agrees to forever release and discharge Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, because he has no liability whatsoever in this matter. Therefore Sunpreet Singh shall not be responsible for any portion of the Settlement Payment since he had no ownership interest, management position or other role related to ABK Petroleum Corp. at any time relevant to this matter.

2.   **Dismissal of the Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees:

   a.   ~~(1) t~~That this settlement represents a fair and complete resolutions of any claim which Plaintiff may have now or in the future relating to the Defendants as of the date of his signature on this Agreement, whether known or unknown to him at this time.
   b.   ~~T~~o dismiss with prejudice, or cause to be dismissed with prejudice, his claims asserted against Defendants in the above-captioned litigation (the "**Pending Action**");
   c.   ~~(2) n~~Not to file or re-file the claims asserted in the Pending Action, or any other wage and hour claims against Releasees (as defined below) arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action; ~~and~~
   d.   ~~(3) n~~Not to institute any action against any Releasees in any court or other forum based on allegations or claims that are released as set forth in this Agreement; and
   e.   Upon the execution of this Agreement, the Plaintiff's counsel shall execute the attached Stipulation of Dismissal with Prejudice to dismiss Sunpreet Singh, improperly plead as Sunny Singh a/k/a Sonny Singh, from this matter. Plaintiff's counsel shall take steps to ensure that the Stipulation of Dismiss for Sunpreet Singh shall be filed immediately with the Court.

The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action against Defendants and a release of Plaintiffs' claims as specified herein.

2

3.     **Consideration**. Defendants ABK Petroleum Corp., by and through its owners, Prabhjit Singh and Kamaljit Singh, along with each owner in his individual capacity (collectively, the "Financially Responsible Defendants"), being jointly and severally liable, agree to pay Plaintiff ~~and his attorney~~ the total sum of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00) as set forth and allocated in Section 6 below (hereinafter the "**Settlement Payment**"), and other good and valuable consideration as described below.   Notwithstanding anything to the contrary herein, the Parties acknowledge that Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, has no liability whatsoever in this matter and therefore shall not be responsible for any portion of the Settlement Payment since he had ~~, having~~ no ~~association~~ ownership interest, management position or other role related to ~~with~~ ABK Petroleum Corp. at any time relevant to this matter.

The Parties acknowledge and agree that the Settlement Payment is the total amount to be paid in this matter and same represents the sum total of all payments to be made from the Releasees in this matter. Plaintiff acknowledges that this sum shall be used to satisfy his ~~includes~~ attorneys' fees and ~~,~~ costs and that any remaining funds due him thereafter shall represent his recovery of ~~, penalties, and liquidated~~ damages in this matter. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

4.     **Release**. In consideration of the promises, payments and actions of ~~Defendants~~ the Financially Responsible Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff agrees to dismiss the Pending Action, with prejudice, and release, waive, acquit and forever discharge all ~~the~~ Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors. officers, employees, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of them (hereinafter "**Releasees**"), from any and all charges, complaints, claims. controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown. asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Releasees.

In consideration of the promises and actions of Plaintiff set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants release, waive, acquit and forever discharge the Plaintiff, and his respective

Releasees from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which any Defendant may have or claim to have against the Plaintiff.

~~Except for the provisions of the confidentiality clause set forth herein,~~ Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiffs ~~are~~is precluded from receiving compensation as a result of any such action and Plaintiff stipulates herein that through the settlement of this matter, he has no further claims arising out of his employment which would be within the scope of the jurisdiction of the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. ~~.~~

5.  **Plaintiff's~~'~~ Responsibility for Taxes**. Plaintiff assumes full responsibility for his respective portion of the Settlement Payment of any and all federal, state and local taxes with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's' Counsel pursuant to this Agreement. Plaintiff and the Financially Responsible Defendants agree that all funds paid under this Agreement shall be considered and treated as wages and/or other compensation earned by Plaintiff during his term of employment.

6.  **Payment**.

    A.   In consideration of the promises of Plaintiff set forth herein, the Financially Responsible Defendants shall issue the Settlement Payment set forth in Section 3 as a full and complete settlement and final satisfaction of any and all claims ~~concerning wages and hours worked~~ that Plaintiffs have or may have against Releasees as set forth in Section 4, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be delivered to Plaintiffs' Counsel as follows:

    (i)   <u>Payment 1</u>: Within ten ~~three~~ (10 ~~3~~) ~~business~~ calendar days of approval by the Court of this Agreement and the Court's dismissal of the Pending Action with prejudice, the Financially Responsible Defendants shall make their first settlement payment (the "**Initial Settlement Payment**") for the sum of Forty Thousand Dollars ($40,000.00). Per Plaintiff's request, this initial payment shall be made ~~,~~payable to ~~Plaintiff's Counsel~~Knox Law Group, P.C., as attorney.

    (ii)   <u>Payments 2 Through 37</u>: Thirty (30) days after the Initial Settlement Payment, the Financially Responsible Defendants shall make the first of thirty-six (36) equal installment payments (the "**Installment Payments**") for the sum of Two Thousand

Five Hundred Dollars ($2,500.00) each, with each subsequent Installment Payment to be made no later than the 15th date of each subsequent month. All such payments shall be made payable to Knox Law Group, P.C., as attorney.

B.     To the extent any Settlement Payment due date above falls on a weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit the Financially Responsible Defendants' right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

C.     In no event shall any Settlement Payment under Sections 3 and 6 of this Agreement be due until the Pending Action is fully and finally dismissed against all Defendants with prejudice. The Parties agree that this settlement agreement is a fair and reasonable resolution of a bona fide dispute for unpaid wages.

7.     ~~Confession of Judgment.  Along with an executed version of this Agreement, Defendants Prabhjit Singh and Kamaljit Singh shall both concurrently execute and return affidavits confessing judgment in substantially similar form as the sample annexed hereto on behalf of themselves and ABK.~~

8.     **Default.**  The Court shall retain jurisdiction pursuant to Section 9 below and the other terms of this Agreement in the event of the Financially Responsible Defendants' failure to pay the Settlement Amount.  Default shall be defined as the failure of the Financially Responsible Defendants to tender any payment due under this Settlement Agreement within three (3) business days of the date that the payment is due. In the event of default, Plaintiff shall serve a written notice (**"Default Notice"**) upon ~~the Financially Responsible Defendants via regular and Certified Mail, along with~~ counsel for the Defendants by ~~regular mail and~~ email, and Defendants shall have ~~five~~ three (~~5~~3) business days from their ~~receipt~~ date of delivery of the Default Notice to cure the default by making such payment.  If the Financially Responsible Defendants do not cure the default within ~~five~~ three business days of ~~receipt~~ delivery of the notice, Plaintiff and his Counsel shall have the right to a judgment against the Financially Responsible Defendants, ABK Petroleum Corp., Prabhjit Singh, Kamaljit Singh, jointly and severally, in the amount of the gross value of this Settlement Agreement, less any payments made hereunder to Plaintiff, ~~Seventy Thousand Dollars ($130,000.00)~~, together with interest at the rate of nine percent (9%)~~approved by the Federal Court of the United States, District of New Jersey,~~ per annum accruing from the date of the default~~filing of the Pending Action, less any monies paid by Defendants at the time of default~~, plus reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement.  The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his Counsel.

9.     **Confession of Judgment.**  Along with an executed version of this Agreement, Defendants Prabhjit Singh and Kamaljit Singh shall both concurrently execute and return affidavits confessing judgment in substantially similar form as the ~~draft~~ ~~sample~~ annexed hereto on behalf of themselves and ABK Petroleum Corp.. Plaintiff's counsel shall retain these documents until such time as the final payment is made under this Agreement. Plaintiff and his counsel shall only be permitted to file these documents and take action to

enforce a judgment therein in the event that a Default arises which is not cured pursuant to the terms of this Agreement. If Plaintiff or his counsel take any action with the Court to cause these Confesssions of Judgment to be filed or a Judgment sought without first following the procedural and substantive obligations imposed herein for an alleged Default and Default Notice, Defendants may seek to recover their costs, attorneys' fees and any damages awarded by the Court against Plaintiff and/or his counsel. Upon the final installment payment under this Agreement, Plaintiff's counsel shall return the original signed Confessions of Judgment to Defendant's Counsel, along with a completed Satisfaction of Judgment bearing Plaintiff's signature which may retained and utilized by any Defendant in this action in the event that an issue related to the complete payment of all sums due under this Agreement shall arise.

      10.    **No Claims Filed.**  The Parties represent to one another, that other than the Pending Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Releasees based upon any claims released under this Agreement filed or submitted by any Party or with their knowledge, or on their behalf against any other party hereto with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, any Party shall have the right to use this agreement to terminate such proceedings as to such Party. The Parties, if requested by counsel for any Party, shall immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to any Releasees. The Parties further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have had or may have against any of the Releasees

      11.    **Merger.**  The Parties hereto acknowledge that, by signing this Agreement, they have not relied upon any representations, promises or agreements made by any other Party or a representative thereof (including attorneys) that are not contained in this Agreement.

      12.    **Status of Settlement if Case is Not Ultimately Dismissed.**  In the event the Court fails to dismiss the Pending Action with prejudice as to Defendants as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of March 10, 2020 and the Parties shall proceed in all respects as if the Parties never executed the Agreement or any other stipulation during the pendency of the litigation.

      13.    **No Modification Except in Writing.**  This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

      14.    **Severability.**  If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable.

15.    **Execution in Counterpart and Facsimile Signatures.**  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for the purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

16.    **Notices**.   Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if emailed to a party's counsel, mailed by registered or certified mail, return receipt requested, or via overnight delivery service, addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff:

Knox Law Group, PC
Attn: Daniel Knox, Esq.
1 Penn Plaza, Suite 2430
New York, NY, 10119
Dknox@knoxlaw.nyc

If to the Defendants:

Flynn & Associates, LLC
Attn: Alex Flynn, Esq.
439 Monmouth Street
Gloucester City, NJ 08030
rflynnlawllc@gmail.com

17.    ~~**Confidentiality.** Pursuant to the Court's prior finding of good cause to enter the Discovery Confidentiality Order, dated December 17, 2019, in this matter, and in keeping with same, the Parties as broadly defined in the scope of the term Releasees, along with their counsel in this matter, agree that the terms, conditions and existence of this Agreement are confidential in nature and may not be disclosed to any third party other than the parties' attorneys, accountants, financial institutions, government authorities and other persons having the need to know as required by law. All parties and their counsel agree that with the sole exception of Plaintiff's contingent rights to seek an entry of judgment based upon the provisions herein related to an alleged Default and entry of a Confession of Judgment, they will not disclose a copy of this Settlement Agreement or the~~

7

terms of the Settlement Agreement to any third party or docket this Settlement Agreement on the official records of the United States District Court or any other publicly accessible records system without first obtaining the written consent of all other parties and their counsel, which may be withheld in the sole discretion any of those individuals.

If any party or counsel breaches this confidentiality provision, the other Parties to this Agreement, individually or jointly, are entitled to any and all remedies at law, including but not limited to, money damages in an amount equal to or greater than the Settlement Funds. It is also understood and agreed that money damages may not be a sufficient remedy for any breach of this Agreement by the Releasor, and that the Releasee and such other Parties will be entitled, without being required to post a bond or other security, to equitable relief, including injunction and specific performance, as a remedy for any such breach.

Furthermore, pursuant to the Court's Discovery Confidentiality Order, neither Plaintiff nor his attorneys or the other individuals authorized to have obtained Defendants' records shall disclose any of the confidential material obtained through the course of discovery in this matter to any third party after final execution of this Agreement. Plaintiff and his attorneys shall take all necessary measures to ensure the security of the Defendants' data obtained through discovery against unauthorized disclosure, including but not limited to electronically stored information and physical copies of records.

Plaintiff and his attorneys hereby disclose that the complete list of all third parties which were provided with any information received in the course of litigation and covered by the Court's Discovery Confidentiality Order are as follows (to be appended as necessary):

_____

Name, Address, Phone Number

_____

General Description of Information Received

_____

Name, Address, Phone Number

_____

General Description of Information Received

_____

Name, Address, Phone Number

_____

General Description of Information Received

     18.    **Waiver of Conflict of Interests.** By their signatures below, Defendants each acknowledge that they were fully advised of the potential scope and nature of a conflict of interests in their joint representation and defense by the Law Firm of Flynn & Associates, LLC and they acknowledge that they have previously waived any potential conflict of interests in their representation in this litigation and continue to waive same in the negotiation and execution of this Settlement Agreement.

———**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

| | |
|---|---|
| Dated: _____ | Dated: _____ |
| **Flynn & Associates, LLC** | **Knox Law Group, P.C.** |
| by | by |
| _____ | _____ |
| **Richard M. Flynn, Esquire** | **Daniel Knox, Esquire** |
| Counsel for Defendants | Counsel for Plaintiff |
| Dated: _____ | Dated: _____ |
| **Flynn & Associates, LLC** | **Gill & Kadochnikov, P.C.** |
| by | by |
| _____ | _____ |
| **Alex Flynn, Esquire** | **Alexander Kadochnikov, Esquire** |
| Counsel for Defendants | Counsel for Plaintiff |

**PLAINTIFF:**

_____          Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

_____          Dated: _____
By:
Authorized Representative

_____          Dated: _____
Sunpreet Singh, Defendant,

10

Improperly plead as Sunny Singh a/k/a Sonny Singh


_____          Dated: _____
Prabhjit Singh, Defendant
and shareholder of ABK Petroleum Corp.


_____          Dated: _____
Kamaljit Singh, Defendant
and shareholder of ABK Petroleum Corp.

11

~~SCHEDULE A – AFFIDAVIT OF CONFESSION OF JUDGMENT~~

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| | Case No. 18-14117 |
| Plaintiff, | |
| -against- | |
| | **AFFIDAVIT OF** |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **CONFESSION OF JUDGMENT** |
| Defendants. | |

State of New Jersey   }

County of Camden            }

Kamaljit Singh,                    , being duly sworn, deposes and says:

1. I am an individual named in the litigation captioned above.

2. My address is 1 Farmhouse Court, Moorestown, NJ 08057.

3. This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

   a. At all times relevant to the underlying matter captioned above (the "Litigation"), I was a shareholder of ABK Petroleum Corp. ("ABK")

   b. ABK Petroleum Corp. owns and operatesd a gas station located at 4355 US-130, Beverly, New Jersey (the "Station").

13

c. Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the station. labored as an attendant at the Station between, facilitating the sale of gasoline and other goods to consumers.

d. For the period beginning September 21, 2015 through June 18, 2017, Mr. Dutt worked from 9:00 p.m. to 11:00 a.m., seven days per week, for a total of ninety-eight hours per week.

e. Beginning on or about June 18, 2017, Mr. Dutt's work schedule changed to 10:00 p.m. to 11:00 a.m., for a total of nine-one hours per week.

f. ABK compensated Mr. Dutt a flat rate of $2,300.00 per month.

g. Sunil Dutt instituted litigation against ABK Petroleum Corp., along with other Defendants, including myself individually, asserting that he was underpaid during the course of his employment. On or about September 20, 2018, Mr. Dutt commenced the Litigation, seeking compensation for unpaid minimum and overtime wages.

h. An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum of $130,000.00 to resolve the dispute.

i. I executed the Settlement Agreement and Release in this matter, dated _____. , whereby the parties agreed to settle the Litigation in exchange for a payment of $130,000.00 by myself and my co-defendants to Mr. Dutt.

4. On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I

hereby confess judgment herein and consent to the entry thereof against myself and

ABK in a court of competent jurisdiction for whatever balance of the $130,000.00

remains unpaid.

_____
Kamaljit ——Singh

Sworn to before me this ___
day of March 2020

_____
Notary Public

15

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| Plaintiff, | Case No. 18-14117 |
| -against- | |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **AFFIDAVIT OF** **CONFESSION OF JUDGMENT** |
| Defendants. | |

State of New Jersey

County of Camden

Prabhjit Singh, being duly sworn, deposes and says:

1. I am an individual named in the litigation captioned above.

2. My address is _____.

3. This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

    a. At all times relevant to the underlying matter captioned above (the "Litigation"), I was a shareholder of ABK Petroleum Corp.

    b. ABK Petroleum Corp. operated a gas station located at 4355 US-130, Beverly, New Jersey (the "Station").

    c. Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the station.

    d. Sunil Dutt instituted litigation against ABK Petroleum Corp., along with other Defendants, including myself individually, asserting that he was underpaid during the course of his employment.

    e. An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum to resolve the dispute.

    f. I executed the Settlement Agreement and Release in this matter, dated _____.

4. On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the Settlement Agreement remains unpaid, so long as Plaintiff has proven to the Court's satisfaction that Plaintiff has fully complied with the terms therein, including the requirements for proving a Default and serving me with the requisite Default Notice.

_____
Prabhjit Singh

Sworn to before me this ___
day of March 2020

_____
Notary Public

17

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated,<br><br>                              Plaintiff,<br><br>-against-<br><br>ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH,<br><br>                              Defendants. | CIVIL ACTION<br><br>Case No. 18-14117<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

IT IS HEREBY STIPULATED THAT DEFENDANT SUNNY SINGH a/k/a SONNY SINGH, IS HEREBY DISMISSED FROM THIS MATTER, WITH PREJUDICE.

| | |
|---|---|
| Dated: _____ | Dated: _____ |
| **Flynn & Associates, LLC** | **Knox Law Group, P.C.** |
| by | by |
| _____ | _____ |
| **Alex Flynn, Esquire** | **Daniel Knox, Esquire** |
| Counsel for Defendants | Counsel for Plaintiff |

18

# Exhibit Q





3:42 🖼 _Dutt case . Please let me_ 🗲 LTE ⚎ 82% 🔋
_know. Stay safe and take your_

← **Kamal Singh**  📹  📞  🔍  ⋮

Wednesday, Apr 8 • 4:12 PM

Hi Kamal, I just wanted you to know we have a final draft of the settlement docs. I'll email them to you, Prabhjit and Sunpreet shortly.

Can you make arrangements with them to sign it and drop the signed copies at the office for us? We do not need you to all sign the same one, each of you can sign your own copies and leave them in the mailbox.

Take care of yourself my friend

**K** Alex my Emploe is positive covid . I need little time.
Apr 8, 4:16 PM

I'm very sorry to hear that. How is he doing? I understand entirely. Do you have to be quarantined as well?
Apr 8, 4:23 PM • SMS

**K** He is doing ok
Apr 8, 4:24 PM

Wednesday, Apr 8 • 8:25 PM

That's good news. If I email the documents to you, could you drop them off before Monday? Just let me know if that is enough time

Sunday, May 3 • 9:22 AM

Alex

⊕  🖼  Text message  😊  🎤

# Exhibit R

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK Petroleum; Settlement Agreement

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                  Wed, Apr 15, 2020 at 11:48 AM
To: Kamaljit Singh <aujlaus@yahoo.com>, lukoils@yahoo.com, sunpreet1971@icloud.com

Kamal, Prabhjit and Sunpreet,

First, we hope all is well with you, your families and your employees and that everyone is healthy.

We've reached a final draft of the settlement agreement in the Dutt matter which is acceptable to both Mr. Dutt's attorneys as well as to us. The agreement is attached for your review. Ordinarily, we would schedule an appointment to review it together with you to be sure that you do not have any questions; however since we cannot meet in person at this time, please give me a call or an email if you have any questions at all about the language of the agreement.

We've also attached our firm's invoice through last month. We have some additional time in on the file with Mr. Dutt's attorneys requiring further revisions and conference calls with the Judge, however as long as we can get this signed and exchanged with Mr. Dutt's attorneys without any further issues, we will hold the invoice to only the balance on the attached document.

We will need separate original signatures from each of you on these documents, so please let me know when you would be able to sign the papers and then either mail them or drop off a signed copy in the mailbox at the office. I do not need everyone to sign one single document, you can each print and sign your own copy. We are working from home during this time, but the mailbox at the office is secure to drop the documents. In addition, we will need you to drop the initial payment check to Mr. Dutt with the signed documents. We will hold the check until Mr. Dutt's attorneys provide us with his signature on all of the documents and we will only release it once we are satisfied that the matter is concluded. Once I have everyone's signatures on the documents, I will email you each a fully signed copy that you can keep in your records.

Please take good care of yourselves during such an uncertain time. As you know, each of you are friends as well as clients and will look forward to being able to see each other after this virus has passed.

All the best,
Alex


**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone   856-456-3535
Fax        856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

---

**2 attachments**

📄 **Dutt v. ABK - Settlement Agreement.pdf**
174K

Dutt v. ABK 4-15-2020.pdf
141K

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| Plaintiff, | |
| V. | Case No. 18-14117 |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **SETTLEMENT AGREEMENT** |
| Defendants. | |

## <u>SETTLEMENT AGREEMENT</u>

Plaintiff Sunil Dutt ("**Plaintiff**") and Defendants ABK Petroleum Corp. ("**ABK**"), Sunpreet Singh a/k/a Sunny Singh a/k/a Sonny Singh, Prabhjit Singh, and Kamaljit Singh (collectively, the "**Defendants**", and with Plaintiffs, the "**Parties**") hereby agree upon this Settlement Agreement ("**Agreement**") as a resolution of all issues involved herein as follows:

1.      **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including Daniel Knox, Esq., of Knox Law Group, P.C. and Alexander Kadochnikov, Esq., of Gill & Kadochnikov, P.C., (hereinafter "**Plaintiffs' Counsel**"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms. Plaintiff believes that the Agreement fairly and accurately provides for the payment of all sums due to him, as well as additional monies in consideration for his execution of the Agreement. Given the promises set forth in the Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during his employment by Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from these defendants.

Defendants have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including Richard M. Flynn, Esq. and Alex Flynn, Esq. of the law firm of Flynn & Associates, LLC, and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement.  Prior to signing this

1

Agreement, Defendants have had the opportunity to consider their counsel's advice with respect to this Agreement. Defendants enter into this Agreement voluntarily and with a full understanding of its terms. Defendants believe that the Agreement fairly and accurately provides for the resolution of any and all disputes between themselves and Plaintiff in consideration for their execution of the Agreement. Given the promises set forth in the Agreement, Defendants represent and warrant that there is no outstanding debt owed to any Defendant by Plaintiff by virtue of a loan or otherwise.

Given the facts and circumstances of Plaintiff's allegations and the terms of this Settlement Agreement, the Plaintiff hereby agrees to forever release and discharge Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, because he has no liability whatsoever in this matter. Therefore Sunpreet Singh shall not be responsible for any portion of the Settlement Payment since he had no ownership interest, management position or other role related to ABK Petroleum Corp. at any time relevant to this matter.

    2.    **Dismissal of the Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees:

    a.  That this settlement represents a fair and complete resolutions of any claim which Plaintiff may have now or in the future relating to the Defendants as of the date of his signature on this Agreement, whether known or unknown to him at this time.

    b.  To dismiss with prejudice, or cause to be dismissed with prejudice, his claims asserted against Defendants in the above-captioned litigation (the "**Pending Action**");

    c.  Not to file or re-file the claims asserted in the Pending Action, or any other wage and hour claims against Releasees (as defined below) arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action;

    d.  Not to institute any action against any Releasees in any court or other forum based on allegations or claims that are released as set forth in this Agreement; and

    e.  Upon the execution of this Agreement, the Plaintiff's counsel shall execute the attached Stipulation of Dismissal with Prejudice to dismiss Sunpreet Singh, improperly plead as Sunny Singh a/k/a Sonny Singh, from this matter. Plaintiff's counsel shall take steps to ensure that the Stipulation of Dismiss for Sunpreet Singh shall be filed immediately with the Court.

The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action against Defendants and a release of Plaintiffs' claims as specified herein.

2

3.      **Consideration**. Defendants ABK Petroleum Corp., by and through its owners, Prabhjit Singh and Kamaljit Singh, along with each owner in his individual capacity (collectively, the "Financially Responsible Defendants"), being jointly and severally liable, agree to pay Plaintiff the total sum of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00) as set forth and allocated in Section 6 below (hereinafter the **"Settlement Payment"**), and other good and valuable consideration as described below. Notwithstanding anything to the contrary herein, the Parties acknowledge that Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, has no liability whatsoever in this matter and therefore shall not be responsible for any portion of the Settlement Payment since he had no ownership interest, management position or other role related to ABK Petroleum Corp. at any time relevant to this matter.

The Parties acknowledge and agree that the Settlement Payment is the total amount to be paid in this matter and same represents the sum total of all payments to be made from the Releasees in this matter. Plaintiff acknowledges that this sum shall be used to satisfy his attorneys' fees and costs and that any remaining funds due him thereafter shall represent his recovery of damages in this matter. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

4.      **Release**. In consideration of the promises, payments and actions of the Financially Responsible Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff agrees to dismiss the Pending Action, with prejudice, and release, waive, acquit and forever discharge all Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors. officers, employees, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of them (hereinafter **"Releasees"**), from any and all charges, complaints, claims. controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown. asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Releasees.

In consideration of the promises and actions of Plaintiff set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants release, waive, acquit and forever discharge the Plaintiff, and his respective Releasees from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or

un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which any Defendant may have or claim to have against the Plaintiff.

Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiff is precluded from receiving compensation as a result of any such action and Plaintiff stipulates herein that through the settlement of this matter, he has no further claims arising out of his employment which would be within the scope of the jurisdiction of the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies.

5. **Plaintiff's Responsibility for Taxes**. Plaintiff assumes full responsibility for his respective portion of the Settlement Payment of any and all federal, state and local taxes with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's' Counsel pursuant to this Agreement. Plaintiff and the Financially Responsible Defendants agree that all funds paid under this Agreement shall be considered and treated as wages and/or other compensation earned by Plaintiff during his term of employment.

6. **Payment**.

A. In consideration of the promises of Plaintiff set forth herein, the Financially Responsible Defendants shall issue the Settlement Payment set forth in Section 3 as a full and complete settlement and final satisfaction of any and all claims that Plaintiff have or may have against Releasees as set forth in Section 4, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be delivered to Plaintiffs' Counsel as follows:

(i) <u>Payment 1</u>: Within ten (10 ) calendar days of approval by the Court of this Agreement and the Court's dismissal of the Pending Action with prejudice, the Financially Responsible Defendants shall make their first settlement payment (the "**Initial Settlement Payment**") for the sum of Forty Thousand Dollars ($40,000.00). Per Plaintiff's request, this initial payment shall be made payable to Knox Law Group, P.C., as attorney.

(ii) <u>Payments 2 Through 37</u>: Thirty (30) days after the Initial Settlement Payment, the Financially Responsible Defendants shall make the first of thirty-six (36) equal installment payments (the "**Installment Payments**") for the sum of Two Thousand Five Hundred Dollars ($2,500.00) each, with each subsequent Installment Payment to be made no later than the 15th date of each subsequent month.  All such payments shall be made payable to Knox Law Group, P.C., as attorney

B. To the extent any Settlement Payment due date above falls on a

weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit the Financially Responsible Defendants' right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

          C.      In no event shall any Settlement Payment under Sections 3 and 6 of this Agreement be due until the Pending Action is fully and finally dismissed against all Defendants with prejudice. The Parties agree that this settlement agreement is a fair and reasonable resolution of a bona fide dispute for unpaid wages.

      7.      **Default.**  The Court shall retain jurisdiction pursuant to Section 9 below and the other terms of this Agreement in the event of the Financially Responsible Defendants' failure to pay the Settlement Amount.  Default shall be defined as the failure of the Financially Responsible Defendants to tender any payment due under this Settlement Agreement within three (3) business days of the date that the payment is due. In the event of default, Plaintiff shall serve a written notice (**"Default Notice"**) upon counsel for the Defendants by email, and Defendants shall have three(3) business days from thei date of delivery of the Default Notice to cure the default by making such payment.  If the Financially Responsible Defendants do not cure the default within threebusiness days of delivery of the notice, Plaintiff and his Counsel shall have the right to a judgment against the Financially Responsible Defendants, ABK Petroleum Corp., Prabhjit Singh, Kamaljit Singh, jointly and severally, in the amount of the gross value of this Settlement Agreement, less any payments made hereunder to Plaintiff, , together with interest at the rate of nine percent (9%)  per annum accruing from the date of the default, plus reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement.  The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his Counsel.

      8.      **Confession of Judgment.**  Along with an executed version of this Agreement, Defendants Prabhjit Singh and Kamaljit Singh shall both concurrently execute and return affidavits confessing judgment in substantially similar form as the draft annexed hereto on behalf of themselves and ABK Petroleum Corp. Plaintiff's counsel shall retain these documents until such time as the final payment is made under this Agreement. Plaintiff and his counsel shall only be permitted to file these documents and take action to enforce a judgment therein in the event that a Default arises which is not cured pursuant to the terms of this Agreement. If Plaintiff or his counsel take any action with the Court to cause these Confesssions of Judgment to be filed or a Judgment sought without first following the procedural and substantive obligations imposed herein for an alleged Default and Default Notice, Defendants may seek to recover their costs, attorneys' fees and any damages awarded by the Court against Plaintiff and/or his counsel. Upon the final installment payment under this Agreement, Plaintiff's counsel shall return the original signed Confessions of Judgment to Defendant's Counsel, along with a completed Satisfaction of Judgment bearing Plaintiff's signature which may retained and utilized by any Defendant in this action in the event that an issue related to the complete payment of all sums due under this Agreement shall arise.

9.      **No Claims Filed.**  The Parties represent to one another, that other than the Pending Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Releasees based upon any claims released under this Agreement filed or submitted by any Party or with their knowledge, or on their behalf against any other party hereto with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, any Party shall have the right to use this agreement to terminate such proceedings as to such Party. The Parties, if requested by counsel for any Party, shall immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to any Releasees. The Parties further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have had or may have against any of the Releasees

10.     **Merger.**  The Parties hereto acknowledge that, by signing this Agreement, they have not relied upon any representations, promises or agreements made by any other Party or a representative thereof (including attorneys) that are not contained in this Agreement.

11.     **Status of Settlement if Case is Not Ultimately Dismissed.**  In the event the Court fails to dismiss the Pending Action with prejudice as to Defendants as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of March 10, 2020 and the Parties shall proceed in all respects as if the Parties never executed the Agreement or any other stipulation during the pendency of the litigation.

12.     **No Modification Except in Writing.**  This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

13.     **Severability.**  If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable.

14.     **Execution in Counterpart and Facsimile Signatures.**  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for the purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

15.     **Notices**.  Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if emailed to a party's counsel, mailed by registered or certified mail, return receipt requested, or via overnight delivery service,

addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff:

> Knox Law Group, PC
> Attn: Daniel Knox, Esq.
> 1 Penn Plaza, Suite 2430
> New York, NY, 10119
> Dknox@knoxlaw.nyc

If to the Defendants:

> Flynn & Associates, LLC
> Attn: Alex Flynn, Esq.
> 439 Monmouth Street
> Gloucester City, NJ 08030
> rflynnlawllc@gmail.com

Furthermore, pursuant to the Court's Discovery Confidentiality Order, neither Plaintiff nor his attorneys or the other individuals authorized to have obtained Defendants' records shall disclose any of the confidential material obtained through the course of discovery in this matter to any third party after final execution of this Agreement. Plaintiff and his attorneys shall take all necessary measures to ensure the security of the Defendants' data obtained through discovery against unauthorized disclosure, including but not limited to electronically stored information and physical copies of records.

Plaintiff and his attorneys hereby disclose that the complete list of all third parties which were provided with any information received in the course of litigation and covered by the Court's Discovery Confidentiality Order are as follows (to be appended as necessary):

_____
Name, Address, Phone Number

_____
General Description of Information Received

_____

Name, Address, Phone Number

_____

General Description of Information Received

_____

Name, Address, Phone Number

_____

General Description of Information Received

     16.    **Waiver of Conflict of Interests.** By their signatures below, Defendants each acknowledge that they were fully advised of the potential scope and nature of a conflict of interests in their joint representation and defense by the Law Firm of Flynn & Associates, LLC and they acknowledge that they have previously waived any potential conflict of interests in their representation in this litigation and continue to waive same in the negotiation and execution of this Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

Dated:                                                           Dated:

**Flynn & Associates, LLC**                      **Knox Law Group, P.C.**

by                                                                by

_____                   _____
**Richard M. Flynn, Esquire**                  **Daniel Knox, Esquire**
Counsel for Defendants                          Counsel for Plaintiff
Dated:                                                           Dated:

**Flynn & Associates, LLC**                      **Gill & Kadochnikov, P.C.**

by                                                                by

_____                   _____
**Alex Flynn, Esquire**                             **Alexander Kadochnikov, Esquire**
Counsel for Defendants                          Counsel for Plaintiff


 **PLAINTIFF:**

_____          Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

_____          Dated: _____
By:
Authorized Representative


_____          Dated: _____
Sunpreet Singh, Defendant,
Improperly plead as Sunny Singh a/k/a Sonny Singh


_____          Dated: _____
Prabhjit Singh, Defendant

and shareholder of ABK Petroleum Corp.


_____        Dated: _____
Kamaljit Singh, Defendant
and shareholder of ABK Petroleum Corp.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated,<br><br>                    Plaintiff,<br><br>-against-<br><br>ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH,<br><br>                    Defendants. | CIVIL ACTION<br><br>Case No. 18-14117<br><br><br>**AFFIDAVIT OF**<br><br>**CONFESSION OF JUDGMENT** |

State of New Jersey

County of Camden

Kamaljit Singh, , being duly sworn, deposes and says:

1. I am an individual named in the litigation captioned above.

2. My address is 1 Farmhouse Court, Moorestown, NJ 08057.

3. This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

    a. At all times relevant to the underlying matter captioned above (the "Litigation"), I was a shareholder of ABK Petroleum Corp.

    b. ABK Petroleum Corp. operated a gas station located at 4355 US-130, Beverly, New Jersey (the "Station").

    c. Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the station.

    d.  Sunil Dutt instituted litigation against ABK Petroleum Corp., asserting that he was underpaid during the course of his employment.

    e.  An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum of $130,000.00 to resolve the dispute.

    f.  I executed the Settlement Agreement and Release in this matter, dated _____.

4.  On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the $130,000.00 remains unpaid.

                                             _____

                                            Kamaljit Singh

Sworn to before me this ___
day of April 2020

_____
Notary Public

13

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| Plaintiff, | Case No. 18-14117 |
| -against- | |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **AFFIDAVIT OF** **CONFESSION OF JUDGMENT** |
| Defendants. | |

State of New Jersey

County of Camden

Prabhjit Singh, being duly sworn, deposes and says:

5.  I am an individual named in the litigation captioned above.

6.  My address is _____.

7.  This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

    a. At all times relevant to the underlying matter captioned above (the "Litigation"), I was a shareholder of ABK Petroleum Corp.

    b. ABK Petroleum Corp. operated a gas station located at 4355 US-130, Beverly, New Jersey (the "Station").

    c. Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the station.

14

   d.  Sunil Dutt instituted litigation against ABK Petroleum Corp.,  asserting that he was underpaid during the course of his employment.

   e.  An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum of $130,000.00 to resolve the dispute.

   f.  I executed the Settlement Agreement and Release in this matter, dated _____.

1.  On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the $130,000.00 remains unpaid.

_____
Prabhjit Singh

Sworn to before me this ___
day of April 2020

_____
Notary Public

15

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br>-against-<br><br>ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH,<br><br>Defendants. | CIVIL ACTION<br><br>Case No. 18-14117<br><br>**STIPULATION OF DISMISSAL WITH PREJUDICE** |

IT IS HEREBY STIPULATED THAT DEFENDANT SUNNY SINGH a/k/a SONNY SINGH, IS HEREBY DISMISSED FROM THIS MATTER, WITH PREJUDICE.


Dated:                                                         Dated:

**Flynn & Associates, LLC**                    **Knox Law Group, P.C.**

by                                                                by


_____                    _____
**Alex Flynn, Esquire**                           **Daniel Knox, Esquire**
Counsel for Defendants                         Counsel for Plaintiff

16

# Exhibit S

 **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK Petroleum; Settlement Agreement

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                    Tue, Apr 21, 2020 at 3:59 PM
To: Kamaljit Singh <aujlaus@yahoo.com>, lukoils@yahoo.com, sunpreet1971@icloud.com

    Gentlemen,

    I hope all is well. I am following up on these documents. Please let me know when and how you would like to get them
    delivered back to us.

    Thank you,
    Alex

    **FLYNN & ASSOCIATES, LLC**
    Richard M. Flynn, Esquire
    Alex Flynn, Esquire
    439 Monmouth Street
    Gloucester City, NJ  08030-1723
    Phone  856-456-3535
    Fax     856-456-7641


    CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the
    addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If
    you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error,
    please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the
    intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its
    attachments is strictly prohibited.


    [Quoted text hidden]

# Exhibit T

 **Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK Petroleum; Settlement Agreement

---

**Kamaljit Singh** <aujlaus@yahoo.com>                    Tue, Apr 21, 2020 at 9:46 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>

I Emploee is ok now and report is negative too .now we are safe to move forward. I will sign the document and follow you.
Sorry for delay because of the situation.

Kamaljit Singh


On Apr 21, 2020, at 4:00 PM, Flynn & Associates, LLC <rflynnlawllc@gmail.com> wrote:


[Quoted text hidden]

# Exhibit U

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK Petroleum; Settlement Agreement

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                                    Tue, May 5, 2020 at 2:07 PM
To: Kamaljit Singh <aujlaus@yahoo.com>, lukoils@yahoo.com, sunpreet1971@icloud.com

Prabhjit and Sunpreet,

I hope you, your families and your employees are all doing well. Kamal signed his documents and delivered them to me yesterday, but I still need your signatures on these papers to dismiss the Dutt case. Please sign them and mail the originals to the office ASAP.

Thank you both,
Alex

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.


[Quoted text hidden]

# Exhibit V



← **Kamal Singh**   

Thursday, May 14 • 6:30 AM



Good morning Alex, did prabhjit and sunny sign the paper if not I will talk to sunny , can you please contact Prabhjit thanks.

Thursday, May 14 • 9:06 AM

Good morning Kamal, neither of them have signed or even responded to me. I would appreciate it if you would talk to Sunpreet and I'll be glad to give Prabhjit a call. Thanks

# Exhibit W



← Kamal Singh 🎥 📞 🔍 ⋮

Wednesday, May 20 • 8:14 PM



Hi Alex sunny wants to sign the papers tomorrow morning if possible.

Hi Kamal, thanks for letting me know. He can sign his copy and drop it in the mailbox any time tomorrow that works for him and I'll take care of it from there

May 20, 8:42 PM • SMS



Can you email me

May 20, 8:44 PM

I just sent it over to you. Sunny only needs to sign page 9 of that document

May 20, 9:03 PM • SMS



Thanks

May 20, 9:34 PM

# Exhibit X

## Kamal Singh

 

Monday, Jun 1 • 4:57 PM

Kamal, can I deposit the check for $40,000 on ABK?

Tuesday, Jun 2 • 7:51 AM



I will let you know today . ████
████████████████████

# Exhibit Y

# FLYNN & ASSOCIATES, LLC

June 18, 2020

**Dutt v. ABK Petroleum Corp, et al**
**Docket: 1:18-cv-14117**
**Settlement Documents and Initial Installment Under Same**

_Via Fedex Overnight_
Daniel Knox, Esq.
Knox Law Group, P.C.
One Penn Plaza
Suite 2430
New York City, New York 10119

Dear Mr. Knox,

Pursuant to our conversation earlier today, enclosed please find copies of the Defendants' executed settlement documents in the above captioned matter as well as a Trust check for the initial payment to be tendered under this agreement. I emphasize that pursuant to our conversation earlier today, these funds are being provided upon the agreed condition that you shall hold the enclosed funds in your attorney trust account until such time as both the Plaintiff has signed the final version of the settlement documents and the Court has approved same. I further note that my clients are only providing these funds to you under those terms and that I anticipate receipt of your client's signature on the settlement documents immediately and prior to any disbursements of these funds.

Since we continue to work remotely pursuant to Governor Murphy's Executive Orders, you may email me a copy of the fully executed documents upon your client's execution. If same is not received within seven days, we will seek appropriate relief from the Court.

Very truly yours,

**Flynn & Associates, LLC**

by

**Alex Flynn, Esquire**
Enclosure

LAW OFFICES
439 Monmouth Street, Gloucester City, New Jersey 08030
Telephone 856.456.3535                     Facsimile 856.456.7641                     Email rflynnlawllc@gmail.com

ADMITTED TO PRACTICE IN NEW JERSEY, PENNSYLVANIA, UNITED STATES TAX COURT & THE UNITED STATES SUPREME COURT



**Flynn & Associates, LLC**
**IOLTA Attorney Trust Account**
Monmouth a d Atlantic Streets
Gloucester City, NJ 08030



**Bank of America**
Monmouth and Broadway
Gloucester City, NJ 08030

**1273**

DATE    6/18/2020

55-32/212

PAY TO THE
ORDER OF    Knox Law Group, P.C.

$    **40,000.00

Forty Thousand Only******

DOLLARS

MEMO    Dutt v. ABK; Initial Pmt per Settlement Agt    SECURITY FEATURES INCLUDED. DETAILS ON BACK

⑈01273⑈

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| Plaintiff, | |
| V. | Case No. 18-14117 |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **SETTLEMENT AGREEMENT** |
| Defendants. | |

## SETTLEMENT AGREEMENT

Plaintiff Sunil Dutt ("**Plaintiff**") and Defendants ABK Petroleum Corp. ("**ABK**"), Sunpreet Singh a/k/a Sunny Singh a/k/a Sonny Singh, Prabhjit Singh, and Kamaljit Singh (collectively, the "**Defendants**", and with Plaintiffs, the "**Parties**") hereby agree upon this Settlement Agreement ("**Agreement**") as a resolution of all issues involved herein as follows:

1.     **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including Daniel Knox, Esq., of Knox Law Group, P.C. and Alexander Kadochnikov, Esq., of Gill & Kadochnikov, P.C., (hereinafter "**Plaintiffs' Counsel**"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms. Plaintiff believes that the Agreement fairly and accurately provides for the payment of all sums due to him, as well as additional monies in consideration for his execution of the Agreement. Given the promises set forth in the Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during his employment by Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from these defendants.

Defendants have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including Richard M. Flynn, Esq. and Alex Flynn, Esq. of the law firm of Flynn & Associates, LLC, and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement.   Prior to signing this

1

Agreement, Defendants have had the opportunity to consider their counsel's advice with respect to this Agreement. Defendants enter into this Agreement voluntarily and with a full understanding of its terms. Defendants believe that the Agreement fairly and accurately provides for the resolution of any and all disputes between themselves and Plaintiff in consideration for their execution of the Agreement. Given the promises set forth in the Agreement, Defendants represent and warrant that there is no outstanding debt owed to any Defendant by Plaintiff by virtue of a loan or otherwise.

Given the facts and circumstances of Plaintiff's allegations and the terms of this Settlement Agreement, the Plaintiff hereby agrees to forever release and discharge Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, because he has no liability whatsoever in this matter. Therefore Sunpreet Singh shall not be responsible for any portion of the Settlement Payment since he had no ownership interest, management position or other role related to ABK Petroleum Corp. at any time relevant to this matter.

2.      **Dismissal of the Pending Action.** For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees:

a.  That this settlement represents a fair and complete resolutions of any claim which Plaintiff may have now or in the future relating to the Defendants as of the date of his signature on this Agreement, whether known or unknown to him at this time.

b.  To dismiss with prejudice, or cause to be dismissed with prejudice, his claims asserted against Defendants in the above-captioned litigation (the **"Pending Action"**);

c.  Not to file or re-file the claims asserted in the Pending Action, or any other wage and hour claims against Releasees (as defined below) arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action;

d.  Not to institute any action against any Releasees in any court or other forum based on allegations or claims that are released as set forth in this Agreement; and

e.  Upon the execution of this Agreement, the Plaintiff's counsel shall execute the attached Stipulation of Dismissal with Prejudice to dismiss Sunpreet Singh, improperly plead as Sunny Singh a/k/a Sonny Singh, from this matter. Plaintiff's counsel shall take steps to ensure that the Stipulation of Dismiss for Sunpreet Singh shall be filed immediately with the Court.

The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action against Defendants and a release of Plaintiffs' claims as specified herein.

2

3.     **Consideration**. Defendants ABK Petroleum Corp., by and through its owners, Prabhjit Singh and Kamaljit Singh, along with each owner in his individual capacity (collectively, the "Financially Responsible Defendants"), being jointly and severally liable, agree to pay Plaintiff the total sum of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00) as set forth and allocated in Section 6 below (hereinafter the **"Settlement Payment"**), and other good and valuable consideration as described below. Notwithstanding anything to the contrary herein, the Parties acknowledge that Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, has no liability whatsoever in this matter and therefore shall not be responsible for any portion of the Settlement Payment since he had no ownership interest, management position or other role related to ABK Petroleum Corp. at any time relevant to this matter.

The Parties acknowledge and agree that the Settlement Payment is the total amount to be paid in this matter and same represents the sum total of all payments to be made from the Releasees in this matter. Plaintiff acknowledges that this sum shall be used to satisfy his attorneys' fees and costs and that any remaining funds due him thereafter shall represent his recovery of damages in this matter. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

4.     **Release**. In consideration of the promises, payments and actions of the Financially Responsible Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff agrees to dismiss the Pending Action, with prejudice, and release, waive, acquit and forever discharge all Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors. officers, employees, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of them (hereinafter **"Releasees"**), from any and all charges, complaints, claims. controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown. asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Releasees.

In consideration of the promises and actions of Plaintiff set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants release, waive, acquit and forever discharge the Plaintiff, and his respective Releasees from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or

3

un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which any Defendant may have or claim to have against the Plaintiff.

Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiff is precluded from receiving compensation as a result of any such action and Plaintiff stipulates herein that through the settlement of this matter, he has no further claims arising out of his employment which would be within the scope of the jurisdiction of the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies.

5.     **Plaintiff's Responsibility for Taxes**. Plaintiff assumes full responsibility for his respective portion of the Settlement Payment of any and all federal, state and local taxes with respect to the monies paid by Defendants to Plaintiff and/or Plaintiff's' Counsel pursuant to this Agreement. Plaintiff and the Financially Responsible Defendants agree that all funds paid under this Agreement shall be considered and treated as wages and/or other compensation earned by Plaintiff during his term of employment.

6.     **Payment**.

A.     In consideration of the promises of Plaintiff set forth herein, the Financially Responsible Defendants shall issue the Settlement Payment set forth in Section 3 as a full and complete settlement and final satisfaction of any and all claims that Plaintiff have or may have against Releasees as set forth in Section 4, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be delivered to Plaintiffs' Counsel as follows:

(i)     Payment 1: Within ten (10 ) calendar days of approval by the Court of this Agreement and the Court's dismissal of the Pending Action with prejudice, the Financially Responsible Defendants shall make their first settlement payment (the "**Initial Settlement Payment**") for the sum of Forty Thousand Dollars ($40,000.00). Per Plaintiff's request, this initial payment shall be made payable to Knox Law Group, P.C., as attorney.

(ii)     Payments 2 Through 37: Thirty (30) days after the Initial Settlement Payment, the Financially Responsible Defendants shall make the first of thirty-six (36) equal installment payments (the "**Installment Payments**") for the sum of Two Thousand Five Hundred Dollars ($2,500.00) each, with each subsequent Installment Payment to be made no later than the 15th date of each subsequent month.  All such payments shall be made payable to Knox Law Group, P.C., as attorney

B.     To the extent any Settlement Payment due date above falls on a

weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit the Financially Responsible Defendants' right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

        C.      In no event shall any Settlement Payment under Sections 3 and 6 of this Agreement be due until the Pending Action is fully and finally dismissed against all Defendants with prejudice. The Parties agree that this settlement agreement is a fair and reasonable resolution of a bona fide dispute for unpaid wages.

        7.     **Default.**  The Court shall retain jurisdiction pursuant to Section 9 below and the other terms of this Agreement in the event of the Financially Responsible Defendants' failure to pay the Settlement Amount.   Default shall be defined as the failure of the Financially Responsible Defendants to tender any payment due under this Settlement Agreement within three (3) business days of the date that the payment is due. In the event of default, Plaintiff shall serve a written notice (**"Default Notice"**) upon counsel for the Defendants by email, and Defendants shall have three(3) business days from thei date of delivery of the Default Notice to cure the default by making such payment.   If the Financially Responsible Defendants do not cure the default within threebusiness days of delivery of the notice, Plaintiff and his Counsel shall have the right to a judgment against the Financially Responsible Defendants, ABK Petroleum Corp., Prabhjit Singh, Kamaljit Singh, jointly and severally, in the amount of the gross value of this Settlement Agreement, less any payments made hereunder to Plaintiff, , together with interest at the rate of nine percent (9%)  per annum accruing from the date of the default, plus reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement.   The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his Counsel.

        8.     **Confession of Judgment.**  Along with an executed version of this Agreement, Defendants Prabhjit Singh and Kamaljit Singh shall both concurrently execute and return affidavits confessing judgment in substantially similar form as the draft annexed hereto on behalf of themselves and ABK Petroleum Corp. Plaintiff's counsel shall retain these documents until such time as the final payment is made under this Agreement. Plaintiff and his counsel shall only be permitted to file these documents and take action to enforce a judgment therein in the event that a Default arises which is not cured pursuant to the terms of this Agreement. If Plaintiff or his counsel take any action with the Court to cause these Confesssions of Judgment to be filed or a Judgment sought without first following the procedural and substantive obligations imposed herein for an alleged Default and Default Notice, Defendants may seek to recover their costs, attorneys' fees and any damages awarded by the Court against Plaintiff and/or his counsel. Upon the final installment payment under this Agreement, Plaintiff's counsel shall return the original signed Confessions of Judgment to Defendant's Counsel, along with a completed Satisfaction of Judgment bearing Plaintiff's signature which may retained and utilized by any Defendant in this action in the event that an issue related to the complete payment of all sums due under this Agreement shall arise.

9.      **No Claims Filed.**  The Parties represent to one another, that other than the Pending Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Releasees based upon any claims released under this Agreement filed or submitted by any Party or with their knowledge, or on their behalf against any other party hereto with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, any Party shall have the right to use this agreement to terminate such proceedings as to such Party. The Parties, if requested by counsel for any Party, shall immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to any Releasees. The Parties further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have had or may have against any of the Releasees

10.      **Merger.**  The Parties hereto acknowledge that, by signing this Agreement, they have not relied upon any representations, promises or agreements made by any other Party or a representative thereof (including attorneys) that are not contained in this Agreement.

11.      **Status of Settlement if Case is Not Ultimately Dismissed.**  In the event the Court fails to dismiss the Pending Action with prejudice as to Defendants as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of March 10, 2020 and the Parties shall proceed in all respects as if the Parties never executed the Agreement or any other stipulation during the pendency of the litigation.

12.      **No Modification Except in Writing.**  This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

13.      **Severability.**  If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable.

14.      **Execution in Counterpart and Facsimile Signatures.**  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for the purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

15.      **Notices.**  Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if emailed to a party's counsel, mailed by registered or certified mail, return receipt requested, or via overnight delivery service,

addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff:

> Knox Law Group, PC
> Attn: Daniel Knox, Esq.
> 1 Penn Plaza, Suite 2430
> New York, NY, 10119
> Dknox@knoxlaw.nyc

If to the Defendants:

> Flynn & Associates, LLC
> Attn: Alex Flynn, Esq.
> 439 Monmouth Street
> Gloucester City, NJ 08030
> rflynnlawllc@gmail.com

Furthermore, pursuant to the Court's Discovery Confidentiality Order, neither Plaintiff nor his attorneys or the other individuals authorized to have obtained Defendants' records shall disclose any of the confidential material obtained through the course of discovery in this matter to any third party after final execution of this Agreement. Plaintiff and his attorneys shall take all necessary measures to ensure the security of the Defendants' data obtained through discovery against unauthorized disclosure, including but not limited to electronically stored information and physical copies of records.

Plaintiff and his attorneys hereby disclose that the complete list of all third parties which were provided with any information received in the course of litigation and covered by the Court's Discovery Confidentiality Order are as follows (to be appended as necessary):

---

Name, Address, Phone Number

---

General Description of Information Received

---
Name, Address, Phone Number

---
General Description of Information Received

---
Name, Address, Phone Number

---
General Description of Information Received

16.    **Waiver of Conflict of Interests.** By their signatures below, Defendants each acknowledge that they were fully advised of the potential scope and nature of a conflict of interests in their joint representation and defense by the Law Firm of Flynn & Associates, LLC and they acknowledge that they have previously waived any potential conflict of interests in their representation in this litigation and continue to waive same in the negotiation and execution of this Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

Dated:                                                      Dated:

**Flynn & Associates, LLC**                **Knox Law Group, P.C.**

by                                                          by

_____                  _____
**Richard M. Flynn, Esquire**              **Daniel Knox, Esquire**
Counsel for Defendants                      Counsel for Plaintiff
Dated:                                                      Dated:

**Flynn & Associates, LLC**                **Gill & Kadochnikov, P.C.**

by                                                          by

_____                  _____
**Alex Flynn, Esquire**                      **Alexander Kadochnikov, Esquire**
Counsel for Defendants                      Counsel for Plaintiff


**PLAINTIFF:**

_____                  Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

By: Kamaljit Singh                          Dated: 5/20/2020
Authorized Representative


_____                  Dated: _____
Sunpreet Singh, Defendant,
Improperly plead as Sunny Singh a/k/a Sonny Singh


_____                  Dated: _____
Prabhjit Singh, Defendant

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

Dated:                                        Dated:

**Flynn & Associates, LLC**                   **Knox Law Group, P.C.**

by                                            by

_____                      _____
**Richard M. Flynn, Esquire**                 **Daniel Knox, Esquire**
Counsel for Defendants                        Counsel for Plaintiff
Dated:                                        Dated:

**Flynn & Associates, LLC**                   **Gill & Kadochnikov, P.C.**

by                                            by

_____                      _____
**Alex Flynn, Esquire**                       **Alexander Kadochnikov, Esquire**
Counsel for Defendants                        Counsel for Plaintiff

 **PLAINTIFF:**

_____                       Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

_____                       Dated: _____
By:
Authorized Representative

_____                       Dated: 05/20/20
Sunpreet Singh, Defendant,
Improperly plead as Sunny Singh a/k/a Sonny Singh

_____                       Dated: 5/20/20
Prabhjit Singh, Defendant

9

and shareholder of ABK Petroleum Corp.

_____          Dated: _5/20/2020_____

Kamaljit Singh, Defendant
and shareholder of ABK Petroleum Corp.

10

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| | Case No. 18-14117 |
| Plaintiff, | |
| -against- | **AFFIDAVIT OF** |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **CONFESSION OF JUDGMENT** |
| Defendants. | |

State of New Jersey

County of Camden

Kamaljit Singh, , being duly sworn, deposes and says:

1. I am an individual named in the litigation captioned above.

2. My address is 1 Farmhouse Court, Moorestown, NJ 08057.

3. This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

    a. At all times relevant to the underlying matter captioned above (the "Litigation"), I was a shareholder of ABK Petroleum Corp.

    b. ABK Petroleum Corp. operated a gas station located at 4355 US-130, Beverly, New Jersey (the "Station").

    c. Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the station.

12

d. Sunil Dutt instituted litigation against ABK Petroleum Corp., asserting that he was underpaid during the course of his employment.

e. An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum of $130,000.00 to resolve the dispute.

f. I executed the Settlement Agreement and Release in this matter, dated 5/20/2020

4. On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the $130,000.00 remains unpaid.

Kamaljit Singh

Sworn to before me this 20 day of ~~April~~ May 2020

~~Notary Public~~

Alex ryan, Esq.
NJ Atty at Law

13

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated,<br><br>           Plaintiff,<br><br>-against-<br><br>ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH,<br><br>           Defendants. | CIVIL ACTION<br><br>Case No. 18-14117<br><br>**AFFIDAVIT OF**<br><br>**CONFESSION OF JUDGMENT** |

State of New Jersey

County of Camden

Prabhjit Singh, being duly sworn, deposes and says:

5.  I am an individual named in the litigation captioned above.

6.  My address is _40 Stoneham Drive, Delran NJ 08075_.

7.  This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

    a.  At all times relevant to the underlying matter captioned above (the "Litigation"), I was a shareholder of ABK Petroleum Corp.

    b.  ABK Petroleum Corp. operated a gas station located at 4355 US-130, Beverly, New Jersey (the "Station").

    c.  Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the station.

14

    d.  Sunil Dutt instituted litigation against ABK Petroleum Corp., asserting that he was underpaid during the course of his employment.

    e.  An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum of $130,000.00 to resolve the dispute.

    f.  I executed the Settlement Agreement and Release in this matter, dated 5/18/2020.

1. On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the $130,000.00 remains unpaid.

_Prabhjit Singh_
Prabhjit Singh

Sworn to before me this 18th
day of ~~April~~ 2020

_Some_
~~Notary Public~~
Alex Flynn, ESQ.
NS Attorney at Law

15

# Exhibit Z

6/22/2020

FedEx Ship Manager - Print Your Label(s)



---

**After printing this label**:
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# FLYNN & ASSOCIATES, LLC

June 22, 2020

**Dutt v. ABK Petroleum Corp, et al**
**Docket: 1:18-cv-14117**
**Settlement Documents and Initial Installment Under Same**

---

*Via Fedex Overnight*
Daniel Knox, Esq.
Knox Law Group, P.C.
One Penn Plaza
Suite 2430
New York City, New York 10119

Dear Mr. Knox,

Pursuant to your email earlier today, enclosed please find the originals of the Defendants' executed settlement documents in the above captioned matter, which are subject to the same terms as previously stated concerning the Trust check circulated with a copy of these documents last week.

Very truly yours,

**Flynn & Associates, LLC**

by

**Alex Flynn, Esquire**

Enclosure

LAW OFFICES
439 Monmouth Street, Gloucester City, New Jersey 08030
Telephone 856.456.3535                    Facsimile 856.456.7641                    Email rflynnlawllc@gmail.com

ADMITTED TO PRACTICE IN NEW JERSEY, PENNSYLVANIA, UNITED STATES TAX COURT & THE UNITED STATES SUPREME COURT

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| Plaintiff, | |
| V. | Case No. 18-14117 |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **SETTLEMENT AGREEMENT** |
| Defendants. | |

## SETTLEMENT AGREEMENT

Plaintiff Sunil Dutt ("**Plaintiff**") and Defendants ABK Petroleum Corp. ("**ABK**"), Sunpreet Singh a/k/a Sunny Singh a/k/a Sonny Singh, Prabhjit Singh, and Kamaljit Singh (collectively, the "**Defendants**", and with Plaintiffs, the "**Parties**") hereby agree upon this Settlement Agreement ("**Agreement**") as a resolution of all issues involved herein as follows:

1.    **Preliminary Matters**. Plaintiff has reviewed the terms of this Agreement, has had the opportunity to confer with his legal counsel, including Daniel Knox, Esq., of Knox Law Group, P.C. and Alexander Kadochnikov, Esq., of Gill & Kadochnikov, P.C., (hereinafter "**Plaintiffs' Counsel**"), and/or other advisors of his own choosing in order to obtain advice with respect to the terms of this Agreement. Prior to signing this Agreement, Plaintiff has had the opportunity to consider his counsel's advice with respect to the foregoing Agreement. Plaintiff enters into this Agreement voluntarily and with a full understanding of its terms. Plaintiff believes that the Agreement fairly and accurately provides for the payment of all sums due to him, as well as additional monies in consideration for his execution of the Agreement. Given the promises set forth in the Agreement, Plaintiff represents and warrants that he now has been properly paid for all time worked during his employment by Defendants, and acknowledges and agrees that he will no longer have any entitlement to any wages, overtime, bonuses, commissions, gratuities, reimbursements, payouts, severance pay, vacation pay, or other compensation or benefits from these defendants.

Defendants have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including Richard M. Flynn, Esq. and Alex Flynn, Esq. of the law firm of Flynn & Associates, LLC, and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement.   Prior to signing this

1

Agreement, Defendants have had the opportunity to consider their counsel's advice with respect to this Agreement.  Defendants enter into this Agreement voluntarily and with a full understanding of its  terms.  Defendants believe that the Agreement fairly and accurately provides for the resolution of any and all disputes between themselves and Plaintiff in consideration for their execution of the Agreement.  Given the promises set forth in the Agreement, Defendants represent and warrant that there is no outstanding debt owed to any Defendant by Plaintiff by virtue of a loan or otherwise.

Given the facts and circumstances of Plaintiff's allegations and the terms of this Settlement Agreement, the Plaintiff hereby agrees to forever release and discharge Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, because he has no liability whatsoever in this matter. Therefore Sunpreet Singh shall not be responsible for any portion of the Settlement Payment since he had no ownership interest, management position or other role related to ABK Petroleum Corp. at any time relevant to this matter.

2. **Dismissal of the Pending Action**. For and in consideration of the promises outlined in this Agreement, the sufficiency of which Plaintiff acknowledges, Plaintiff agrees:

   a. That this settlement represents a fair and complete resolutions of any claim which Plaintiff may have now or in the future relating to the Defendants as of the date of his signature on this Agreement, whether known or unknown to him at this time.
   b. To dismiss with prejudice, or cause to be dismissed with prejudice, his claims asserted against Defendants in the above-captioned litigation (the "**Pending Action**");
   c. Not to file or re-file the claims asserted in the Pending Action, or any other wage and hour claims against Releasees (as defined below) arising from any employment-related or other matters that were encompassed or could have been encompassed or raised in the Pending Action;
   d. Not to institute any action against any Releasees in any court or other forum based on allegations or claims that are released as set forth in this Agreement; and
   e. Upon the execution of this Agreement, the Plaintiff's counsel shall execute the attached Stipulation of Dismissal with Prejudice to dismiss Sunpreet Singh, improperly plead as Sunny Singh a/k/a Sonny Singh, from this matter. Plaintiff's counsel shall take steps to ensure that the Stipulation of Dismiss for Sunpreet Singh shall be filed immediately with the Court.

The Parties expressly authorize their counsel to submit any papers to the Court that are necessary to effectuate the dismissal of the Pending Action against Defendants and a release of Plaintiffs' claims as specified herein.

2

3.     **Consideration**. Defendants ABK Petroleum Corp., by and through its owners, Prabhjit Singh and Kamaljit Singh, along with each owner in his individual capacity (collectively, the "Financially Responsible Defendants"), being jointly and severally liable, agree to pay Plaintiff the total sum of One Hundred Thirty Thousand Dollars and Zero Cents ($130,000.00) as set forth and allocated in Section 6 below (hereinafter the **"Settlement Payment"**), and other good and valuable consideration as described below. Notwithstanding anything to the contrary herein, the Parties acknowledge that Sunpreet Singh, improperly plead in the litigation as Sunny Singh a/k/a Sonny Singh, has no liability whatsoever in this matter and therefore shall not be responsible for any portion of the Settlement Payment since he had no ownership interest, management position or other role related to ABK Petroleum Corp. at any time relevant to this matter.

The Parties acknowledge and agree that the Settlement Payment is the total amount to be paid in this matter and same represents the sum total of all payments to be made from the Releasees in this matter. Plaintiff acknowledges that this sum shall be used to satisfy his attorneys' fees and costs and that any remaining funds due him thereafter shall represent his recovery of damages in this matter. If required by the Court, the Parties agree that Plaintiff's Counsel may petition the Court for approval of attorneys' fees and costs. All fees and costs shall come out of the Settlement Payment. Defendants will not oppose this application for attorneys' fees and/or costs, including any appeal or request for reconsideration if the application is denied or modified by the Court, provided it does not increase the Settlement Payment. The substance of Plaintiff's Counsel's application for attorneys' fees and costs is not part of this Agreement and is to be considered separately from any consideration by the Court of the fairness, reasonableness, adequacy, and good faith of the settlement of the Pending Action. The outcome of any proceeding related to Plaintiff's Counsel's application for attorneys' fees and costs shall not terminate this Agreement or otherwise affect the Court's final approval and dismissal with prejudice of the Pending Action.

4.     **Release**. In consideration of the promises, payments and actions of the Financially Responsible Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff agrees to dismiss the Pending Action, with prejudice, and release, waive, acquit and forever discharge all Defendants, their predecessors, successors, parents, subsidiaries, assigns, agents, directors. officers, employees, representatives, insurers, attorneys, and all persons acting by, through, under or in concert with any of them (hereinafter **"Releasees"**), from any and all charges, complaints, claims. controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown. asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Releasees.

In consideration of the promises and actions of Plaintiff set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Defendants release, waive, acquit and forever discharge the Plaintiff, and his respective Releasees from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or

un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which any Defendant may have or claim to have against the Plaintiff.

Nothing in this Agreement shall infringe on Plaintiffs' ability to testify, assist or participate in an investigation, hearing or proceeding conducted by or to file a charge or complaint of discrimination with the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge or complaint, issuing a determination, filing a lawsuit in federal or state court in their own name, or taking any other action authorized by law. However, Plaintiff is precluded from receiving compensation as a result of any such action and Plaintiff stipulates herein that through the settlement of this matter, he has no further claims arising out of his employment which would be within the scope of the jurisdiction of the National Labor Relations Board, U.S. Equal Employment Opportunity Commission or comparable state or local agencies.

5.      **Plaintiff's Responsibility for Taxes**. Plaintiff assumes full responsibility for his respective portion of the Settlement Payment of any and all federal, state and local taxes with respect to the monies paid by Defendants to Plaintiff and/or Plaintiffs' Counsel pursuant to this Agreement. Plaintiff and the Financially Responsible Defendants agree that all funds paid under this Agreement shall be considered and treated as wages and/or other compensation earned by Plaintiff during his term of employment.

6.      **Payment**.

A.      In consideration of the promises of Plaintiff set forth herein, the Financially Responsible Defendants shall issue the Settlement Payment set forth in Section 3 as a full and complete settlement and final satisfaction of any and all claims that Plaintiff have or may have against Releasees as set forth in Section 4, through the date of execution of this Agreement, as well as any claim for attorneys' fees and costs. The Settlement Payment shall be delivered to Plaintiffs' Counsel as follows:

(i)      Payment 1: Within ten (10 ) calendar days of approval by the Court of this Agreement and the Court's dismissal of the Pending Action with prejudice, the Financially Responsible Defendants shall make their first settlement payment (the "**Initial Settlement Payment**") for the sum of Forty Thousand Dollars ($40,000.00). Per Plaintiff's request, this initial payment shall be made payable to Knox Law Group, P.C., as attorney.

(ii)      Payments 2 Through 37: Thirty (30) days after the Initial Settlement Payment, the Financially Responsible Defendants shall make the first of thirty-six (36) equal installment payments (the "**Installment Payments**") for the sum of Two Thousand Five Hundred Dollars ($2,500.00) each, with each subsequent Installment Payment to be made no later than the 15th date of each subsequent month.  All such payments shall be made payable to Knox Law Group, P.C., as attorney

B.      To the extent any Settlement Payment due date above falls on a

4

weekend or court holiday, the date such payment shall be due will be the next business day that is not a weekend or court holiday. Nothing contained in this Agreement shall preclude or limit the Financially Responsible Defendants' right to make prepayment of any settlement amounts set forth in this Agreement without penalty.

        C.     In no event shall any Settlement Payment under Sections 3 and 6 of this Agreement be due until the Pending Action is fully and finally dismissed against all Defendants with prejudice. The Parties agree that this settlement agreement is a fair and reasonable resolution of a bona fide dispute for unpaid wages.

        7.    **Default.** The Court shall retain jurisdiction pursuant to Section 9 below and the other terms of this Agreement in the event of the Financially Responsible Defendants' failure to pay the Settlement Amount.  Default shall be defined as the failure of the Financially Responsible Defendants to tender any payment due under this Settlement Agreement within three (3) business days of the date that the payment is due. In the event of default, Plaintiff shall serve a written notice (**"Default Notice"**) upon counsel for the Defendants by email, and Defendants shall have three(3) business days from thei date of delivery of the Default Notice to cure the default by making such payment.  If the Financially Responsible Defendants do not cure the default within threebusiness days of delivery of the notice, Plaintiff and his Counsel shall have the right to a judgment against the Financially Responsible Defendants, ABK Petroleum Corp., Prabhjit Singh, Kamaljit Singh, jointly and severally, in the amount of the gross value of this Settlement Agreement, less any payments made hereunder to Plaintiff, , together with interest at the rate of nine percent (9%)  per annum accruing from the date of the default, plus reasonable attorneys' fees, costs and expenses incurred in enforcing this Agreement.  The Court shall retain and have authority and jurisdiction to enter such judgment or supplemental judgment in favor of Plaintiff and his Counsel.

        8.    **Confession of Judgment.** Along with an executed version of this Agreement, Defendants Prabhjit Singh and Kamaljit Singh shall both concurrently execute and return affidavits confessing judgment in substantially similar form as the draft annexed hereto on behalf of themselves and ABK Petroleum Corp. Plaintiff's counsel shall retain these documents until such time as the final payment is made under this Agreement. Plaintiff and his counsel shall only be permitted to file these documents and take action to enforce a judgment therein in the event that a Default arises which is not cured pursuant to the terms of this Agreement. If Plaintiff or his counsel take any action with the Court to cause these Confesssions of Judgment to be filed or a Judgment sought without first following the procedural and substantive obligations imposed herein for an alleged Default and Default Notice, Defendants may seek to recover their costs, attorneys' fees and any damages awarded by the Court against Plaintiff and/or his counsel. Upon the final installment payment under this Agreement, Plaintiff's counsel shall return the original signed Confessions of Judgment to Defendant's Counsel, along with a completed Satisfaction of Judgment bearing Plaintiff's signature which may retained and utilized by any Defendant in this action in the event that an issue related to the complete payment of all sums due under this Agreement shall arise.

9.      **No Claims Filed.**  The Parties represent to one another, that other than the Pending Action, there are no pending matters, claims, charges, proceedings, complaints or actions against or with respect to any of the Releasees based upon any claims released under this Agreement filed or submitted by any Party or with their knowledge, or on their behalf against any other party hereto with any federal, state or local court, department or administrative or other agency. If any federal, state or local court, department, administrative or other agency assumes jurisdiction over any such matters, claims, charges, complaints or actions, any Party shall have the right to use this agreement to terminate such proceedings as to such Party. The Parties, if requested by counsel for any Party, shall immediately cooperate (within the bounds of the law) in such counsel's efforts to take all actions necessary to cause said entity to terminate such proceeding without liability to any Releasees. The Parties further represent that they have not assigned or transferred or attempted to assign or transfer to any person any claim that they have had or may have against any of the Releasees

10.     **Merger.**  The Parties hereto acknowledge that, by signing this Agreement, they have not relied upon any representations, promises or agreements made by any other Party or a representative thereof (including attorneys) that are not contained in this Agreement.

11.     **Status of Settlement if Case is Not Ultimately Dismissed.**  In the event the Court fails to dismiss the Pending Action with prejudice as to Defendants as contemplated by this Agreement, this Agreement shall be null and void *ab initio*.  In such case, the Parties shall be returned to their respective statuses as of March 10, 2020 and the Parties shall proceed in all respects as if the Parties never executed the Agreement or any other stipulation during the pendency of the litigation.

12.     **No Modification Except in Writing.**  This Agreement cannot be modified or changed except by a writing, signed by the parties, with specific reference to this Agreement.

13.     **Severability.**  If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement, and, to this end, the provisions of this Agreement are declared to be severable.

14.     **Execution in Counterpart and Facsimile Signatures.**  This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for the purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

15.     **Notices**.   Except as otherwise provided in this Agreement, any notice, request, authorization, demand or other communication hereunder shall be in writing and shall be deemed to have been duly given if emailed to a party's counsel, mailed by registered or certified mail, return receipt requested, or via overnight delivery service,

6

addressed to the respective address of each Party set forth below, or to such other address as each Party may designate by notice.

If to Plaintiff:

                     Knox Law Group, PC
                     Attn: Daniel Knox, Esq.
                     1 Penn Plaza, Suite 2430
                     New York, NY, 10119
                     Dknox@knoxlaw.nyc

If to the Defendants:

                     Flynn & Associates, LLC
                     Attn: Alex Flynn, Esq.
                     439 Monmouth Street
                     Gloucester City, NJ 08030
                     rflynnlawllc@gmail.com

Furthermore, pursuant to the Court's Discovery Confidentiality Order, neither Plaintiff nor his attorneys or the other individuals authorized to have obtained Defendants' records shall disclose any of the confidential material obtained through the course of discovery in this matter to any third party after final execution of this Agreement. Plaintiff and his attorneys shall take all necessary measures to ensure the security of the Defendants' data obtained through discovery against unauthorized disclosure, including but not limited to electronically stored information and physical copies of records.

Plaintiff and his attorneys hereby disclose that the complete list of all third parties which were provided with any information received in the course of litigation and covered by the Court's Discovery Confidentiality Order are as follows (to be appended as necessary):

_____

Name, Address, Phone Number

_____

General Description of Information Received

_____

Name, Address, Phone Number

_____

General Description of Information Received

_____

Name, Address, Phone Number

_____

General Description of Information Received

      16.    **Waiver of Conflict of Interests.** By their signatures below, Defendants each acknowledge that they were fully advised of the potential scope and nature of a conflict of interests in their joint representation and defense by the Law Firm of Flynn & Associates, LLC and they acknowledge that they have previously waived any potential conflict of interests in their representation in this litigation and continue to waive same in the negotiation and execution of this Settlement Agreement.

8

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

Dated:                                              Dated:

**Flynn & Associates, LLC**                 **Knox Law Group, P.C.**

by                                                  by

_____              _____
**Richard M. Flynn, Esquire**              **Daniel Knox, Esquire**
Counsel for Defendants                     Counsel for Plaintiff
Dated:                                              Dated:

**Flynn & Associates, LLC**                 **Gill & Kadochnikov, P.C.**

by                                                  by

_____              _____
**Alex Flynn, Esquire**                       **Alexander Kadochnikov, Esquire**
Counsel for Defendants                     Counsel for Plaintiff


**PLAINTIFF:**

_____              Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

_____              Dated: _5/20/2020_____
By: Kamaljit Singh
Authorized Representative


_____              Dated: _____
Sunpreet Singh, Defendant,
Improperly plead as Sunny Singh a/k/a Sonny Singh


_____              Dated: _____
Prabhjit Singh, Defendant

9

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

Dated:                                                    Dated:

**Flynn & Associates, LLC**                    **Knox Law Group, P.C.**

by                                                           by

_____                    _____

**Richard M. Flynn, Esquire**              **Daniel Knox, Esquire**
Counsel for Defendants                       Counsel for Plaintiff
Dated:                                                    Dated:

**Flynn & Associates, LLC**                    **Gill & Kadochnikov, P.C.**

by                                                           by

_____                    _____

**Alex Flynn, Esquire**                          **Alexander Kadochnikov, Esquire**
Counsel for Defendants                       Counsel for Plaintiff

 **PLAINTIFF:**

_____                    Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

_____                    Dated: _____
By:
Authorized Representative

_____                    Dated: _05/20/20_
Sunpreet Singh, Defendant,
Improperly plead as Sunny Singh a/k/a Sonny Singh

_____                    Dated: _5/20/20_
Prabhjit Singh, Defendant

9

and shareholder of ABK Petroleum Corp.

Dated: _5/20/2020_

Kamaljit Singh, Defendant
and shareholder of ABK Petroleum Corp.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated, | CIVIL ACTION |
| Plaintiff, | Case No. 18-14117 |
| -against- | |
| ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH, | **AFFIDAVIT OF** **CONFESSION OF JUDGMENT** |
| Defendants. | |

State of New Jersey

County of Camden

Kamaljit Singh, , being duly sworn, deposes and says:

1. I am an individual named in the litigation captioned above.

2. My address is 1 Farmhouse Court, Moorestown, NJ 08057.

3. This confession of judgment is for a debt justly due to Sunil Dutt arising from the following facts:

    a. At all times relevant to the underlying matter captioned above (the "Litigation"), I was a shareholder of ABK Petroleum Corp.

    b. ABK Petroleum Corp. operated a gas station located at 4355 US-130, Beverly, New Jersey (the "Station").

    c. Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the station.

12

d. Sunil Dutt instituted litigation against ABK Petroleum Corp., asserting that he was underpaid during the course of his employment.

e. An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum of $130,000.00 to resolve the dispute.

f. I executed the Settlement Agreement and Release in this matter, dated 5/30/2020

4. On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the $130,000.00 remains unpaid.

Kamaljit Singh

Sworn to before me this 20
day of ~~April~~ 2020
      may
~~Notary Public~~
Alex Flynn, Esq.
NJ Atty at Law

13

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUNIL DUTT, on behalf of himself and all other persons similarly situated,<br><br>     Plaintiff,<br><br>-against-<br><br>ABK PETROLEUM CORP., ABC CORP.s No.s 1-10 (said names being unknown and fictitious), SUNNY SINGH a/k/a SONNY SINGH, PRABHJIT SINGH, and KAMALJIT SINGH,<br><br>     Defendants. | CIVIL ACTION<br><br>Case No. 18-14117<br><br>**AFFIDAVIT OF**<br><br>**CONFESSION OF JUDGMENT** |

State of New Jersey

County of Camden

Prabhjit Singh, being duly sworn, deposes and says:

5.   I am an individual named in the litigation captioned above.

6.   My address is _40 Stoneham Drive, Delran NJ 08075._

7.   This confession of judgment is for a debt justly due to Sunil Dutt arising from the

  following facts:

  a.   At all times relevant to the underlying matter captioned above (the

   "Litigation"), I was a shareholder of ABK Petroleum Corp.

  b.   ABK Petroleum Corp. operated a gas station located at 4355 US-130, Beverly,

   New Jersey (the "Station").

  c.   Sunil Dutt was an employee of ABK Petroleum Corp. and was employed at the

   station.

14

    d.  Sunil Dutt instituted litigation against ABK Petroleum Corp., asserting that he was underpaid during the course of his employment.

    e.  An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum of $130,000.00 to resolve the dispute.

    f.  I executed the Settlement Agreement and Release in this matter, dated 5/18/2020

1. On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the $130,000.00 remains unpaid.

_Prabhjit Singh_
Prabhjit Singh

Sworn to before me this 18th
day of ~~April~~ 2020

_Some_
~~Notary Public~~
Alex Flynn, Esq.
NJ Atty at Law

15

# Exhibit AA



**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK Petroleum Corp. et al.

**Daniel Knox** <dknox@knoxlaw.nyc>                                    Mon, Jun 22, 2020 at 12:09 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>
Cc: Alexander Kadochnikov <Akadochnikov@sbagk.com>

I am in receipt of the fed ex package containing a check and copy of the settlement agreement. Since you have opted to circulate a paper, I am unclear as to why you sent photocopies rather than originals. In any event, I must insist on receiving originals of the confessions of judgment.


Regards,


**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f): (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.


CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

 Gmail

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK Petroleum Corp. et al.

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                  Mon, Jun 22, 2020 at 4:13 PM
To: Daniel Knox <dknox@knoxlaw.nyc>
Cc: Alexander Kadochnikov <Akadochnikov@sbagk.com>

Counsel,

On review of your latest email, I fail to see why you have now determined the originals are necessary when a copy executed in counterparts is sufficient for upload and electronic filing with the Court. Furthermore, from our conversation and your email, an emailed copy of same would have sufficed in your opinion, so I do not follow what difference you assert exists between an emailed copy or the hard copy, especially when the hard copy transmitted was a complete one with all pages of the agreement. While I trust this is not a hollow objection to further delay your client's signature on the documents, an objective review of this issue speaks for itself at the moment, especially when our firm acted immediately to send everything to you via FedEx overnight on the same day we discussed the matter last week.

In either event, since you now insist upon the originals, I will mail them to you. You can expect Fedex notifications as were transmitted previously.

[Quoted text hidden]
--
FLYNN & ASSOCIATES, LLC
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax      856-456-7641

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

# Exhibit AB

# FLYNN & ASSOCIATES, LLC

June 25, 2020

**Dutt v. ABK Petroleum Corp, et al**
**Docket: 1:18-cv-14117**
**Settlement Documents**
_____

_Via Fedex Overnight_
Daniel Knox, Esq.
Knox Law Group, P.C.
One Penn Plaza
Suite 2430
New York City, New York 10119

Dear Mr. Knox,

Following your email yesterday, I reviewed our file for any other potential original signatures for the settlement documents in this matter. Upon review of the file, it appears that the original signature pages for at least the Agreement itself were placed in the file while copies were transmitted to you. Unfortunately we ordinarily utilize a blue pen to ensure a plain knowledge of which document is the original, but here the clients signed these with a black ink pen making them exceptionally difficult to distinguish from the high quality of copies of same which were made simultaneously. I have enclosed herewith the pages addressed above for your review. In response to your email, it appears you are correct that at least partial copies were erroneously transmitted to you earlier this week the same day as your demand for the originals and I apologize for that inadvertent innocuous error. To be clear, beyond the enclosed documents and those previously transmitted to you, I have only copies of these pages remaining in my file from my correspondence over the last week.

While I stand by my position, previously transmitted via email, about the ability to electronically file the previously circulated copy of these documents with the Court once your client signs same, I have again executed my signature on these apparent original documents and dated same as of the date the documents were executed by my clients so as

to conform with the partial originals and apparent partial copy of same previously transmitted to your offices.

Similarly, to ensure that this process is completed in the most expedient manner, I am transmitting this third correspondence via Fedex Overnight within the past week to ensure your prompt receipt of same. I trust this will conclude your objection as to the execution of the Settlement Agreement documents.

I continue to await a copy of your client's signature on the final agreement.

Very truly yours,

**Flynn & Associates, LLC**

by

**Alex Flynn, Esquire**

Enclosure

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

Dated:                                                    Dated:

**Flynn & Associates, LLC**                  **Knox Law Group, P.C.**

by                                                          by

_____              _____
**Richard M. Flynn, Esquire**                **Daniel Knox, Esquire**
Counsel for Defendants                       Counsel for Plaintiff
Dated:                                                    Dated:

**Flynn & Associates, LLC**                  **Gill & Kadochnikov, P.C.**

by                                                          by

_____              _____
**Alex Flynn, Esquire**                          **Alexander Kadochnikov, Esquire**
Counsel for Defendants                       Counsel for Plaintiff


**PLAINTIFF:**

_____              Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

_____              Dated: _5/20/2020_____
By: Kamaljit Singh
Authorized Representative


_____              Dated: _____
Sunpreet Singh, Defendant,
Improperly plead as Sunny Singh a/k/a Sonny Singh


_____              Dated: _____
Prabhjit Singh, Defendant

9

and shareholder of ABK Petroleum Corp.

Dated: 5/20/2020

Kamaljit Singh, Defendant
and shareholder of ABK Petroleum Corp.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

Dated:                                              Dated:

**Flynn & Associates, LLC**                         **Knox Law Group, P.C.**

by                                                  by

_____                            _____
**Richard M. Flynn, Esquire**                       **Daniel Knox, Esquire**
Counsel for Defendants                              Counsel for Plaintiff
Dated:                                              Dated:

**Flynn & Associates, LLC**                         **Gill & Kadochnikov, P.C.**

by                                                  by

_____                            _____
**Alex Flynn, Esquire**                             **Alexander Kadochnikov, Esquire**
Counsel for Defendants                              Counsel for Plaintiff


 **PLAINTIFF:**

_____                            Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

_____                            Dated: _____
By:
Authorized Representative

Sunpreet Singh, Defendant,                          Dated: 05/20/20
Improperly plead as Sunny Singh a/k/a Sonny Singh

Prabhjit Singh, Defendant                           Dated: 5/20/20

9

d. Sunil Dutt instituted litigation against ABK Petroleum Corp., asserting that he was underpaid during the course of his employment.

e. An amicable settlement was negotiated between the parties in this matter, with no party admitting liability, but with Defendants ABK Petroleum Corp., Kamaljit Singh and Prabhjit Singh agreeing to pay Plaintiff, through his counsel, an agreed upon sum of $130,000.00 to resolve the dispute.

f. I executed the Settlement Agreement and Release in this matter, dated 5/20/2020

4. On behalf of myself, individually, and ABK Petroleum Corp., both defendants in the Litigation, our successors and assigns as defined in the Settlement Agreement, I hereby confess judgment herein and consent to the entry thereof against myself and ABK in a court of competent jurisdiction for whatever balance of the $130,000.00 remains unpaid.

_____
Kamaljit Singh

Sworn to before me this 20
day of ~~April~~ 2020
May

_____
~~Notary Public~~

Alex Flynn, Esq
NJ Atty at Law

13

# Exhibit AC

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

---

**Flynn & Associates, LLC** <rflynnlawllc@gmail.com>                                    Fri, Jul 10, 2020 at 3:32 PM
To: Daniel Knox <dknox@knoxlaw.nyc>, Alexander Kadochnikov <Akadochnikov@sbagk.com>

Counsel,

I am following up on our prior conversations and correspondence. Despite the fact that our offices have sent your offices both originals and copies of our clients' signatures on the settlement agreement, as well as the initial installment under same, we still have yet to receive a copy of your client's signature on the settlement documents.

While the first installment payment under the agreement may be potentially due on 7/15/2020, in the absence of a copy of your client's signature on the appropriate documents and without knowing the date on which he signed, my clients cannot be expected to continue to unilaterally and blindly perform under the agreement.

Please send your client's signature immediately. If it is not received in advance of 7/15/2020, I will direct our clients to escrow any installment payments in our Attorney Trust account until the signed documents are provided, at which time the funds can be turned over. Furthermore, you had advised that you would be filing the documents you believed were necessary and appropriate for the Court to docket the settlement agreement in this matter. Now that you are in possession of the initial funds under the agreement, the Defendants' original signatures and copies of the Defendants' signatures, I see no reason why this has not yet been filed.

Additionally, you had previously stated that you would reconsider your position on the pending motion upon receipt of both the funds and the signed documents. Now that you have received same, I trust you will advise as to whether you are willing to conclude the motion and the rest of this matter via the docketing of the fully executed settlement agreement and payment via the terms agreed upon in same.

**FLYNN & ASSOCIATES, LLC**
Richard M. Flynn, Esquire
Alex Flynn, Esquire
439 Monmouth Street
Gloucester City, NJ   08030-1723
Phone  856-456-3535
Fax       856-456-7641


CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

**Daniel Knox** <dknox@knoxlaw.nyc>                                        Fri, Jul 10, 2020 at 4:38 PM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>, Alexander Kadochnikov <Akadochnikov@sbagk.com>

Mr. Flynn,

I expect to send you my client's signature page on Monday.

That we now have a signed agreement only resolves the portion of Plaintiff's motion which seeks to enforce the oral settlement agreement. After due consideration, I believe the remainder of the motion is necessary for a full resolution of the case.

Regards,

**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f): (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its attachments without saving, distributing or copying in any manner.

CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-CLIENT PRIVILEGE

[Quoted text hidden]

 **Gmail**

**Flynn & Associates, LLC <rflynnlawllc@gmail.com>**

---

## Dutt v. ABK

**Daniel Knox** <dknox@knoxlaw.nyc>                 Mon, Jul 13, 2020 at 8:56 AM
To: "Flynn & Associates, LLC" <rflynnlawllc@gmail.com>, Alexander Kadochnikov <Akadochnikov@sbagk.com>

Please see attached.


Regards,


**Daniel Knox**

Knox Law Group, PC
One Penn Plaza, Suite 2430
New York, NY, 10119
(o): (212) 239-1114

(f):  (917) 398-1217

(c): (718) 809-0396

Email: dknox@knoxlaw.nyc

www.knoxlaw.nyc



PRIVATE AND CONFIDENTIAL
The information transmitted herein may contain privileged and/or confidential material. Any disclosure, copying, distribution or other use of, or taking
of any action in reliance upon, information contained herein or attached hereto by persons or entities other than the intended recipient(s) is
prohibited. Any misdirection or other error in the transmission of this information is not and shall not be considered a waiver of any applicable
privileges. If you have received this transmission in error, please immediately notify the sender and destroy the original transmission and its
attachments without saving, distributing or copying in any manner.


CLIENTS ARE ADVISED AGAINST USING ANY MONITORED EMAIL ACCOUNT, INCLUDING WORK EMAIL ACCOUNTS AND PERSONAL
EMAIL ACCOUNTS THAT CAN BE ACCESSED BY OTHERS, BECAUSE DOING SO MAY CONSTITUTE A WAIVER OF THE ATTORNEY-
CLIENT PRIVILEGE

---

**From:** Flynn & Associates, LLC <rflynnlawllc@gmail.com>
**Sent:** Friday, July 10, 2020 3:33 PM
**To:** Daniel Knox <dknox@knoxlaw.nyc>; Alexander Kadochnikov <Akadochnikov@sbagk.com>
**Subject:** Dutt v. ABK

Counsel,

[Quoted text hidden]

---

 **Document (55).pdf**
17K

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement as of the date written below:

We consent as to the form and substance of this Agreement.

Dated:                                                    Dated:

**Flynn & Associates, LLC**                 **Knox Law Group, P.C.**

by                                                            by

_____                  _____
**Richard M. Flynn, Esquire**               **Daniel Knox, Esquire**
Counsel for Defendants                      Counsel for Plaintiff
Dated:                                                    Dated:

**Flynn & Associates, LLC**                 **Gill & Kadochnikov, P.C.**

by                                                            by

_____                  _____
**Alex Flynn, Esquire**                        **Alexander Kadochnikov, Esquire**
Counsel for Defendants                      Counsel for Plaintiff


 **PLAINTIFF:**

_____                  Dated: _____
Sunil Dutt

**DEFENDANTS:**

ABK PETROLEUM CORP.

_____                  Dated: _5/20/2020_
By: Kamaljit Singh
Authorized Representative


_____                  Dated: _____
Sunpreet Singh, Defendant,
Improperly plead as Sunny Singh a/k/a Sonny Singh


_____                  Dated: _____
Prabhjit Singh, Defendant

9