UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SUNIL DUTT,

                    Plaintiff,

   -against-

ABK PETROLEUM CORP., and
KAMAL JIT SINGH,

                    Defendants.

Case No. 18-14117

---

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION FOR SANCTIONS PURSUANT TO RULE 11 AND 28 U.S.C. 1927 AND IN
FURTHER SUPPORT OF HIS MOTION TO APPROVE SETTLEMENT OR, IN THE
ALTERNATIVE, TO COMPEL DISCLOSURE, AND FOR SANCTIONS**

---

Alexander Kadochnikov
SHIRYAK, BOWMAN, ANDERSON,
GILL & KADOCHNIKOV LLP
80-02 Kew Gardens Road, Suite 600
Kew Gardens, New York 11415
(718) 577-3261

Daniel Knox
*Admitted Pro Hac Vice*
KNOX LAW GROUP, P.C.
One Penn Plaza, Suite 2430
New York, NY 10119
Tel. (212) 239-1114


*Attorneys for Plaintiff*

## PRELIMINARY STATEMENT

Faced with a recounting of their cumulative bad-faith conduct since the outset of this case, Defendants have sought refuge amidst meritless legal arguments, misrepresentations of fact, and the casting of aspersions upon plaintiff's counsel, their accountant and even other individual defendants.  Their attempts to avoid scrutiny, however, serve to further highlight their improper conduct in this case.

Defendants have even gone so far as to intentionally conceal written communications and mischaracterize verbal conversations with Plaintiff's counsel in order to fabricate a distraction. Notably, defense counsel has even lost track of his own statements.  In relation to communications on or about December 5, 2019, defense counsel now attributes that round of delays to the health of his father, Richard Flynn, Esq., but at the time he cited the brutal murder of a family friend instead; a curious lapse on his part.

## I.   PLAINTIFF WITHDRAWS THE PORTION OF ITS MOTION WHICH SOUGHT TO ENFORCE THE ORAL SETTLEMENT AGREEMENT.

After the filing of the instant motion, the parties executed the written settlement agreement. Accordingly, Plaintiff no longer seeks to enforce the verbal agreement and hereby withdraws that portion of his motion.

## II.   DEFENDANTS' MOTION FOR SANCTIONS PURSUANT RULE 11(C) MUST BE DENIED AS IT IS PROCEDURALLY IMPROPER AND WITHOUT MERIT.

Defendants' motion for sanctions pursuant to Rule 11(c) must be denied at the outset, where Defendants failed to file it as a separate motion.

In pertinent part, Rule 11(c) requires that any motion for sanctions thereunder "must be made separately from any other motion" Fed. R. Civ. P. 11(c)(2).  Accordingly, courts have routinely denied such motions for sanctions when the proponent failed to file it as a separate motion. *E.g. Carofino v. Forester*, 450 F.Supp.2d 257, 274 (S.D.N.Y. 2006) (denying Rule 11 motion for

sanctions, in part, on the fact that it was included in an opposition brief and not a separate motion); *Clement v. Public Serv. Elec. & Gas Co.*, 122 F.Supp.2d 551, 555 (D.N.J. 2000) (denying motion for sanctions because included as an additional prayer for relief rather than as separate motion).

Here, too, Defendants have filed their motion for sanctions in their opposition papers and in conjunction with their motions for other forms of relief, including a motion under 28 U.S.C. § 1927.  In fact, Defendants have drafted their cross motion in such a manner that their opposition arguments and those in favor of their cross motions for sanctions under Rule 11(c) and 28 U.S.C. § 1927 are so intertwined that there is no separation even on paper.

In any event, Defendants' Rule 11 motion lacks any merit.  All representations made by Plaintiff's counsel comply with Rule 11(b) and Defendants have not presented any evidence otherwise.

## III.   DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C. § 1927 MUST BE DENIED, WHERE IT ALSO LACKS MERIT

Defendants' motion for sanctions pursuant to 28 U.S.C. § 1927 appears to be based upon their misguided contentions that (1) Plaintiff's counsel could have served a subpoena on Defendants' accountant sooner; (2) Plaintiff's motion for sanctions is mooted by the parties' settlement agreement; and (3) on one occasion Plaintiff's counsel failed to respond to an email from defense counsel.  As discussed herein, each of these contentions lacks merit.

### A.  Defendants' Discovery Violations Forced Plaintiff to Serve a Subpoena.

Defendants' contention that Plaintiff could have served a subpoena on their accountant at any time prior to January 2020 to imply that plaintiff's counsel is to blame for the delay demonstrates just how much Defendants are missing the point.

The law is clear that Defendants were obligated to voluntarily produce all documentation which they refused to produce on the basis that such documentation was in the possession of their accountant. *Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142 (3d Cir. 2004).  That Plaintiff was forced to repeatedly address Defendants' refusals and ultimately incur the expense related to serving the subpoena is more than enough to justify appropriate sanctions.

**B.  Plaintiff's Motion for Sanctions is Not Mooted or Made Frivolous by the Settlement Agreement.**

The settlement agreement and its terms do not preclude an award of sanctions against Defendants and their counsel for their misconduct, where the case is not yet resolved.  It is well-established law that FLSA claims may not be settled by the parties absent the district court's approval.  *See Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905, 09-1248 and 09-4587, 2011 WL 1344745, at *18 (D.N.J. 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982).  Conversely, absent this Court's approval of the settlement agreement, this case remains active and suitable for adjudication.

Further, the terms of the settlement agreement have no bearing upon Plaintiff's motion for sanctions, as a court's authority to award attorneys' fees as sanctions may not be circumvented by a settlement agreement between the parties.  *See Young v. Polo Retail, LLC*, No. 02-4546 VRW, 2007 WL 951821 at *9 [N.D. Cal. March 28, 2007] ["[P]ermitting parties to contract around the court's issuance of sanctions would blunt the rule's deterring force."]).

**C.  Defendants' Contention that Plaintiff Failed to Respond to an Email is Demonstrably False.**

Finally, Defendants' contention that Plaintiff's counsel did not respond to their June 25, 2019 email is demonstrably false.  Not only did Plaintiff's counsel respond, but the unreasonable scheduling request made by defense counsel therein was palpably unreasonable in light of the fact that there was an outstanding discovery matter relevant to a motion for preliminary

certification of the collective.  Both defense counsel's scheduling request, and now his misrepresentation that Plaintiff's counsel never responded, are indicative of the improper conduct complained of.

## **CONCLUSION**

In light of the foregoing, Plaintiff respectfully requests that his motion be granted in its entirety and Defendants' cross-motion be denied in their entirety.

/s/ Kadochnikov

_____

Alexander Kadochnikov
Shiryak, Bowman, Anderson,
Gill & Kadochnikov, LLP
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
718-744-2455